VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
JAMES J. CHANG (287008)
Assistant General Counsel
KENNETH J. HOLLOWAY (307109)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2012
Fax: (415) 538-2321
Email:  kenneth.holloway@calbar.ca.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KOHN,<br><br>     Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, CALIFORNIA COMMITTEE OF BAR EXAMINERS, and THEIR AGENTS IN THEIR OFFICIAL CAPACITY,<br><br>     Defendants. | Case No.  4:20-cv-04827-PJH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE:  _____<br>TIME:  _____<br>DEPT:  _____<br>JUDGE:  Hon. Phyllis J. Hamilton |

**TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ......................................................................................... 2

        A.      The State Bar Testing Accommodations Process. ................................ 2

        B.      Testing Accommodations Provided to Plaintiff. .................................. 3

                1.      July 2018 California Bar Examination ................................... 4

                2.      February 2019 California Bar Examination ............................ 4

                3.      February 2020 California Bar Examination ............................ 5

                4.      The Upcoming 2020 California Bar Examination .................... 6

                5.      The Current Status of Plaintiff's Accommodations Requests ............ 7

III.    LEGAL Standard ....................................................................................... 8

IV.     ARGUMENT .............................................................................................. 9

        A.      Plaintiff's Motion is Not Supported by Evidence and Violates Civil Local
                Rule 7-5(A) ..................................................................................... 9

        B.      Plaintiff's Request for Injunction is Not Ripe, and He Has Failed to Exhaust
                Other Available Remedies .............................................................. 10

        C.      Plaintiff Cannot Show that The Law And Facts Clearly Favor His Position. 12

                1.      Several of Plaintiff's Claims are Barred as a Matter of Law. .........12

                        a)      The State Bar is Immune to Plaintiff's Claims for Money
                                Damages Under Title II of the ADA ............................... 12

                        b)      The State Bar is Not Subject to the Rehabilitation Act Because
                                it is Not a Recipient of Federal Funds ............................. 13

                        c)      The State Bar is Expressly Exempted from California
                                Government Code Sections 11135 et seq. and 12944 et seq... 14

                2.      Plaintiff Is Unlikely to Succeed on the Merits of His Claims for
                        Injunctive Relief Under the ADA Because Reasonable
                        Accommodations Were Already Offered and, to the Extent Plaintiff
                        Alleges They Were Not, That Factual Allegation Cannot Support a
                        Mandatory Injunction. ................................................................ 14

                        a)      The ADA Legal Standard ............................................. 14

                        b)      Plaintiff Has Already Been Granted Effective and Reasonable
                                Accommodations ......................................................... 16

i

c)      **At a Minimum, Significant Factual Issues Exist as to Plaintiff's Title II Claims that Make a Mandatory Preliminary Injunction Inappropriate**……………………………………………………… 17

3.      **Plaintiff Fails to State a Proper Claim for Relief Under the ADA Based on His "Timing" Allegations.**........................................................ 19

D.      **Plaintiff Fails to Allege Irreparable Harm Should the Preliminary Injunction be Denied.**........................................................................................... 22

V.      **CONCLUSION** ........................................................................................... 24

Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction       4:20-cv-04827-PJH

1

**TOA**

2

**Cases**

3

*Albert v. State Bar of Cal.*
    No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124

4

    (C.D. Cal. Mar. 27, 2015) .............................................................. 13

5

*Allegrino v. State Bar of Cal.*
    Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 U.S. Dist. LEXIS 40155

6

    (N.D. Cal. May 10, 2007) .............................................................. 13

7

*Am. Promotional Events, Inc. v. City & Cty. of Honolulu*
    796 F. Supp. 2d 1261 (D. Haw. 2011) .......................................... 10

8

*American Passage Med Corp. v. Cass Communications, Inc*
    750 F.2d 1470 (9th Cir. 1985) ........................................................ 9

9

10

*Bell Atl. Business Sys. v. Storage Technology Corp.*
    1994 U.S. Dist. LEXIS 4471 (N.D. Cal. Mar. 31, 1994) ................ 9

11

*C.G. v. Redding Christian Sch.*
    No. 2:19-cv-00348-MCE-DMC, 2020 U.S. Dist. LEXIS 46251

12

    (E.D. Cal. Mar. 16, 2020) .............................................................. 14

13

*Caribbean Marine Servs. Co., Inc. v. Baldrige*
    844 F.2d 668 (9th Cir. 1988) .......................................................... 8

14

*Cox v. Alabama State Bar*
    330 F.Supp.2d 1265 (M.D. Ala. 2004) ........................................ 18

15

16

*Enyart v. National Conference of Bar Examiners*
    823 F.Supp.2d 995 (N.D. Cal. 2011) ........................................... 17

17

*Garcia v. Google, Inc.*
    786 F.3d 733 (9th Cir. 2015) .................................................... 9, 16

18

19

*Hernandez v. Sessions*
    872 F.3d 976 (9th Cir. 2017) ........................................................ 11

20

*Hirsh v. Justices of Supreme Court*
    67 F.3d 708 (9th Cir. 1995) .......................................................... 12

21

22

*In re Coleman*
    560 F.3d 1000 (9th Cir. 2009) ...................................................... 11

23

*In re Rose*
    22 Cal.4th 430 (2000) ................................................................... 11

24

25

*K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*
    725 F.3d 1088 (9th Cir. 2013) ................................................ 15, 18

26

*Kay v. State Bar of Cal.*
    No. C 09-1135 PJH, 2009 U.S. Dist. LEXIS 43400 (N.D. Cal. May 21, 2009) ............ 13

27

28

*Kelly v. West Virginia Bd. of Law Examiners*
2008 WL 2891036 (S.D. W. Va. July 24, 2008) ................................................... 18, 23

*Khanna v. State Bar of Cal.*
505 F. Supp. 2d 633 (N.D. Cal. 2007) ................................................................... 13

*Konig v. State Bar of Cal.*
No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498 (N.D. Cal. Sep. 16, 2004) ............ 13

*Los Angeles Mem'l Coliseum v. Nat'l Football League*
634 F.2d 1197 (9th Cir. 1980) ................................................................................ 8

*Lupert v. Cal. State Bar*
761 F.2d 1325 (9th Cir. 1985) .............................................................................. 12

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*
571 F.3d 873 (9th Cir. 2009) ............................................................................ 9, 22

*Munaf v. Green*
553 U.S. 674 (2008) ............................................................................................... 8

*Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*
636 F.3d 1150 (9th Cir. 2011) ................................................................................ 9

*Putman v. State Bar of Cal.*
No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283
(C.D. Cal. June 25, 2010) ..................................................................................... 13

*Sung-Miller v. Regents of the Univ. of Cal.*
No.: CV 20-00768 AB, 2020 WL 3628710 (C.D. Cal. Mar. 16, 2020) ................. 15, 17

*Tanasescu v. State Bar of Cal.*
No. SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679
(C.D. Cal. Mar. 26, 2012) ..................................................................................... 13

*Stanley v. University of S. Cal.*
13 F.3d 1313 (9th Cir. 1994) .................................................................................. 9

*Tennessee v. Lane*
541 U.S. 509 (2004) ............................................................................................. 13

*Walker v. County of Santa Clara*
2011 U.S. Dist. LEXIS 104415 (N.D. Cal. Sept. 15, 2011) ........................................ 9

*Weinreich v. Los Angeles County Metro. Transp. Auth.*
114 F.3d 976 (9th Cir. 1997) ................................................................................ 15

*Winter v. Natural Res. Def. Council*
555 U.S. 7 (2008) ................................................................................................... 8

*Wu v. State Bar*
953 F. Supp. 315 (C.D. Cal. 1997) ....................................................................... 13

**Statutes**

28 CFR
    § 35.107(a), ......................................................................................... 20
    § 35.107(b) .......................................................................................... 20
    § 35.130(b)(1)(i), (ii) .......................................................................... 15
    § 35.130(b)(1)(iii) ............................................................................... 15
    § 35.130(b)(6) ..................................................................................... 15
    § 35.164 .................................................................................... 15, 17, 18

29 U.S.C.
    § 794 ................................................................................................... 13
    § 794(a) .............................................................................................. 13

42 U.S.C.
    § 12131(1)(b) ..................................................................................... 14
    § 12132 ............................................................................................... 14

Caifornia Government Code
    § 11135 et seq. .............................................................................. 12, 14
    § 12944 et seq. .................................................................................. 14

California Business and Professions Code
    § 6001 ................................................................................................. 14

**Rules**

Federal Rule of Civil Procedure
    rule 6(c)(2) ......................................................................................... 10

California Rules of Court
    rule 9.3 ............................................................................................... 11
    rule 9.13 ............................................................................................. 11
    rule 9.13(d) ........................................................................ 3, 10, 11, 21, 23

Civil Local Rule
    rule 7-5(a) ............................................................................................ 9

State Bar Rules
    rule 4.82(D)(1) ................................................................................... 18
    rule 4.85 ............................................................................................... 2
    rule 4.86 ............................................................................................... 3
    rule 4.88(A) .......................................................................................... 3
    rule 4.88(D) .......................................................................................... 3
    rule 4.90(A) .......................................................................................... 3
    rule 4.90(C) ...................................................................................... 3, 4
    rule 4.90(D) .......................................................................................... 3

**Constitutional Provisions**

United States Constitution
    Eleventh Amendment ................................................................... 12, 13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.   INTRODUCTION

Plaintiff Benjamin Kohn ("Plaintiff") asks this Court to issue a mandatory preliminary injunction ordering Defendant The Committee of Bar Examiners of the State Bar of California ("CBE") to grant him all of the testing accommodations he has requested for the October 5–6, 2020 California Bar Examination.  Alternatively, Plaintiff asks this Court to order the CBE to accelerate its pending appeal process for Plaintiff's accommodations request along Plaintiff's chosen timeline.  Plaintiff seeks this extraordinary relief despite the fact that the State Bar has previously approved substantial accommodations for him that meet or exceed the requirements of the Americans with Disabilities Act ("ADA"), and despite the fact that Plaintiff's appeal seeking accommodations greater than those granted to him previously remains pending before the CBE for decision at its August 21, 2020 meeting.

Plaintiff's core contention—that any grant of testing accommodations[1] short of meeting his full requests amounts to an ADA violation—not only fails to state a proper ADA claim, but falls far short of meeting the high standard for issuing a mandatory preliminary injunction. This is true both because Plaintiff has failed to provide *any* properly submitted evidence, in violation of Civil Local Rule 7-5(A), and because, even if this Court considers his improperly-submitted exhibits, Plaintiff has failed to demonstrate that he is entitled to a mandatory injunction.

Plaintiff's request for a preliminary injunction is all the more improper because his appeal seeking greater testing accommodations for the October 2020 California Bar Examination (which includes new medical reports submitted as late as July 16, 2020) currently remains pending with the CBE.  Plaintiff's pending appeal is being considered appropriately in accordance with the procedures set forth in the State Bar's rules, and is scheduled for determination more than six weeks before the examination.  CBE's upcoming consideration of Plaintiff's appeal, along with Plaintiff's entitlement to petition the California Supreme Court for

---

[1] The substantial accommodations already granted to Plaintiff are detailed in Section II, *infra*.

1  review of any final CBE action, illustrates both that his claims are not yet ripe, and that this

2  Court should extend a prudential requirement that Plaintiff exhaust those remedies before

3  seeking relief in federal court.  Plaintiff is also unable to demonstrate that the law and facts

4  clearly favor his position seeking an order that CBE must alter its timeline for consideration of

5  his appeal, as Plaintiff has offered no support for the contention that the ADA requires the

6  precise decision timeline he requests.

7          Accordingly, Plaintiff's Motion for Preliminary Injunction ("Motion") should be denied.

8  **II.   BACKGROUND**

9          The administration of the upcoming California Bar Examination, initially scheduled for

10 July 2020, has been greatly complicated by the COVID-19 pandemic.  The State Bar, like other

11 organizations across the country that engage in mass testing, has been forced to constantly

12 change plans in order to adapt to changing circumstances.  The question of whether the

13 upcoming examination would even be administered was not settled until the California Supreme

14 Court issued a directive on July 16, 2020, setting the current administration dates of October 5–6,

15 2020.  *See* Declaration of Lisa Jeong Cummins ("Cummins Decl.") ¶ 6 and Ex. 2 thereto.

16 Throughout this process State Bar staff and the CBE have continued working diligently to

17 process and review numerous applications for testing accommodations for exam-takers with

18 disabilities.

19         **A.      The State Bar Testing Accommodations Process.**

20         Under the State Bar's rules, applicants with mental or physical impairments that limit

21 their ability to demonstrate their knowledge, skill, and ability under standard testing conditions

22 are granted reasonable testing accommodations for the California Bar Examination.  Ex. 1 to

23 Cummins Decl. (State Bar Rules 4.80–4.92).  To seek these accommodations, prospective exam-

24 takers must complete an initial petition, which includes specialist verification forms to verify

25 disabilities, as well as information about prior testing accommodations provided in law school or

26 by other state bar examinations or testing agencies.  *Id.* (Rule 4.85).  A complete petition for

27 testing accommodations is initially reviewed by State Bar staff with recommendations from

28 specialized, appropriately credentialed expert consultants, including in the fields of psychology,

psychiatry, and ophthalmology.  Cummins Decl. ¶ 4.  Staff members make an initial determination as to whether additional information is required, or the petition is granted, granted with modifications, or denied.  Ex. 1 to Cummins Decl. (Rule 4.88(A)).  If a petition is denied or granted with modifications, the applicant is informed that they may request review of that decision by the CBE.  *Id.* (Rules 4.88(D); 4.90(A)).  Upon the filing of such a request for review, the State Bar's Director of Admissions may unilaterally grant the accommodations requested.  *Id.* (Rule 4.90(C)).  Otherwise, the CBE, "as soon as practicable," will consider the request in a closed session meeting.  *Id.* (Rule 4.90(D)).  The CBE may then review any requested accommodations denied by staff and either affirm that denial or grant the accommodations.  *Id.*  Finally, pursuant to California Rule of Court 9.13(d), any final decision of a committee of the State Bar authorized under the State Bar Act may be challenged by a petition for review to the California Supreme Court.

If an applicant fails an administration of the examination for which testing accommodations were granted on the basis of a permanent disability, that applicant may make a request for those same previously-granted accommodations for a future examination without submitting an entirely new petition.  Ex. 1 to Cummins Decl. (Rule 4.86).  If such an applicant is seeking any new accommodations, a new petition is required.

## B.    Testing Accommodations Provided to Plaintiff.

Plaintiff is a graduate of University of Iowa College of Law, is licensed to practice law in Iowa, and seeks to become licensed to practice law in California.  Motion at 2:21–22; Ex. 18 to Cummins Decl. at 4.  He has several diagnosed physical and psychological conditions, including (1) autism and neurological/attention disorders; (2) digestive system conditions; and (3) visual impairments. Motion at 5:15– 8:20.  Plaintiff previously took the July 2018, February 2019, and February 2020 administrations of the California Bar Examination.  *Id.* at 5:29–6:1. Plaintiff did not pass the examination in those three administrations, and has registered to take the upcoming October 2020 administration.  *Id.* at 3:12.

Plaintiff applied for testing accommodations based on his disabilities for each of his previous examinations and was granted substantial accommodations each time. *See id.* at App'x B; Complaint [Dkt. No. 1] ¶¶ 41–52.

### 1.    July 2018 California Bar Examination

For the July 2018 Examination, Plaintiff requested a laptop computer as an accommodation; a private room; 100% additional time on each testing session; and an ergonomic workstation. Ex. 3 to Cummins Decl. at 7–11. Based on review by three expert consultants, State Bar staff determined that Plaintiff's request for a fully-private room and for 100% additional time on the examination were not sufficiently supported by the documentation provided, which showed that Plaintiff had in the past succeeded with only 50% additional time on tests. Ex. 4 to Cummins Decl. However, staff initially granted Plaintiff (1) substantial additional time (approximately two-thirds) for each examination session to be administered over a four-day period; (2) permission to use Plaintiff's own laptop and a backup computer as an accommodation; and (3) permission to bring an ergonomic chair and other ergonomic items into the examination room. *Id.* Plaintiff appealed to increase the additional time to the 100% originally requested. Ex. 5 to Cummins Decl. at 2. The State Bar's Director of Admissions granted this request unilaterally under State Bar Rule 4.90(C), giving Plaintiff the requested extra time, and as a result his appeal did not proceed to the CBE. Ex. 6 to Cummins Decl. Plaintiff was not successful on the July 2018 Examination.

### 2.    February 2019 California Bar Examination

Plaintiff substantially increased his requests for the February 2019 Examination, citing additional medical diagnoses not disclosed in the prior request. Plaintiff sought (1) 150% additional time on written sessions and 100% additional time on multiple-choice sessions; (2) scheduling such that no testing day would exceed the total time of a non-accommodated testing day; (3) testing "spread over three or more weekends" to accommodate the scheduling of medical appointments; (4) additional 30-minute breaks for each 90 minutes of testing, with permission to start these breaks at Plaintiff's discretion; (5) a fully private testing room, with permission to stay in the room during breaks; (6) permission to bring food and drink into the

examination room; (7) an experienced proctor; (8) a discounted hotel rate for the extent of his stay; and (9) that the State Bar either provide all of Plaintiff's requested ergonomic equipment, pay for an extended hotel stay for equipment storage and transportation purposes, and/or provide a fully-private room where Plaintiff's equipment could be stored throughout the examination and where the State Bar would assume liability for such equipment. Ex. 7 to Cummins Decl.

State Bar staff granted Plaintiff the prior accommodations granted for July 2018 and additionally increased Plaintiff's testing time to double-time plus 30 minutes for each examination session.  Ex. 8 to Cummins Decl.  Plaintiff appealed to CBE, and CBE affirmed all accommodations previously granted, and additionally permitted Plaintiff to stay in the examination room during the lunch break.  Ex. 9 to Cummins Decl.

### 3.    February 2020 California Bar Examination

After failing the February 2019 Examination, Plaintiff requested all of the accommodations previously granted and denied for the February 2020 Examination, and added a request that the State Bar provide a motorized, adjustable sit-to-stand desk in his examination room. Ex. 10 to Cummins Decl.

Given staff's repeated reviews of Plaintiff's requests by this point, and Plaintiff's submission of a narrative statement responding directly to the prior CBE determination, Plaintiff's testing accommodations submission for the February 2020 Examination went directly to the CBE as a further appeal of CBE's prior determination but applied to the February 2020 examination.  *See* Ex. 11 to Cummins Decl.  After reviewing the report of its expert consultant, CBE affirmed the accommodations granted for previous examinations with the addition that a motorized, sit-to-stand desk be added to the list of ergonomic items Plaintiff would be permitted to bring into the examination room.  *Id.*  In its communication to Plaintiff, the State Bar quoted the expert consultant's review at length, including the consultant's opinion that Plaintiff's submission did not sufficiently explain why Plaintiff now needed more aid than had been granted in college or law school; Plaintiff's then-recent accommodations for the Iowa Bar Examination, which were largely parallel to what he had previously been granted in California; and the fact that some of the accommodations requested were "not mentioned at all" in Plaintiff's submitted

Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction                    4:20-cv-04827-PJH

report. *Id.*  Plaintiff then sought reconsideration of this decision, which the CBE heard and denied, affirming its prior decision. *See* Ex. 12 to Cummins Decl.  Plaintiff failed the February 2020 Examination.

### 4.     The Upcoming 2020 California Bar Examination

On March 19, 2020, Plaintiff submitted a request for testing accommodations for the July 2020 California Bar Examination (which has since been rescheduled for October).  The request seeks all of the previously-requested accommodations, including those that had not been granted for prior administrations.  Plaintiff attached another report from his primary care physician, Dr. Dresden, in response to prior CBE determinations, but stated that he was unable to obtain reports from his other specialists by that date because of restrictions related to the COVID-19 pandemic. Ex. 13 to Cummings Decl.

As they had done for the prior examination, State Bar staff identified the repeated subject matter of Plaintiff's request and its direct response to prior CBE determinations, and prepared to send Plaintiff's request directly to the CBE as a further appeal of CBE's prior determinations to be applied to the October 2020 examination.  *See* Ex. 16 to Cummins Decl. at 2.  State Bar staff initially informed Plaintiff that his submissions would be considered by the CBE at its scheduled June 19, 2020 meeting.  *See id.*

On June 4, 2020, however, Plaintiff submitted an "Addendum" to his prior submission, totaling 90 pages, including a 14-page narrative statement, an additional affidavit from Dr. Dresden, and a form and report from a new psychologist, Dr. Toren, which report Plaintiff stated was based on 18-21 hours of in-person testing.  Ex. 14 to Cummins Decl.  On this same day, Plaintiff also attempted to initiate a new testing accommodations petition on the subject of possible different testing modalities (i.e., online administration) being considered by the California Supreme Court in light of the COVID-19 pandemic.  This submission included the documents submitted in his "Addendum" as well as a separate 39-page narrative statement. Ex. 15 to Cummins Decl.

On June 17, 2020, State Bar staff confirmed to Plaintiff that the State Bar would continue to treat his attempt to create two "parallel" testing accommodations petitions as a single request.

Ex. 16 to Cummins Decl. at 2. Staff also informed Plaintiff that his additional submissions received just two weeks before the June 19 CBE meeting, and particularly the new psychoeducational evaluation from Dr. Toren, would require additional review by both staff and the CBE's consultant. Accordingly, staff informed Plaintiff that his file would now have to be listed for CBE consideration at its scheduled August 21, 2020 meeting, still more than six weeks before the examination. *Id.*

On July 16, 2020, Plaintiff proceeded to submit four new, additional medical reports for consideration by the CBE. Ex. 17 to Cummins Decl. On July 27, 2020, State Bar staff informed Plaintiff that, while this submission of four new medical reports meant that State Bar review of his file was still not complete, an initial staff determination based only on his March 19 and June 4 submissions had been reached. Staff's initial determination was that, again, all previously-granted accommodations would be affirmed, and that the requests for additional accommodations would be denied. Ex. 18 to Cummins Decl. In support of this initial determination, staff provided excerpts from the report of the CBE's expert consultant. *Id.* Staff confirmed that the CBE would still hear Plaintiff's appeal, including consideration of the materials submitted after June 4, at the August 21 meeting as previously communicated. *Id.*

As of August 3, 2020, State Bar staff are preparing for full review of Plaintiff's current submissions to be complete by the August 21, 2020 CBE meeting, and for CBE determination on his requests to be made at that time as previously communicated to Plaintiff.

### 5. The Current Status of Plaintiff's Accommodations Requests

To summarize, Plaintiff has been approved to receive all of the accommodations he received for previous examinations, specifically:

- 100% extra time plus 30 minutes for each session of the examination, extending the examination over a four-day period rather than two days;
- Testing in a semi-private room;
- Permission to use his own laptop computer along with a backup computer as an accommodation;
- Permission to bring food and drink into all sessions of the examination;
- Permission to remain in the examination room (along with a proctor) during lunch breaks; and

7

- Permission to bring an ergonomic chair, motorized adjustable workstation, and other ergonomic items into the examination room.

In his Complaint and the instant Motion, however, Plaintiff contends that Defendants have denied him effective and reasonable accommodations in violation of Title II of the Americans with Disabilities Act ("ADA"), as well as other statutes, by not granting him at least the following further accommodations:

- 150% extra time on the written sections of the examination;
- A cap of no more testing time per day than non-disabled test takers;
- Ergonomic/physical equipment supplied in the examination room;
- "Specialized disability proctors;" and
- An additional 30 minutes of break time per 90 minutes of testing.

While Plaintiff's Complaint seeks compensatory damages related to all four examination administrations at issue, the instant Motion for Preliminary Injunction asks this Court only for relief related to the upcoming October 2020 Examination, and seeks a mandatory preliminary injunction either granting all of his requested accommodations, or in the alternative ordering the CBE to provide him with decisions and detailed findings on an accelerated timeline.

## III.  LEGAL STANDARD

A mandatory preliminary injunction is an "extraordinary and drastic remedy." *Munaf v. Green*, 553 U.S. 674, 689 (2008) (citation and quotation omitted).  To obtain any preliminary injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  And, it is not enough that the claimed harm be irreparable; it also must be imminent. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Los Angeles Mem'l Coliseum v. Nat'l Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).

A mandatory preliminary injunction, however, "goes well beyond simply maintaining the status quo" and "is particularly disfavored." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

8

1   2015) (citing *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)). The burden on

2   a party seeking a mandatory injunction is thus "doubly demanding." *Id.* Such relief is "not

3   granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or

4   where the injury complained of is capable of compensation in damages." *Marlyn Nutraceuticals,*

5   *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted); *Park*

6   *Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011)

7   (mandatory injunctions should not issue in "doubtful cases"). The movant "must establish that

8   the law and facts *clearly favor* h[is] position, not simply that []he is likely to succeed." *Garcia*,

9   *supra*, 786 F.3d at 740 (emphasis in original).

10  **IV. ARGUMENT**

11      **A.   Plaintiff's Motion is Not Supported by Evidence and Violates Civil Local**
12          **Rule 7-5(A).**

13      First, Plaintiff's motion for a preliminary injunction should be denied because Plaintiff

14  fails to provide any competent evidence in support of his motion and fails to provide references

15  to the record, in violation of Civil Local Rule 7-5(a). ("Factual contentions made in support of or

16  in opposition to any motion must be supported by an affidavit or declaration and by appropriate

17  references to the record.").  Plaintiff has submitted 776 pages of documentation, split over two

18  filings, as a single "exhibit" without any affidavit or declaration to authenticate or explain the

19  documents submitted.  *See* Dkt. Nos. 15 and 16.

20      This failure to provide competent evidence renders the Motion insufficient as a matter of

21  law.  "In order to support a preliminary injunction … irreparable harm … must be *demonstrated*,

22  not merely alleged." *Bell Atl. Business Sys. v. Storage Technology Corp.*, 1994 U.S. Dist. LEXIS

23  4471, at *1 (N.D. Cal. Mar. 31, 1994) (emphasis in original).  This requires the moving party to

24  present "probative evidence" in the form of a verified complaint, sworn affidavits, and the like.

25  *See Walker v. County of Santa Clara*, 2011 U.S. Dist. LEXIS 104415, at *7 (N.D. Cal. Sept. 15,

26  2011); *American Passage Med Corp. v. Cass Communications, Inc.*, 750 F.2d 1470, 1473 (9th

27  Cir. 1985) (reversing grant of preliminary injunction where there was insufficient evidence of

28  irreparable harm).

Plaintiff has failed to provide any competent evidence in support of his Motion and thus fails to meet the high showing required for a preliminary injunction.  Nor would it be permissible for Plaintiff to supplement the record with such evidence or declarations on reply or orally. Federal Rule of Civil Procedure 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."); *Am. Promotional Events, Inc. v. City & Cty. of Honolulu*, 796 F. Supp. 2d 1261, 1284 (D. Haw. 2011) ("conclusory statements provided at [a] hearing alone cannot support a finding of irreparable injury for the issuance of a preliminary injunction").  The Motion may be denied on these grounds alone.

## B.   Plaintiff's Request for Injunction is Not Ripe, and He Has Failed to Exhaust Other Available Remedies.

The request for a preliminary injunction should also be denied because the CBE continues to consider Plaintiff's requests and Plaintiff has adequate opportunity for post-decision review.  Even after CBE makes a final decision on Plaintiff's application, there will be six weeks until the examination during which Plaintiff may seek review of CBE's decision by the California Supreme Court.  These factors clearly weigh against this Court intervening in the State Bar's process now.

Insofar as Plaintiff characterizes the CBE's consideration of his application as dilatory, this is incorrect.  The delay in issuing a final decision is solely due to Plaintiff's own continuing amendments to his request, necessitating additional time to ensure careful and adequate review. Plaintiff submitted substantial new materials in support of his testing accommodations request for the October 2020 Examination, including one new medical report on March 19, two more medical reports on June 4, and another four medical reports on July 16.  CBE consideration of all of these materials will occur on August 21, more than six weeks before the examination.  Should Plaintiff disagree with CBE's final determination regarding his testing accommodations, he would be entitled to petition the California Supreme Court for review pursuant to California Rule of Court 9.13(d).  Accordingly, this Court should deny Plaintiff's Motion on both ripeness and exhaustion grounds.

First, Plaintiff's Motion is not ripe because the CBE has not issued a final decision, and accordingly, Plaintiff's requests remain under consideration and have not been denied.  Under the doctrine of ripeness, "[t]he issues presented must be definite and concrete, not hypothetical or abstract.  Where a dispute hangs on future contingencies that may or may not occur, it may be too impermissibly speculative to present a justiciable controversy."  *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) (internal quotations omitted).  Here, Plaintiff has submitted a total of seven new medical reports supporting his request for testing accommodations for the October 2020 Examination, and State Bar staff members and expert consultants are in the process of reviewing these materials and preparing recommendations and a written closed agenda item for CBE to fully consider the request at its August 21 meeting.  Particularly given Plaintiff's substantial new submissions, it is speculative for Plaintiff to assume the result of the CBE determination and to request that this Court order a particular result ahead of time.

Furthermore, this Court should not entertain Plaintiff's Motion before he has exhausted his available remedies.  As Plaintiff acknowledges, that this Court may require exhaustion as a prudential matter in situations where "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review."  Motion at 20 (quoting *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).  In this case, the CBE, its expert consultants, and State Bar staff are experienced in reviewing applications for testing accommodations, and in turn the California Supreme Court has expertise—and in fact inherent and exclusive subject matter jurisdiction—with respect to all matters of attorney admissions.  *In re Rose* 22 Cal.4th 430, 453 (2000); Cal. Rules of Ct. 9.3, 9.13.

The CBE has yet to consider Plaintiff's full documentation because of the delayed timing of Plaintiff's submission of medical reports.  Accordingly, CBE has not yet even made a final decision on Plaintiff's requests.  Permitting Plaintiff to seek a preliminary injunction even though his matter will be heard by CBE shortly, and with the availability of a petition for review to the

11

California Supreme Court afterward, would impermissibly encourage Plaintiff and others to bypass the administrative scheme set out by the State Bar Rules and the California Rules of Court.

### C.    Plaintiff Cannot Show that The Law And Facts Clearly Favor His Position.

Should the Court further entertain Plaintiff's Motion, it should nevertheless be denied because Plaintiff has not demonstrated a likelihood of success on the merits, and further has not met his burden to establish that the law and facts clearly favor his position such that a mandatory preliminary injunction is appropriate.  To the contrary, as explained below, Plaintiff is not likely to succeed on the merits.

### 1.    Several of Plaintiff's Claims are Barred as a Matter of Law.

Several of the claims in Plaintiff's Complaint are subject to dismissal as a matter of law because they are either barred by Eleventh Amendment immunity or are brought under statutes that do not apply to the State Bar of California.  Plaintiff's Complaint purports to bring claims under (1) Title II of the ADA; (2) the Rehabilitation Act; (3) California Government Code sections 11135 *et seq.* and 12944 *et seq.*; and (4) the California Unruh Act.  The State Bar is immune under the Eleventh Amendment to claims for money damages under Title II of the ADA—Plaintiff may only attempt to proceed on claims for injunctive relief.  And, with the exception of the claims under the Unruh Act (which grants a state law remedy for violation of the federal ADA), all of Plaintiff's claims under the other statutes alleged are barred because the State Bar is not subject to those statutes.

> a)    The State Bar is Immune to Plaintiff's Claims for Money Damages Under Title II of the ADA.

The State Bar of California is an arm of the state entitled to Eleventh Amendment immunity.  *See, e.g., Hirsh v. Justices of Supreme Court*, 67 F.3d 708, 712, 715 (9th Cir. 1995); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (affirming dismissal on Eleventh

Amendment grounds of suit against State Bar of California), *cert. denied*, 474 U.S. 916 (1985).[2]

While Title II of the ADA may, in certain circumstances, abrogate Eleventh Amendment

immunity, *see Tennessee v. Lane*, 541 U.S. 509, 530–534 (2004) (Abrogation of Eleventh

Amendment immunity under Title II of the ADA is constitutional "as it applies to the class of

cases implicating the fundamental right of access to the courts."), Plaintiff's claims for money

damages do not fall into the category of claims for which Congress has validly abrogated the

state's sovereign immunity.  *See United States v. Georgia*, 546 U.S. 151, 159 (2000) ("[I]nsofar

as Title II [of the ADA] creates a private cause of action for damages against the State for

conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state

sovereign immunity.").  Plaintiff has failed to state a Title II claim arising from a violation of his

constitutional rights, and therefore his claim does not fall into the category of claims for which

Congress validly abrogated the state's Eleventh Amendment immunity.  His claims for money

damages under the ADA accordingly fail as a matter of law.

        b)      **The State Bar is Not Subject to the Rehabilitation Act Because it is Not a Recipient of Federal Funds.**

To be subject to the Rehabilitation Act, 29 U.S.C. § 794, a state government entity must

"receive[] Federal financial assistance."  29 U.S.C. § 794(a).  Plaintiff merely alleges in his

---

[2] District courts in California hold uniformly that the State Bar enjoys Eleventh Amendment immunity.  *See, e.g.,  Konig v. State Bar of Cal.*, No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498, at *7 (N.D. Cal. Sep. 16, 2004) ("The Ninth Circuit and this Court have held that the Eleventh Amendment applies to the State Bar."); *Kay v. State Bar of Cal.*, No. C 09-1135 PJH, 2009 U.S. Dist. LEXIS 43400, at *5 (N.D. Cal. May 21, 2009) ("It is well established that the State Bar and the State Bar's Board of Governors are arms of the State for Eleventh Amendment purposes."); *Albert v. State Bar of Cal.*, No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124, at *19 (C.D. Cal. Mar. 27, 2015) ("it is abundantly clear that the Eleventh Amendment applies to suits against the State Bar."); *Wu v. State Bar*, 953 F. Supp. 315, 318 (C.D. Cal. 1997) ("The Eleventh Amendment provides the State Bar of California with immunity from suits in federal court for monetary relief."); *Allegrino v. State Bar of Cal*., Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 U.S. Dist. LEXIS 40155 (N.D. Cal. May 10, 2007) (State Bar of California is an "arm of the state" entitled to Eleventh Amendment immunity); *Tanasescu v. State Bar of Cal.*, No. SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679 (C.D. Cal. Mar. 26, 2012) (same); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644 (N.D. Cal. 2007) (same); *Putman v. State Bar of Cal.*, No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283, at *21 (C.D. Cal. June 25, 2010) (same).

Complaint that the State Bar "benefit[s] from federal funding" but pleads no facts in support of this allegation. Complaint [Dkt. No. 1] at 3:21–23. In fact, the State Bar does not receive any federal funds. Plaintiff's claims arising under the Rehabilitation Act are thus subject to dismissal as a matter of law. *See, e.g., C.G. v. Redding Christian Sch.,* No. 2:19-cv-00348-MCE-DMC, 2020 U.S. Dist. LEXIS 46251 (E.D. Cal. Mar. 16, 2020) (granting motion to dismiss Rehabilitation Act claim where Defendant established that it did not receive federal funds).

        c)        The State Bar is Expressly Exempted from California Government Code Sections 11135 *et seq.* and 12944 *et seq.*

Plaintiff's claims arising under the California Government Code are subject to dismissal as a matter of law because the State Bar is expressly exempt from those state statutes. The State Bar Act (the State Bar's organic statute) expressly exempts the State Bar from Cal. Gov. Code § 11135 et seq. and § 12944 et seq. *See* California Business and Professions Code section 6001 (exempting the State Bar from the requirements of Division 3 of Title 2 of the California Government Code, which includes sections 11135 *et seq.* and 12944 *et seq.*). Because the Legislature has expressly exempted the State Bar from the provisions of the Government Code invoked by Plaintiff, those state law claims fail as a matter of law.

    **2.**    **Plaintiff Is Unlikely to Succeed on the Merits of His Claims for Injunctive Relief Under the ADA Because Reasonable Accommodations Were Already Offered and, to the Extent Plaintiff Alleges They Were Not, That Factual Allegation Cannot Support a Mandatory Injunction.**

While this Court has jurisdiction to order injunctive relief under Title II of the ADA, Plaintiff has failed to allege sufficient facts to state a cognizable ADA claim, much less to show that he is entitled to a mandatory preliminary injunction.

        a)        The ADA Legal Standard.

The State Bar is subject to Title II of the ADA, 42 U.S.C. § 12131(1)(b), which mandates that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, program or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

1    The regulations implementing Title II prohibit public entities from denying disabled

2 individuals the opportunity to participate in a public program on an equal basis with those who

3 are not disabled.  28 CFR § 35.130(b)(1)(i), (ii).  Public entities must also provide auxiliary aids,

4 services or program modifications that are effective in allowing qualified individuals with

5 disabilities an "equal opportunity to obtain the same result, to gain the same benefit or reach the

6 same level of achievement as provided to others."  28 CFR § 35.130(b)(1)(iii).  These standards

7 apply when public agencies administer professional licensing programs.  28 CFR § 35.130(b)(6).

8 However, a public entity is not required "to take any action that it can demonstrate would result

9 in a fundamental alteration in the nature of a service, program, or activity or in undue financial

10 and administrative burdens."  28 CFR § 35.164.  The legal obligations imposed by Title II and its

11 regulations have been summarized by the Ninth Circuit as follows:

12       Title II and its implementing regulations, taken together, require public entities to
         take steps toward making existing services not just accessible, but *equally*
13       accessible to [qualified individuals with disabilities], but only insofar as doing so
         does not pose an undue burden or require a fundamental alteration of their
14       programs.

15 *K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1097 (9th Cir. 2013) (emphasis

16 added).

17    In order to state a claim for relief under Title II of the ADA, a plaintiff must allege the

18 following elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff was either

19 excluded from participation in or denied the benefits of the public entity's services, programs or

20 activities, or was otherwise discriminated against by the public entity; and (3) that such

21 exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

22 *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

23    Accordingly, in order to show likelihood of success on the merits in this case, Plaintiff

24 here "must show that the accommodation []he seeks is a reasonable accommodation and that the

25 accommodations []he is currently being provided are not."  *Sung-Miller v. Regents of the Univ.*

26 *of Cal.*, No.: CV 20-00768 AB, 2020 WL 3628710, at *3 (C.D. Cal. Mar. 16, 2020). And in

27 order to obtain a mandatory injunction, Plaintiff has the even greater burden here of showing

28 "that the law and facts *clearly favor* [this] position, not simply that []he is likely to succeed."

*Garcia*, *supra*, 786 F.3d at 740; *see also Sung-Miller, supra*, 2020 WL 3628710 (denying preliminary injunction regarding academic accommodations under Title II on the basis of "significant factual disputes" as to whether already-provided accommodations, as opposed to the plaintiff's requested accommodations, are "reasonable" under the ADA).

                b)      Plaintiff Has Already Been Granted Effective and Reasonable Accommodations.

This is not a case in which reasonable accommodations were requested and wholly denied.  Rather, Plaintiff's initial accommodations requests for his first California Bar Examination were substantially granted, and those accommodations were even increased for later examinations as Plaintiff made progressively greater requests.  Plaintiff contends that the accommodations the State Bar has granted for prior examinations, if not changed by the CBE on August 21, will be ineffective in equalizing his opportunity to perform on the October 2020 Examination consistent with non-accommodated exam-takers.  Complaint [Dkt. No. 1] ¶¶ 6, 19–29.  This allegation is insufficient to support a mandatory preliminary injunction because Plaintiff  has been granted an equal opportunity to demonstrate the knowledge and ability tested by the October 2020 California Bar Examination as non-accommodated exam-takers.

In its preliminary determination regarding accommodations for the October 2020 Examination, the State Bar staff has already agreed to grant Plaintiff:  (1) 100% extra time, plus 30 minutes, for each session of the examination, extending the examination over a four-day period rather than two days; (2) testing in a semi-private room; (3) permission to use his own laptop computer along with a backup computer as an accommodation; (4) permission to bring food and drink into all sessions of the examination; (5) permission to remain in the examination room (along with a proctor) during lunch breaks; and (6) permission to bring an ergonomic chair, motorized adjustable workstation, and other ergonomic items into the examination room. Ex. 18 to Cummins Decl.  This determination was based on both Plaintiff's prior filings and review by an expert consultant retained by the CBE.  And, as noted above, this determination does not yet include any possible changes as a result of staff consideration of Plaintiff's July 2020 submission of four additional medical reports, or the CBE's upcoming review of Plaintiff's entire file.

Nevertheless, Plaintiff contends that the difference between his requested accommodations and the ones already granted amounts to a Title II violation because the State Bar is required "as a matter of law" to accept the opinions and judgments of his experts "at face value and in the light most favorable to him." Motion at 16:18–23. In support of this assertion, Plaintiff relies on *Enyart v. National Conference of Bar Examiners*, 823 F.Supp.2d 995, 1001 (N.D. Cal. 2011). But *Enyart* does not support Plaintiff's position. The portion of *Enyart* to which Plaintiff cites merely discusses the standard for admissibility of expert witness testimony under Rule 702 of the Federal Rules of Evidence. *Id*. In granting a motion for summary judgment for plaintiff Enyart, the court considered the expert testimony proffered by both parties and determined that only Enyart had presented admissible expert testimony relevant to the accommodations at issue in that case. *Id*. at 1002–09. Contrary to Plaintiff's assertion in his Motion, *Enyart* nowhere states that a public agency violates Title II if it declines to adopt wholesale the medical recommendation submitted by the disabled individual. As noted above, a public agency is entitled to review such a request to, among other things, determine whether a recommended accommodation would create an undue burden on the agency or fundamentally alter the examination. *See* 28 CFR § 35.164.

        c)      At a Minimum, Significant Factual Issues Exist as to Plaintiff's Title II Claims that Make a Mandatory Preliminary Injunction Inappropriate.

Plaintiff's request for a mandatory preliminary injunction should be denied because Plaintiff has not shown that the law and facts clearly favor his position. Plaintiff cannot meet his burden where there are, at a minimum, "significant factual disputes" as to whether his requested level of accommodations (as opposed to the accommodations already granted) is reasonable. *Sung-Miller*, *supra*, 2020 WL 3628710, at *3.

Here, significant factual disputes exist as to Plaintiff's position that his requested accommodations are reasonable while those previously offered and accepted are not. First, a factual issue is created by Plaintiff's submissions confirming that he was successful in other examination settings with fewer accommodations than he is currently requesting. See, e.g., Ex. 3 to Cummins Decl. at 3–5. For example, the CBE's expert consultant noted that Plaintiff was

recently successful in passing the Iowa Bar Examination with 100% extra time and a semi-private room—accommodations that are not only far less than the ones requested in his Motion, but are less than those already granted to Plaintiff for the California Bar Examination.  Ex. 18 to Cummins Decl.; *see Kelly v. West Virginia Bd. of Law Examiners*, 2008 WL 2891036 (S.D. W. Va. July 24, 2008) (denying preliminary injunction to bar applicant claiming Title II violation after requesting double time but being granted time-and-a-half, where experts disagreed on reasonableness of recommendation and applicant had record of prior success on other examinations without double time); *see also Cox v. Alabama State Bar*, 330 F.Supp.2d 1265, 1268 (M.D. Ala. 2004) (similar).

Second, the presence of significant factual issues is also illustrated by Plaintiff's increasing accommodations requests over time.  As stated in the recent staff letter to Plaintiff, the CBE's expert consultant found Plaintiff's response to the question raised in prior review, "about his physical condition being now worse than it has been when he'd been in law school, or worse now than it had been as he took the Iowa bar," to be unclear based on Plaintiff's narrative statement and the primary care and psychological reports Plaintiff submitted on March 19 and June 4.  Ex. 18 to Cummins Decl.  Specifically, the consultant noted that as of the time of review, the most recent medical records regarding Plaintiff's physical condition were from 2018.  *Id.* at 6.  In addition to demonstrating a factual question regarding the progression of Plaintiff's physical condition, this issue further demonstrates the need for the CBE and its consultants to review Plaintiff's four new medical reports, submitted on July 16, 2020, to ensure a full factual record.  *See* Section III.B, *supra*.

Finally, aspects of Plaintiff's requested accommodations are so expansive that they raise the question of whether they are not "reasonable" because they could fundamentally alter the administration of the California Bar Examination.  *See* 28 CFR § 35.164; *K.M. ex rel. Bright*, *supra*, 725 F.3d at 1097 (Title II requires a public entity to make its facilities equally accessible to people with disabilities "but only insofar as doing so does not pose an undue burden or require a fundamental alteration of their programs."); Ex. 1 to Cummins Decl. (State Bar Rule 4.82(D)(1)) (State Bar definition of "reasonable testing accommodation" includes that it will not

"compromise the security or validity of an examination or the integrity or of the examination process.").  For example, Plaintiff has requested that he be permitted both (1) 150% additional time on each written examination session, and (2) a cap of per-day testing time that matches non-accommodated exam-takers.  Motion at 2:6–7.  Granting both of these requests would create the serious issue that Plaintiff would have to be given multiple days to complete an examination session that is administered to non-accommodated exam-takers as a single morning or afternoon session.  Cummins Decl. ¶¶ 5–12.  This would require that either (1) Plaintiff's examination be broken into smaller sessions administered over at least six separate testing days; or (2) Plaintiff be permitted to leave the examination in the middle of a written question or multiple-choice section, at minimum overnight, and return to the same section on another day.  *Id.*  The California Bar Examination was developed as a closed-book, two-day examination, and was not developed in contemplation of a situation in which an applicant could break up individual examination sessions over multiple days.  *Id.*  Splitting examination sessions in such a way could fundamentally alter the nature of the examination, and thus be inherently unreasonable; and at a minimum this issue raises a significant factual question as to whether Plaintiff's requests are reasonable under Title II.

In short, at the preliminary injunction stage Plaintiff has not met his burden to show likelihood of success on the merits of his claim and, moreover, Plaintiff has not met his burden of demonstrating that the law and facts clearly favor his position that a mandatory preliminary injunction granting his requested accommodations is appropriate.  Accordingly, his Motion should be denied.

### 3. Plaintiff Fails to State a Proper Claim for Relief Under the ADA Based on His "Timing" Allegations.

Plaintiff's alternative request for mandatory injunction asks this Court to intervene in the timing of Defendants' review of Plaintiff's numerous submissions regarding the upcoming California Bar Examination, and among other things to order CBE review by August 3. Motion at 2:13–18.  According to Plaintiff's Complaint, Plaintiff asserts as a separate ADA claim that that the State Bar's internal process and timelines in evaluating and responding to his

accommodation requests also violate Title II.  Complaint [Dkt No. 1] ¶¶ 20–40.  This claim is even weaker than his first.  The State Bar has established and adheres to reasonable and clear procedures for accepting, evaluating, and deciding testing accommodation requests, along with a robust review process.  *See* Section II.A, *supra*; Cummins Decl. ¶¶ 2–4 and Ex. 1 thereto.  The State Bar meets or exceeds the minimal procedural standards contained in the Title II regulations.  Plaintiff's "alternative" request for mandatory injunction should be denied because he cannot show a likelihood of success on a claim that the instant application of the State Bar's internal procedures constitutes disability discrimination in violation of Title II, and certainly cannot show that the law and facts clearly favor his position.

Neither Title II nor its regulations dictate any particular process for receiving accommodation requests, any precise timeline for deciding on accommodation requests, any particular process for how such decisions should be reached, nor how much explanation must be given about an accommodation decision to a qualified individual with a disability.  Title II requires only that a public entity with 50 or more employees designate at least one employee who will coordinate its compliance with the ADA, and investigate any complaint of violations of the statute or regulations, 28 CFR § 35.107(a), and that a public entity with more than 50 employees should "adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part."  28 CFR 35.107(b).  These are the bare procedural requirements that public entities must adopt under the federal regulations implementing Title II.

As Plaintiff is unable to cite to any statute or regulation that requires the result he desires here, he cites instead only to advisory, non-binding guidance issued by the U.S. Department of Justice.  Motion at 12:25–13:4.  This guidance document itself states that it "has no legally binding effect, and . . . [does] not establish legally enforceable responsibilities beyond what is required by the terms of the applicable statutes, regulations, or binding judicial precedent." Ex. 14 to Cummins Decl. at 60.

In reality, Plaintiff has not properly alleged, and cannot properly allege, that the State Bar's accommodations procedures constitute a Title II violation, either facially or as applied to

1    him.  The State Bar's procedure invites qualified individuals with a disability to provide the

2    documentation they contend justifies the requested testing accommodation.  Cummins Decl.

3    ¶¶ 2–4 and Ex. 1 thereto.  This can include opinions from qualified professionals, a history of

4    past testing accommodations, medical history, the applicant's own statements, and independent

5    evaluations.  *Id.*  The State Bar's process allows for sufficient time so that an initial staff decision

6    on accommodation requests and an appeal to the full Committee of Bar Examiners ("CBE") can

7    be completed with ample time before the examination.  *Id.*  The State Bar also provides detailed

8    letters to the applicant explaining its accommodation decision, both when staff makes the initial

9    determination, as well as when the CBE makes a decision on appeal.  *Id.*; *see also, e.g.*, Exs. 4, 8,

10   9, 11, 12, and 18 to Cummins Decl.  And California law provides yet another procedural

11   safeguard by allowing direct review of CBE's decision by the California Supreme Court.  Cal.

12   Rule of Court 9.13(d).

13          While Plaintiff makes additional claims that the State Bar demanded "extensive

14   documentation," or acted with "unclean hands" or in "bad faith" in processing his particular

15   request, Motion at 15:22–16:23, many of these "acts" merely describe the uncertainty

16   surrounding the administration of the October 2020 California Bar Examination due to the

17   ongoing COVID-19 pandemic—as noted, it was during this time period that the California

18   Supreme Court ordered the State Bar to significantly change the format and schedule of the

19   upcoming examination.  *See* Ex. 1 to Cummins Decl.  Moreover, Plaintiff has failed to articulate

20   how these conditions—which apply to all test takers—constitute any violation of Title II of the

21   ADA.

22          Currently, the California Bar Examination is scheduled for October 5–6, 2020.  Plaintiff

23   has already received an initial staff determination granting his prior accommodations.  The CBE

24   will make a determination on Plaintiff's appeal, including all of his more recent submissions, at

25   its August 21, 2020 meeting—more than six weeks before the examination.  These facts, coupled

26   with Plaintiff's lack of specific legal support for his claims, show that Plaintiff has failed to

27   articulate a proper claim regarding the timing of the CBE decision on his testing

28   accommodations.

In sum, Plaintiff has not met his burden of showing that the law and facts clearly favor his position regarding his "alternative" request for mandatory preliminary injunction because he has cited no binding legal authority, and regardless, because he cannot demonstrate that review by the CBE more than six weeks before the upcoming examination, after he repeatedly submitted new medical reports while his request was pending, constitutes a legal violation.  Consequently, Plaintiff's "alternative" request for injunctive relief must also be denied.

> **D.   Plaintiff Fails to Allege Irreparable Harm Should the Preliminary Injunction be Denied.**

Finally, Plaintiff's Motion should be denied because he has not demonstrated that he would suffer irreparable harm if the Court does not grant an injunction.  A mandatory preliminary injunction should "not [be] granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or where the injury complained of is capable of compensation in damages." *Marlyn Nutraceuticals, Inc.*, *supra*, 571 F.3d at 879 (citation omitted).

Here, Plaintiff states that the irreparable harm at risk in this case is "sending Mr. Kohn into the exam with inadequate and discriminatory accommodations." Motion at 18:4–5.  Further, he argues (1) that he expects that he will lack sufficient money to take the California Bar Examination again in 2021 if he does not pass this upcoming administration; (2) that he will need an extension on his moral character application if he does not pass the examination in October; (3) that if he fails to pass this administration, he will need to find non-legal employment, which will prevent him from effectively studying for a future examination; (4) that he will lose the benefit of recent preparation, and moreover that he cannot prepare for the examination without knowing his precise testing conditions; and (5) that he will lack the ability to timely respond to an August 21 CBE decision by requesting to appeal again and submitting more medical affidavits.  *Id.* at 19:9–19:13.

Plaintiff's contentions do not amount to irreparable harm should the Court deny his Motion.  First, Plaintiff has received an initial staff determination granting him substantial accommodations for the upcoming examination, which accommodations he accepted for

1    previous examinations, and the issue of those accommodations is not yet resolved as the CBE

2    will hear Plaintiff's appeal on August 21.  Further, after the CBE's final decision, Plaintiff would

3    be entitled, if he chooses, to petition the California Supreme Court for review pursuant to

4    California Rule of Court 9.13(d).  Accordingly, his alleged harm is speculative.

5          Furthermore, Plaintiff's contention that he will suffer irreparable harm because of an

6    "inability to study for the examination" prior to fully resolving his accommodations requests is

7    disingenuous.  Plaintiff can—and should—continue to study the substantive areas of law tested

8    on the examination even while an appeal regarding the precise scope of his accommodations

9    proceeds.

10          Finally, Plaintiff's contentions that he would struggle financially if required to take a

11    future examination should he fail in October are insufficient, as these contentions rely on the

12    unsupportable assumption that Plaintiff will definitely pass if granted his requested

13    accommodations, and will definitely fail otherwise.  Furthermore, these contentions directly

14    acknowledge the opportunity of future examinations, which indicates that any harm would not be

15    irreparable.  *See Kelly, supra,* 2008 WL 2891036, at *2 (finding that the provision of time-and-a-

16    half instead of double time on bar examination would not create irreparable harm, despite the

17    fact that it would be "undesirable" to have to retake a future administration of the examination

18    should the plaintiff fail).

19          Accordingly, this Court should also find that Plaintiff's request for a mandatory

20    preliminary injunction should be denied on the basis that he has not clearly demonstrated that the

21    law and facts support his claim of irreparable harm.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**V.  CONCLUSION**

For all of the reasons stated above, this Court should find that Plaintiff has failed to meet his burden to show that he is entitled to either his "primary" or "alternative" requests for a mandatory preliminary injunction, and should deny Plaintiff's Motion.

Dated: August 3, 2020                          OFFICE OF GENERAL COUNSEL
                                               THE STATE BAR OF CALIFORNIA

                                               By:/s/ KENNETH J. HOLLOWAY
                                                  KENNETH J. HOLLOWAY
                                                  Assistant General Counsel

                                                  Attorneys for Defendants

Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction                    4:20-cv-04827-PJH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 3, 2020, following ordinary business practice, I filed via the United States District Court, Northern District of California electronic case filing system, the following:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, on August 3, 2020.

/s/Joan Randolph
Joan Randolph