UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BENJAMIN KOHN,

    Plaintiff,

v.

STATE BAR OF CALIFORNIA, et al.,

    Defendants.

Case No. 20-cv-04827-PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Re: Dkt. No. 2

    Before the court is plaintiff Benjamin Kohn's ("plaintiff") motion for preliminary injunction. The matter is fully briefed and suitable for resolution without oral argument. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

    On July 18, 2020, plaintiff filed a complaint ("Compl.") against defendants the State Bar of California ("State Bar") and the California Committee of Bar Examiners (the "CBE" or "Committee" and, together with the State Bar, "defendants") alleging seven violations of the Americans with Disabilities Act ("ADA") and seven corresponding violations of California's Unruh Act, Cal. Civ. Code § 51(f). Dkt. 1. Plaintiff is a law school graduate who has registered to take the October 2020 sitting of the California Bar Examination. Id. ¶ 19. Plaintiff suffers from and has been diagnosed with several physical and psychological conditions including autism and neurological/attention disorders, digestive system conditions (gastroparesis, postoperative dysphagia, pelvic floor dyssynergia, and irritable bowel syndrome with chronic constipation), and visual impairments (keratoconus,

1   dry eye syndrome, uncorrectable astigmatism, floaters). Id. ¶¶ 8–14; Mtn. at 5–8.

2   Plaintiff has previously taken the California Bar Examination in July 2018,
3   February 2019, and February 2020, but did not pass those three administrations. Mtn. at
4   5–6. For each sitting, plaintiff requested a series of accommodations from defendants
5   who administer the state bar examination and adjudicate requests for accommodation.
6   For the July 2018 exam, plaintiff requested: a laptop computer, a private room, 100%
7   additional time on each testing session, and an ergonomic workstation. Declaration of
8   Lisa Jeong Cummins, ("Cummins Decl."), Dkt. 21-2, Ex. 3 at 7–11. The CBE initially
9   granted approximately two-thirds additional time, permission to use his own laptop, and
10  permission to bring ergonomic items into the exam room. Id. Plaintiff appealed
11  requesting 100% additional time, which the State Bar's Director of Admissions granted.
12  Id., Exs. 4–5.

13  For the February 2019 exam, plaintiff requested 150% additional time on written
14  sessions, 100% additional time on multiple-choice sessions, scheduling such that no
15  testing day would exceed total time of non-accommodated testing day, testing spread
16  over three or more weekends, additional breaks, a fully private testing room with
17  permission to stay in the room during breaks, permission to bring food and drink into the
18  room, an experienced proctor, a discounted hotel rate, and ergonomic equipment. Id.,
19  Ex. 7. The CBE granted plaintiff the same accommodations as July 2018 and an
20  additional 30 minutes per session. Id., Ex. 8. Plaintiff appealed and defendants
21  permitted plaintiff to stay in the exam room during the lunch break. Id., Ex. 9.

22  For the February 2020 exam, plaintiff requested all of the same accommodations
23  (both those granted and denied) from the February 2019 exam and also requested a
24  motorized sit-to-stand desk. Id., Ex. 10. The CBE granted the same accommodations as
25  February 2019 and also granted the standing desk. Id., Ex. 11. Plaintiff requested
26  reconsideration of the decision, which the CBE heard and denied.

27  On March 19, 2020, plaintiff submitted a request for testing accommodations for
28  the July 2020 exam, which has since been rescheduled to October. The request seeks

1  all previously requested accommodations.  Defendants initially told plaintiff that his
2  submissions would be considered by the CBE at its scheduled June 19, 2020 meeting.
3  Id., Ex. 16 at 2.  On June 4, 2020, plaintiff submitted an addendum to his prior
4  submission with additional medical evidence from his treating providers.  Plaintiff also
5  attempted to initiate a separate testing accommodations petition in case of possible
6  online administration of the bar exam.  On June 17, 2020, defendants informed plaintiff
7  that his new submissions would require additional review and that that they would treat
8  his two petitions as a single request.  Id.  Plaintiff was informed that his file would be
9  considered at CBE's August 21, 2020 meeting.  Id.

10  On July 16, 2020, plaintiff submitted four new medical reports.  Id., Ex. 17.  On
11  July 27, 2020, defendants informed plaintiff that, based on his March 19th and June 4th
12  submissions, they would grant all previously-granted accommodations and requests for
13  additional accommodations would be denied.  Id., Ex. 18.  Defendants confirmed that
14  CBE would still hear plaintiff's appeal, including his newly submitted material at the
15  August 21, 2020 meeting.

## DISCUSSION

**A.  Legal Standard**

Federal Rule of Civil Procedure 65 provides federal courts with the authority to issue preliminary injunctions.  Fed. R. Civ. P. 65(a).  Generally, the purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered.  See U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689–90 (2008).  A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam).  "A plaintiff seeking a preliminary injunction must

establish that [1] he is likely to succeed on the merits, that [2] he is likely to suffer irreparable harm in the absence of preliminary relief, that [3] the balance of equities tips in his favor, and that [4] an injunction is in the public interest." Winter, 555 U.S. at 20.

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135; see also Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017).

If a plaintiff satisfies its burden to demonstrate that a preliminary injunction should issue, "injunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." Califano v. Yamasaki, 442 U.S. 682, 702 (1979).

**B.     Analysis**

Plaintiff moves for a preliminary injunction requesting the court order defendants to grant the disability accommodations he has requested in his testing accommodations petition or, in the alternative, order the Committee to decide his petition at the earliest possible date and to give him a decision on an administrative appeal no later than three weeks before the October exam.  Mtn. at 2.  Specifically, plaintiff identifies the five most important accommodations: 150% extra time on written sections; a cap of no more testing time per day than non-disabled test takers; ergonomic/physical equipment; specialized disability proctors; and 30 minutes break time per 90 minutes of testing.  Id.

In response, defendants raise a threshold issue that precludes consideration of plaintiff's motion: ripeness.

**1.     Constitutional Ripeness**

"Ripeness is an Article III doctrine designed to ensure that courts adjudicate live

cases or controversies and do not 'issue advisory opinions [or] declare rights in hypothetical cases.' A proper ripeness inquiry contains a constitutional and a prudential component." Bishop Paiute Tribe v. Inyo Cty., 863 F.3d 1144, 1153 (9th Cir. 2017) (alteration in original) (quoting Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc)). "Ripeness doctrine is designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect . . . agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care, — F.3d —, No. 18-55451, 2020 WL 4191412, at *6 (9th Cir. May 13, 2020) (alteration in original) (internal quotation marks omitted) (quoting Safer Chems., Healthy Families v. EPA, 943 F.3d 397, 411 (9th Cir. 2019)).

"For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract. Constitutional ripeness is often treated under the rubric of standing because ripeness coincides squarely with standing's injury in fact prong." Bishop Paiute Tribe, 863 F.3d at 1154 (quoting Thomas, 220 F.3d at 1138–39) (internal quotation marks omitted). Allegations that a "threat" to a "concrete interest is actual and imminent" are sufficient to allege "an injury in fact that meets the requirements of constitutional ripeness." Id.

Here, defendants argue that plaintiff's motion is not ripe because the CBE has not issued a final decision and, therefore, plaintiff's requests remain under consideration and have not been denied or granted with modification. Opp. at 11. Plaintiff fails to address defendants' ripeness argument. The relevant facts for ripeness are as follows. Plaintiff filed his original petition for disability accommodation on March 19, 2020 and supplemented his filing on June 4, 2020 and July 16, 2020. These supplemental filings caused defendants to delay consideration of plaintiff's petition, but defendants aver that the CBE has already granted several of plaintiff's accommodations including 100% extra time plus 30 minutes for each session, testing in a semi-private room, permission to use

own laptop with a backup computer, permission to bring food and drink into all sessions, permission to remain in the exam room during lunch breaks, and permission to bring an ergonomic chair, motorized adjustable workstation, and other ergonomic items into the exam room.  Defendants further state that the remainder of plaintiff's requests will be considered on August 21, 2020.

The foregoing demonstrates that plaintiff's motion is not constitutionally ripe because his injury is not definite and concrete, but rather hypothetical or abstract.  Bishop Paiute Tribe, 863 F.3d at 1153.  The CBE has not issued an administrative decision denying plaintiff's petition for accommodation, in fact, the Committee has granted several of plaintiff's requests.  However, because the CBE has previously denied other accommodation requests by the same plaintiff, the court proceeds to consider whether plaintiff's claim is prudentially ripe.

### 2. Prudential Ripeness

"In evaluating the prudential aspects of ripeness, our analysis is guided by two overarching considerations: 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.'"  Thomas, 220 F.3d at 1141 (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99 (1977)).  "With regard to the first inquiry, pure legal questions that require little factual development are more likely to be ripe."  San Diego Cty. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1132 (9th Cir. 1996) (citing Freedom to Travel Campaign v. Newcomb, 82 F.3d 1431, 1434–35 (9th Cir. 1996)).

As a preliminary matter, the parties debate whether the court should apply a prudential exhaustion requirement such that plaintiff should be required to exhaust all his remedies before the CBE in order to bring a federal claim.  Prudential exhaustion and prudential ripeness bear on a similar issue, whether there is sufficient factual development to decide the case.  Because defendants do not cite a case applying the doctrine of prudential exhaustion to an ADA claim, the court declines to apply the doctrine at this time.  Instead, the court will apply the parties' exhaustion arguments to the rubric

of prudential ripeness.

Plaintiff argues that exhaustion of administrative remedies is futile because the CBE will fail to reach a decision in time for effective court review.  Mtn. at 20.  Defendants respond that the CBE has yet to consider plaintiff's full documentation because plaintiff submitted supplemental medical reports.  Opp. at 11.  Further, the CBE has yet to issue a final decision on plaintiff's requests.  Id.

Applying the first prong of the prudential ripeness inquiry, the questions presented here are not purely legal.  Due to plaintiff's decision to supplement his medical submissions in June and July, the CBE postponed its consideration of plaintiff's petition until August 21, 2020.  The factual record is underdeveloped in this case; the CBE has not assessed plaintiff's most recent submissions nor has it issued a decision on plaintiff's newly submitted evidence.  Moreover, the CBE uses expert consultants to evaluate medical claims for testing accommodations and routinely handle requests of this sort.  The CBE is precisely the agency that should be developing the factual record.

With regard to the second prong, withholding a decision does not impose an undue hardship on plaintiff.  The court acknowledges that time is of the essence in adjudicating plaintiff's petition.  Yet, as defendants explain in their opposition, the State Bar's rules provide for an administrative appeals process.  If the State Bar's staff either denies a petition or grants it with modifications and the applicant requests review, then either the State Bar's Director of Admissions will unilaterally grant the accommodation or the CBE will consider the request.  Rules of the State Bar of Cal., Title 4, Div. 1, Ch. 7, Rule 4.90.  If the CBE affirms the denial or modification, then the applicant may petition the California Supreme Court for review.  Cal. Rule of Court 9.13(d).  Thus, the Rules provide a process to adjudicate requests for review, which mitigates any hardship on plaintiff.

Plaintiff's argument that the Committee will fail to reach a decision in time for effective review is not supported by the State Bar Rules, which require the CBE to consider the request for review "as soon as practicable."  Rule 4.90(D).  There is no

7

convincing reason why the CBE cannot consider plaintiff's petition on August 21, 2020, issue a decision soon thereafter, while still allowing plaintiff time to appeal any adverse decision through the CBE's appeals process.  In his reply brief, plaintiff also argues the Committee has had ample time to arrive at a decision because plaintiff filed his petition in March 2020.  Reply at 3.  This argument belies the fact that plaintiff has submitted two additional filings delaying the Committee's consideration of his petition.  Moreover, the Committee has already issued a decision approving all accommodations that plaintiff has received for previous bar exam sittings.

In sum, plaintiff's claims are not ripe for federal judicial review.  Because the court disposes of this motion on ripeness grounds, it does not consider the parties' remaining arguments.

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated: August 13, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge