VANESSA L. HOLTON (111613)
General Counsel
ROBERT G. RETANA (148677)
Deputy General Counsel
JAMES J. CHANG (287008)
Assistant General Counsel
KENNETH J. HOLLOWAY (307109)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105-1639
Tel: (415) 538-2012
Fax: (415) 538-2321
Email:  kenneth.holloway@calbar.ca.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KOHN,<br><br>          Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, CALIFORNIA COMMITTEE OF BAR EXAMINERS, and THEIR AGENTS IN THEIR OFFICIAL CAPACITY,<br><br>          Defendants. | Case No.  4:20-cv-04827-PJH<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br><br>DATE:  _____<br>TIME:  _____<br>DEPT:  _____<br>JUDGE:  HON. PHYLLIS J. HAMILTON |

## TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................1

II.   BACKGROUND ................................................................................................2

    A.    Plaintiff's Allegations Regarding Prior Testing Accommodations..................2

    B.    Plaintiff's Allegations Regarding the Upcoming October 2020 Examination.3

        1.    Plaintiff's Initial Complaint and Motion for Preliminary Injunction.3

        2.    CBE's Final Decision. .................................................................4

        3.    Plaintiff's Amended Complaint and Instant Renewed Motion. ..........5

III.  LEGAL Standard..............................................................................................7

IV.   ARGUMENT ....................................................................................................7

    A.    Plaintiff's Renewed Motion Fails to Make a Cognizable Request for Injunctive Relief, is Not Supported By Competent Evidence or References, and Violates Numerous Civil Local Rules. ...............................................7

        1.    Plaintiff's Renewed Motion Violates Local Rule 7-2(b)(3) and, Moreover, Fails to State Any Cognizable Request for Relief. .............8

        2.    Plaintiff's Renewed Motion is Not Supported by Competent Evidence or Record References in Violation of Civil Local Rules 7-2(d) and 7-5(a)..................................................................................11

    B.    Plaintiff Cannot Show that The Law And Facts Clearly Favor His Position.13

        1.    Most of Plaintiff's Claims are Barred as a Matter of Law. ...............14

            a)    The State Bar is Immune to Plaintiff's Claims for Money Damages Under Title II of the ADA…………………………14

            b)    The State Bar is Not Subject to the Rehabilitation Act Because it is Not a Recipient of Federal Funds…………………………15

            c)    The State Bar is Expressly Exempted from California Government Code Sections 11135 et seq. and 12944 et seq…16

            d)    The State Bar is Not Subject to the Unruh Act, and Regardless, Plaintiff Still Has Not Pleaded Compliance with the Government Claims Act…………………………………16

        2.    Plaintiff Cannot Show that the Law and Facts Clearly Favor His Claims for Mandatory Injunctive Relief Because, at a Minimum, Significant Factual Questions Exist Under the ADA as to Whether Reasonable Accommodations Were Already Offered. ......................17

a)  The ADA Legal Standard…………………………………..17

b)  Plaintiff Has Already Been Granted Effective and Reasonable Accommodations Which, at Minimum, Create Significant Factual Issues as to Plaintiff's Title II Claims that Make a Mandatory Preliminary Injunction Inappropriate…………19

C.  Plaintiff Fails to Allege Irreparable Harm Should the Preliminary Injunction be Denied................................................................................................. 21

D.  Plaintiff Has Still Failed to Exhaust His Available Administrative Remedies Through the California Rules of Court. ........................................................ 22

V.  CONCLUSION ................................................................................................... 23

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Albert v. State Bar of Cal.*
No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124
4     (C.D. Cal. Mar. 27, 2015) ................................................................ 14

5

*Allegrino v. State Bar of Cal.*
Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 U.S. Dist. LEXIS 40155
6     (N.D. Cal. May 10, 2007) .............................................................. 14

7

*Am. Promotional Events, Inc. v. City & Cty. of Honolulu*
796 F. Supp. 2d 1261 (D. Haw. 2011) ........................................... 13

8

*American Passage Med Corp. v. Cass Communications, Inc*
9     750 F.2d 1470 (9th Cir. 1985) ...................................................... 13

10

*Bass v. County of Butte*
458 F.3d 978 (9th Cir. 2006) ......................................................... 16

11

*Bell Atl. Business Sys. v. Storage Technology Corp.*
12     1994 U.S. Dist. LEXIS 4471 (N.D. Cal. Mar. 31, 1994) ................. 12

13

*C.G. v. Redding Christian Sch.*
No. 2:19-cv-00348-MCE-DMC, 2020 U.S. Dist. LEXIS 46251
14     (E.D. Cal. Mar. 16, 2020) ............................................................ 15

15

*Caribbean Marine Servs. Co., Inc. v. Baldrige*
844 F.2d 668 (9th Cir. 1988) .......................................................... 7

16

*Devose v. Herrington*
17     42 F.3d 470 (8th Cir.1994) .......................................................... 11

18

*DiCampli-Mintz v. County of Santa Clara*
55 Cal.4th 983 (2012) ................................................................... 17

19

*Enyart v. National Conference of Bar Examiners*
20     823 F.Supp.2d 995 (N.D. Cal. 2011) ............................................. 19

21

*Garcia v. Google, Inc.*
786 F.3d 733 (9th Cir. 2015) ..................................................... 7, 18

22

*Harrison v. City of Rancho Mirage*
23     243 Cal. App. 4th 162 (2015) ....................................................... 16

24

*Hirsh v. Justices of Supreme Court*
67 F.3d 708 (9th Cir. 1995) .......................................................... 14

25

*K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*
26     725 F.3d 1088 (9th Cir. 2013) .................................................. 18, 20

27

*Kaimowitz v. Orlando, Fl.*
122 F.3d 41, 43 (11th Cir.1997), *cert. denied*, 523 U.S. 1138 (1998) ........................... 11

28

*Kay v. State Bar of Cal.*
No. C 09-1135 PJH, 2009 U.S. Dist. LEXIS 43400 (N.D. Cal. May 21, 2009)............ 14

*Kelly v. West Virginia Bd. of Law Examiners*
No. 2:08-00933, 2008 WL 2891036 (S.D. W. Va. July 24, 2008) ................................ 22

*Khanna v. State Bar of Cal.*
505 F. Supp. 2d 633 (N.D. Cal. 2007) ........................................................................... 14

*Konig v. State Bar of Cal.*
No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498 (N.D. Cal. Sep. 16, 2004)............ 14

*Los Angeles Mem'l Coliseum v. Nat'l Football League*
634 F.2d 1197 (9th Cir. 1980) ........................................................................................ 7

*Lupert v. Cal. State Bar*
761 F.2d 1325 (9th Cir. 1985) ........................................................................................ 14

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*
571 F.3d 873 (9th Cir. 2009) ..................................................................................... 7, 21

*Munaf v. Green*
553 U.S. 674 (2008) ......................................................................................................... 7

*Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*
636 F.3d 1150 (9th Cir. 2011) ......................................................................................... 7

*Putman v. State Bar of Cal.*
No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283
(C.D. Cal. June 25, 2010) .............................................................................................. 15

*Qualified Patients Ass'n v. City of Anaheim*
187 Cal. App. 4th 734 (2010) ........................................................................................ 16

*Sung-Miller v. Regents of the Univ. of Cal.*
No.: CV 20-00768 AB, 2020 WL 3628710 (C.D. Cal. Mar. 16, 2020) ................. 18, 20

*Tanasescu v. State Bar of Cal.*
No. SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679
(C.D. Cal. Mar. 26, 2012) .............................................................................................. 14

*Stanley v. University of S. Cal.*
13 F.3d 1313 (9th Cir. 1994) ........................................................................................... 7

*Tennessee v. Lane*
541 U.S. 509 (2004)........................................................................................................ 15

*Walker v. County of Santa Clara*
2011 U.S. Dist. LEXIS 104415 (N.D. Cal. Sept. 15, 2011) .......................................... 12

*Weinreich v. Los Angeles County Metro. Transp. Auth.*
114 F.3d 976 (9th Cir. 1997) ......................................................................................... 18

*Winter v. Natural Res. Def. Council*
555 U.S. 7 (2008)............................................................................................................. 7

iv

*Wu v. State Bar*
    953 F. Supp. 315 (C.D. Cal. 1997) ............................................................. 14

**Statutes**

29 U.S.C.
    § 794 ............................................................................................................ 15
    § 794(a) ........................................................................................................ 15

42 U.S.C.
    § 12132 ........................................................................................................ 17
    § 12131(1)(b) ............................................................................................... 17

California Business and Professions Code
    § 6001 .......................................................................................................... 16

California Civil Code
    § 51(b) ......................................................................................................... 16

California Government Code
    § 912.4 ......................................................................................................... 17
    § 945.4 ......................................................................................................... 17
    § 950.2 ......................................................................................................... 17
    § 11135 .................................................................................................. 14, 16
    § 12944 .................................................................................................. 14, 16

**Regulations**

28 CFR
    § 35.130(b)(1)(i). ........................................................................................ 17
    § 35.130(b)(1)(ii). ....................................................................................... 17
    § 35.130(b)(1)(iii) ................................................................................. 18, 20
    § 35.130(b)(6) .............................................................................................. 18
    § 35.164 ............................................................................................ 18, 19, 20

**Rules**

Federal Rule of Civil Procedure
    rule 6(c)(2) .................................................................................................. 13

Civil Local Rule
    rule 7-2(b) ...................................................................................................... 8
    rule 7-2(b)(3) .................................................................................................. 8
    rule 7-2(c) ....................................................................................................... 8
    rule 7-2(d) .................................................................................................... 11
    rule 7-4(a)(2) .................................................................................................. 8
    rule 7-4(b) ...................................................................................................... 8
    rule 7-5 ......................................................................................................... 11
    rule 7-5(a) ..................................................................................................... 11

California Rule of Court
    rule 9.13(d) .................................................................................................. 22
    rule 485 et seq. ............................................................................................ 23

State Bar Rule
    rule 4.82(D)(1) ............................................................................................ 20

v

**Constitutional Provisions**

Eleventh Amendment..................................................................................................... 14

1  **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S RENEWED MOTION**

2  **FOR PRELIMINARY INJUNCTION**

3  **I.  INTRODUCTION**

4        Plaintiff Benjamin Kohn ("Plaintiff") again asks this Court to issue a mandatory

5  preliminary injunction ordering Defendant The Committee of Bar Examiners of the State Bar of

6  California ("CBE") to grant him additional testing accommodations for the upcoming October

7  2020 California Bar Examination.  Plaintiff's Renewed Motion for Preliminary Injunction

8  ("Renewed Motion") seeks this extraordinary relief despite the fact that the State Bar and CBE

9  have approved substantial accommodations for him that meet or exceed the requirements of the

10  Americans with Disabilities Act ("ADA"), including recently granting Plaintiff all of his

11  requested additional testing time and a further-modified testing schedule after the denial of

12  Plaintiff's first motion for preliminary injunction.

13        Plaintiff's Renewed Motion falls far short of meeting the high standard for this Court to

14  issue a mandatory preliminary injunction.  First, Plaintiff's Renewed Motion fails to even

15  provide the Court with a cognizable request for relief.  After previously being denied a

16  preliminary injunction seeking five specific accommodations (and nevertheless having since

17  received two of them, along with clarifications from the CBE on the other three), Plaintiff now

18  asks this Court to order Defendants to grant "all requested accommodations."  As explanation of

19  what that entails, Plaintiff refers the Court to a four-page discussion of six "issues" with his

20  accommodations, which appears to include at least twenty-two different requests, most of which

21  are unclear, conditional, contradictory, and have not been previously raised.

22        Second, this Court has no basis to provide Plaintiff with any relief because Plaintiff has

23  failed to provide proper evidence or citations in support of his contentions.  The only attachment

24  he offers to the Renewed Motion is a copy of the CBE's August 27, 2020 letter communicating

25  its final testing accommodations decision, and the Renewed Motion only makes two attempts to

26  even cite to other materials, instead offering numerous uncited and unsupported fact-specific

27  contentions throughout his 28-page Renewed Motion.  In doing so, Plaintiff appears to be

28  implicitly asking this Court and Defendants to search a 776-page, unverified "exhibit"—one that

1

was not even filed with the Renewed Motion—in order to find support for his claims.  This improper support cannot provide a basis for this Court to find that Plaintiff has demonstrated that he is entitled to any relief whatsoever.

Moreover, even if this Court were to find that Plaintiff has made a cognizable request for relief and has offered evidence in support, Plaintiff is still unable to demonstrate that the law and facts clearly favor his position, because (1) most of Plaintiff's statutory claims fail as a matter of law; and (2) Plaintiff has failed to sufficiently plead in his Amended Complaint, or to argue in his Renewed Motion, that he is entitled to relief under the ADA in light of the substantial accommodations he acknowledges that he has already been provided.

Finally, Plaintiff fails to allege irreparable harm should his request for injunction be denied, as his allegations appear to assume that he would be guaranteed to pass the Examination if his Renewed Motion is granted.  Moreover, the admitted availability of future examination administrations means that any potential harm faced is not irreparable.

Accordingly, Plaintiff's Renewed Motion should be denied.

## II.   BACKGROUND

### A.   Plaintiff's Allegations Regarding Prior Testing Accommodations.

Plaintiff is a graduate of University of Iowa College of Law, and he seeks to become licensed to practice law in California.  Renewed Mot. at 5:20–22.  He states that he has been diagnosed with "a wide range of conditions" including "severe autism, neurodevelopmental disorder of impaired processing speed/variable attention executive functioning, fine/gross motor delay, Myofascial Pain Syndrome, Gastroparesis, Pelvic Floor Dyssynergia, irritable bowel syndrome with chronic constipation, and Keratoconus." *Id.* at 5:24–27.  As stated in his Amended Complaint, he alleges that his "disorders, illnesses, and conditions … effectively handicap him in undertaking any test requiring extended periods of sitting and concentration." Am. Compl. [Dkt. No. 32] ¶ 1.

Plaintiff previously took the July 2018, February 2019, and February 2020 administrations of the California Bar Examination.  Renewed Mot. at 9:15–16.  Plaintiff did not pass the Examination in those three administrations, and has registered to take the upcoming

October (postponed from July) 2020 administration.  *Id.* at 6:12.  Plaintiff applied for testing accommodations based on his disabilities for each administration and has been granted substantial accommodations each time.  In sum, even before his petition regarding the upcoming October 2020 Examination, Plaintiff states that he had already received, and thus continued to be eligible for, at least the following accommodations:

- 100% extra time plus an additional 30 minutes for each session of the examination;
- Testing in a semi-private room;
- Permission to use his own laptop computer;
- Permission to bring food and drink into the examination;
- Permission to remain in the examination room during breaks; and
- Permission to bring ergonomic equipment into the examination room.

Am. Compl. ¶¶ 41–52 and at 3:11–14.

**B.**     **Plaintiff's Allegations Regarding the Upcoming October 2020 Examination.**

Plaintiff states that he filed a petition seeking all of the previously-granted testing accommodations above, as well as additional, previously-denied accommodations, in March 2020.  Renewed Mot. at 6:12–13. Plaintiff alleges that he was initially told by State Bar staff that this appeal would be sent to the CBE for final determination at the June 19, 2020 CBE meeting.  Then, on June 4, 2020, Plaintiff proceeded to file voluminous additional documentation, including multiple further medical reports, and was therefore informed that his file would require additional review and would be considered by CBE at its scheduled August 21, 2020 meeting.[1]  *Id.* at 6:20–23.

**1.**     **Plaintiff's Initial Complaint and Motion for Preliminary Injunction.**

Plaintiff filed his initial complaint and motion for preliminary injunction on July 18, 2020, a month before the scheduled CBE determination on his requests.  Dkt. Nos. 1 and 2.  In his initial complaint and motion, Plaintiff contended that Defendants had denied him effective

---

[1] Plaintiff also proceeded to file additional submissions with further medical reports on July 16, August 5, and August 10.  Renewed Mot. at 7:8–11.

and reasonable accommodations in violation of Title II of the Americans with Disabilities Act ("ADA"), as well as other statutes, by not granting him the following further accommodations:

- 150% extra time on the written sections of the examination;
- A cap of no more testing time per day than non-disabled test takers;
- Ergonomic/physical equipment supplied in the examination room;
- "Specialized disability proctors;" and
- An additional 30 minutes of break time per 90 minutes of testing.

Dkt. No. 1 ¶ 25 and at 22:1–5; Dkt. No. 2 at 2:6–10. While Plaintiff's initial complaint also sought compensatory damages related to all four examination administrations at issue, his initial motion for preliminary injunction asked this Court only for relief related to the October 2020 Examination, seeking a mandatory preliminary injunction either granting all of his requested accommodations, or in the alternative ordering the CBE to provide him with decisions and detailed findings on an accelerated timeline. Dkt. No. 2 at 2:2–18.

On August 13, 2020, this Court denied Plaintiff's initial motion for preliminary injunction on the grounds that his claims were not ripe for federal judicial review. Specifically, this Court noted that CBE had not yet issued a final decision on Plaintiff's accommodations, and that even after a final CBE decision, Plaintiff would be able to petition the California Supreme Court for review. Order Denying Motion for Preliminary Injunction [Dkt. No. 26] at 7:2–8:11.

## 2. CBE's Final Decision.

CBE considered Plaintiff's appeal at its August 21–22, 2020 meeting, and informed Plaintiff of its final decision on August 27, 2020. Ex. to Renewed Mot. [Dkt. No. 29-1]. CBE noted that prior to that meeting, State Bar staff had already updated their initial determination in light of Plaintiff's additional medical reports, and had granted Plaintiff his full request for additional testing time, as well as granting a per-day testing time limit of 6.5 hours and scheduling the examination over six testing days. *Id.* While CBE declined to grant any further accommodations, CBE also clarified some additional points regarding Plaintiff's various requests, namely: (1) Plaintiff would be free to use the additional total testing time he was granted to take breaks at his discretion; (2) while Plaintiff was not granted a fully-private testing

4

room or ergonomic equipment to be supplied in the examination room as an accommodation, in practice the State Bar's COVID-19 protocols mean that he will be tested in a private room, which will have a locking door where he may leave his own ergonomic equipment; and (3) all examination proctors would, as a matter of course, be "trained and required to perform their services to the best of their abilities." *Id.* In sum, in addition to the accommodations granted for previous examinations, for October 2020 Plaintiff has been granted two of the bullet-point accommodations that were the subject of his initial complaint and initial motion for preliminary injunction, and was offered clarifications on the other three. CBE summarized the full set of accommodations granted to Plaintiff for the October 2020 Examination as follows:

- "Double time and one-half for each session of the examination (during which time the applicant may take breaks at his discretion)…;

- Total testing time per day not to exceed 6.5 hours;

- Administration of the examination over an extended 6-day period;

- Testing in a semi-private room;

- Permission to use your own laptop computer and a backup computer…as an accommodation;

- Permission to bring food (must be unwrapped and non-aromatic) and drink (container must have a lid), subject to inspection by staff, into the examination room for all sessions of the examination…;

- Permission to remain in the examination room, with a proctor present, during the lunch breaks; and

- Permission to bring your own ergonomic chair, motorized adjustable workstation, and other ergonomic items, all subject to inspection by staff."

*Id.*

### 3.    Plaintiff's Amended Complaint and Instant Renewed Motion.

In response to this CBE determination, Plaintiff did not seek review from the California Supreme Court. Rather, Plaintiff proceeded to file the instant Renewed Motion for Preliminary Injunction on August 31, 2020, and an Amended Complaint a week later on September 7, 2020. Plaintiff's Amended Complaint restates his initial complaint in full, while also adding a prefatory section of intended "Amendments" detailing the CBE's final decision, referring to the requests

1   "in Appendix C of his renewed motion for preliminary injunction," and stating that Plaintiff

2   intends to seek an additional count for damages based on the final CBE decision.  *See* Am.

3   Compl. at 2:9–8:25.

4        In the instant Renewed Motion, Plaintiff seeks a preliminary injunction from this Court

5   granting him additional accommodations, far beyond the five accommodations previously at

6   issue.  The precise accommodations requested by Plaintiff are unclear, as his Renewed Motion

7   states that he requests "the following disability accommodations," Renewed Mot. at 5:3–4, but

8   then fails to articulate them in the body of the Motion.  Instead, Plaintiff only refers elsewhere

9   for his request for relief, stating (1) that his "petition to the Committee lists all requested

10  accommodations for the Fall 2020 exam in the Exhibits filed with his first motion for

11  preliminary injunction," *id.* at 5:15–16 (which "Exhibits" were a single 776-page, unverified

12  collection of documents submitted with his prior motion, *see* Dkt. Nos. 15 and 16), and (2) that

13  his requested accommodations "are more concisely summarized in Appendix C." Renewed Mot.

14  at 5:16–17.

15       "Appendix C" to the Renewed Motion is a four-page long discussion of six purported

16  "issues" surrounding Plaintiff's accommodations.  *Id.* at 32–35.  "Appendix C" includes

17  discussion by Plaintiff of numerous points, most previously unraised in any of Plaintiff's court

18  filings, including his desire for "Assignment to From Home Modality," "Covid Risk Mitigation

19  Accommodations if Proctored In-Person," an autism-trained proctor, "stop the clock breaks," use

20  of a larger-screen monitor for ergonomic reasons, permission to "use restroom freely" if being

21  tested remotely on web camera, exceptions to rules regarding exam space, an exemption from

22  remote proctoring "security flags," specific training of persons viewing or reviewing web camera

23  footage, special "logon period flexibility," ergonomic equipment provided in the examination

24  room, a test center location of "minimal commute distance" from his residence along with

25  commuting and lodging expenses, access to hotel group rates, and an exemption from

26  requirements that food at the Examination must be non-aromatic. *Id.*

27

28

1

### III.  LEGAL STANDARD

2          A mandatory preliminary injunction is an "extraordinary and drastic remedy."  *Munaf v.*

3   *Green*, 553 U.S. 674, 689 (2008) (citation and quotation omitted).  To obtain any preliminary

4   injunction, a plaintiff must establish that (1) he is likely to succeed on the merits of his claim;

5   (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of

6   equities tips in his favor; and (4) a preliminary injunction is in the public interest. *Winter v.*

7   *Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).  And, it is not enough that the claimed harm be

8   irreparable; it also must be imminent. *Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d

9   668, 674 (9th Cir. 1988); *Los Angeles Mem'l Coliseum v. Nat'l Football League*, 634 F.2d 1197,

10   1201 (9th Cir. 1980).

11          A mandatory preliminary injunction, however, "goes well beyond simply maintaining the

12   status quo" and "is particularly disfavored."  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir.

13   2015) (citing *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994)). The burden on

14   a party seeking a mandatory injunction is thus "doubly demanding." *Id.* Such relief is "not

15   granted unless extreme or very serious damage will result and [is] not issued in doubtful cases or

16   where the injury complained of is capable of compensation in damages." *Marlyn Nutraceuticals,*

17   *Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009) (citation omitted); *Park*

18   *Vill. Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1160 (9th Cir. 2011)

19   (mandatory injunctions should not issue in "doubtful cases"). The movant "must establish that

20   the law and facts *clearly favor* h[is] position, not simply that []he is likely to succeed." *Garcia*,

21   *supra*, 786 F.3d at 740 (emphasis in original).

22   ### IV. ARGUMENT

23          **A.     Plaintiff's Renewed Motion Fails to Make a Cognizable Request for
                     Injunctive Relief, is Not Supported By Competent Evidence or References,
24                   and Violates Numerous Civil Local Rules.**

25          As an initial and dispositive matter, Plaintiff's Renewed Motion is procedurally deficient

26   because it fails to clearly articulate a cognizable request for relief, and because Plaintiff's

27

28

numerous specific factual contentions lack any proper evidentiary support.  Furthermore, these deficiencies (as well as others)[2] violate numerous Civil Local Rules.

### 1. Plaintiff's Renewed Motion Violates Local Rule 7-2(b)(3) and, Moreover, Fails to State Any Cognizable Request for Relief.

Plaintiff's Renewed Motion violates Civil Local Rule 7-2(b)(3), which requires a "concise statement of what relief or Court action the movant seeks" at the beginning of a motion filing.  Not only does Plaintiff fail to make any mention of the relief sought until the fifth page of his Renewed Motion, but nowhere in the body of the Renewed Motion does Plaintiff ever describe the precise relief he seeks from the Court.  Indeed, Plaintiff states that he "requests that the Court issue a preliminary injunction granting the following disability accommodations," Renewed Mot. at 5:3–4, but then does not explain what those "following" accommodations are within the Renewed Motion itself.  Rather, two paragraphs later Plaintiff includes a "Note" stating that the requested accommodations are not in the Renewed Motion, but rather can be found "in the Exhibits filed with his first motion for preliminary injunction." *Id.* at 5:15–16.[3] Plaintiff then also states that his requests for injunctive relief "are more concisely summarized in Appendix C," *id.* at 5:16–17, which is a new, four-page long discussion of six "issues" Plaintiff has regarding testing accommodations.  This presentation of Plaintiff's request for relief fails to give this Court or Defendants proper notice of the actual relief sought, and Plaintiff's Renewed Motion should be denied as a result.

---

[2] In addition to the deficiencies discussed at length here, Plaintiff's Renewed Motion is overlong without leave in violation of Civil Local Rules 7-2(b) and 7-4(b); lacks a proposed order in violation of Civil Local Rule 7-2(c); and lacks tables of contents or authorities in violation of Civil Local Rule 7-4(a)(2).

[3] As discussed further *infra*, these "Exhibits" are 776 pages of unverified, non-paginated materials that were submitted with the prior, now-denied motion.  Plaintiff cannot reasonably seek relief by directing the Court and Defendants to sift through such materials to determine what he is asking the Court to order.

In his original motion for preliminary injunction, Plaintiff requested that this Court grant five specific accommodations, detailed in that motion as well as in his initial complaint as bullet-point items:

(1) 150% extra time on the written sections of exam;

(2) A cap of no more testing time per day than non-disabled test takers;

(3) Ergonomic/physical equipment supplied in the exam room;

(4) Specialized disability proctors; and

(5) 30 minutes of break time per 90 minutes of testing.

Dkt. No. 2 at 2:6–10. While Plaintiff's initial motion made passing statements that he also desired other additional accommodations, he chose to present only these five, clearly cognizable requests to the Court.

After this Court denied his initial motion for preliminary injunction, Plaintiff was granted two of those five accommodations by the State Bar—namely, 150% extra time and a cap on per-day testing time of 6.5 hours.  Ex. to Renewed Mot.  And with respect to the other three requests, Plaintiff was not granted formal accommodations but received clarifications—specifically, that because of COVID-19 protocols he would be tested in a private room with a locking door where he could store ergonomic equipment; that all proctors would be appropriately trained for their roles; and that he may use his additional testing time to take breaks at his discretion.  *Id.*

Plaintiff offers no explanation for why, if he had already requested and still desired additional accommodations, they were not included along with the five accommodations at issue in his initial complaint and initial motion for preliminary injunction.  However, Plaintiff's Renewed Motion, made after receiving some of the accommodations previously requested, now seeks not simply to dispute the previous bullet-pointed items he did not receive as formal accommodations.  Rather, Plaintiff now asks the Court to grant "the disputed disability accommodations listed in his petitions to the Committee of Bar Examiners" as detailed in his four-page long "Appendix C."  Renewed Mot. at 28:3–4.

Plaintiff's discussion presented in "Appendix C" does not present a cognizable request for relief from this Court.  Rather than presenting requests for relief, "Appendix C" expresses six

9

"issues" regarding testing accommodations, which on Defendants' reading appear to include at least twenty-two different statements regarding Plaintiff's desired conduct of the Examination.

At times, the discussion of these "issues" does include statements that could potentially be read as requests for the Court to order Defendants to grant particular accommodations, such as "[l]ocation of Test Center minimal commute distance from residence." *Id.* at 34:26.  However, at other times Plaintiff makes conditional statements, *id.* at 32:5–10 ("Assignment to From Home Modality…Unless State Bar Proves All Possible Methods of Doing So Would be Fundamental Alteration or Undue Burden"), or appears to plainly ask for fundamental changes to the administration of the Examination, *id.* at 33:18–21 ("'Exam Room'…be defined only to be the desk on which the computer equipment used to take the exam is set up"), or asks for relief that amounts to assurances about the overall conduct of the Examination and is not reasonably an accommodation request.  *Id.* at 32:25–26 ("That Mr. Kohn's personal protective equipment…not be subject to inspection by any means that could contaminate it for its intended purpose of covid prevention").  Other statements appear to seek clarification on accommodations that have already been granted, such as "[u]se of a larger-screen external monitor for…ergonomic reasons." *Id.* at 33:6.  Plaintiff even cross-references alleged requests that are not listed anywhere in the Renewed Motion or in Appendix C.  *Id.* at 34:24–25 ("Mitigation of Unequal Accessibility barriers relative to standard at-home testing, as described in 6/4/2020 narrative for administrative petition with Exhibits").  Finally, Appendix C also appears to involve a number of contradictory requests, largely related to whether Plaintiff tests remotely at home or in-person.  *Id.* at 32–35. In light of these many issues, it would not even be possible for the Court to reasonably grant the requests in Appendix C.

This issue is further compounded by the fact that Appendix C appears to make factual allegations and to request items of relief that are not even clearly captured or contemplated by Plaintiff's Amended Complaint.  While the prefatory discussion in Plaintiff's Amended Complaint states that Plaintiff requests accommodations "listed in Appendix C of his renewed motion for preliminary injunction," Am. Compl. at 4:10–12, those accommodations requests are not explained further in the Amended Complaint, nor in any attachment thereto, and Plaintiff's

Prayer for Relief continues to seek the same relief sought in the initial complaint, including that the Court order the five bullet-pointed accommodations originally at issue.  *Id.* at 28:1–21. Accordingly, it is not clear that Plaintiff's request for relief here is even sufficiently tied to his Amended Complaint.  *See, e.g.*, *Kaimowitz v. Orlando, Fl.*, 122 F.3d 41, 43 (11th Cir.1997), *cert. denied*, 523 U.S. 1138 (1998) (a district court should not issue an injunction on matters "lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

Plaintiff's Renewed Motion fails to offer any concise statement about what relief he asks the Court to grant, fails to give Defendants or the Court clear notice of the precise relief sought, and does not even make a cognizable request that this Court could reasonably grant.  It should be denied on that basis.

> **2.      Plaintiff's Renewed Motion is Not Supported by Competent Evidence or Record References in Violation of Civil Local Rules 7-2(d) and 7-5(a).**

Plaintiff's Renewed Motion should also be denied because Plaintiff fails to provide competent evidence in support of his contentions and fails to provide references to the record, in violation of Civil Local Rules 7-2(d) ("Each motion must be accompanied by affidavits or declarations pursuant to Civil L.R. 7-5") and 7-5(a) ("Factual contentions made in support of or in opposition to any motion must be supported by an affidavit or declaration and by appropriate references to the record").  The sole attachment filed by Plaintiff's counsel along with the Renewed Motion is a copy of the August 27, 2020 letter from CBE, which communicates CBE's decision affirming the substantial accommodations already granted to Plaintiff by staff for the October 2020 Examination while clarifying the State Bar's position on his additional requests. Ex. to Renewed Mot.  Plaintiff attaches no evidence regarding the prior requests he made for accommodations, the support he offered therefore, or indeed any other aspect of his claims beyond this final decision letter.

With his initial motion for preliminary injunction, Plaintiff submitted 776 pages of documentation, split over two filings, as a single "exhibit" without any affidavit or declaration to

1    authenticate or explain the voluminous documents submitted.  *See* Dkt. Nos. 15 and 16.  Indeed,

2    Plaintiff's "exhibit" did not even include an index or table in order to identify the documents

3    within.  In opposition to Plaintiff's initial motion, Defendants raised this issue of noncompliance,

4    and Plaintiff responded only with a late-filed affidavit attached to his reply brief that purported to

5    attest to the entire collection of documents as a general matter.  *See* Dkt. No. 23-1.  However, for

6    his Renewed Motion, Plaintiff has now failed to address this issue entirely as he has not attached,

7    or even attempted to cite, support for his contentions.  Other than references to the attached CBE

8    decision letter, Plaintiff offers only two attempts at factual citation in his 28 pages of briefing,

9    Renewed Mot. at 10:2 and 16:4, despite making dozens of specific factual contentions, including

10   numerous quotations.  And these two citations refer only to a doctor's report that Plaintiff states

11   is "attached," *id.* at 10:2, though no such document is attached to the Renewed Motion.  The

12   remainder of Plaintiff's factual contentions and quotations have no citation whatsoever—at best,

13   Plaintiff appears to imply that support for these contentions appears somewhere in the 776 pages

14   of documentation filed with the previous motion, though that is never made clear.

15        Furthermore, many of Plaintiff's statements in his Appendix C, purportedly summarizing

16   his requested relief, are not even tangentially referenced elsewhere in the Renewed Motion.  For

17   instance, in Appendix C Plaintiff states that he requests "increased login time limit and logon

18   period flexibility" while taking the Examination, Renewed Mot. at 34:12, as well as permission

19   to bring in food that is not "non-aromatic."  *Id.* at 35:7–8.  Neither of these requests are discussed

20   anywhere outside of Appendix C, and thus Plaintiff has not even attempted to support them with

21   even general argument, let alone evidentiary support.

22        Plaintiff's failure to provide competent evidence renders the Renewed Motion

23   insufficient as a matter of law.  "In order to support a preliminary injunction … irreparable harm

24   … must be *demonstrated*, not merely alleged." *Bell Atl. Business Sys. v. Storage Technology*

25   *Corp.*, 1994 U.S. Dist. LEXIS 4471, at *1 (N.D. Cal. Mar. 31, 1994) (emphasis in original).

26   This requires the moving party to present "probative evidence" in the form of a verified

27   complaint, sworn affidavits, and the like.  *See Walker v. County of Santa Clara*, 2011 U.S. Dist.

28   LEXIS 104415, at *7 (N.D. Cal. Sept. 15, 2011); *American Passage Med Corp. v. Cass*

1    *Communications, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (reversing grant of preliminary

2    injunction where there was insufficient evidence of irreparable harm).  Accordingly, Plaintiff

3    cannot support his motion only by implicitly asking the Court and Defendants to comb through a

4    776-page collection of documents, which were neither authenticated nor even attached to the

5    instant Renewed Motion, in order to find support for his current allegations—particularly where

6    in most cases he provides no attempt at citation whatsoever.

7         At a minimum, this lack of proper evidentiary support means that Plaintiff has not met his

8    high burden to establish that the law and facts "clearly favor" his position, as is required to

9    entitle him to a mandatory preliminary injunction. *Garcia*, *supra*, 786 F.3d at 740.  Nor would it

10   be permissible for Plaintiff to supplement the record with such evidence or declarations on reply

11   or orally.  Federal Rule of Civil Procedure 6(c)(2) ("Any affidavit supporting a motion must be

12   served with the motion."); *Am. Promotional Events, Inc. v. City & Cty. of Honolulu*, 796 F.

13   Supp. 2d 1261, 1284 (D. Haw. 2011) ("conclusory statements provided at [a] hearing alone

14   cannot support a finding of irreparable injury for the issuance of a preliminary injunction").  The

15   Renewed Motion should be denied on these grounds alone.[4]

16        **B.     Plaintiff Cannot Show that The Law And Facts Clearly Favor His Position.**

17        Should the Court further entertain Plaintiff's Renewed Motion, it should nevertheless be

18   denied because the Renewed Motion has not demonstrated a likelihood of success on the merits,

19   and certainly has not met Plaintiff's burden to establish that the law and facts clearly favor his

20   position such that a mandatory preliminary injunction is appropriate.  To the contrary, as

21   explained below, Plaintiff is not likely to succeed on the merits.

22

23

24

25   [4] Should the Court choose to accept Plaintiff's general references to prior filings and this prior "exhibit" as proper support for his Renewed Motion, it should in fairness also review and
26   consider all of Defendants' filings and supporting exhibits, including Defendants' prior opposition to Plaintiff's initial motion for preliminary injunction, Dkt. No. 21, Defendants'
27   motion to dismiss the initial complaint and reply in support thereof, Dkt. Nos. 22 and 28, and any upcoming motion in response to Plaintiff's Amended Complaint.
28

1           **1.**       **Most of Plaintiff's Claims are Barred as a Matter of Law.**

Most of the claims in Plaintiff's Amended Complaint are subject to dismissal as a matter of law because they are either barred by Eleventh Amendment immunity or are brought under statutes that do not apply to the State Bar of California.  Plaintiff's Complaint purports to bring claims under (1) Title II of the ADA; (2) the Rehabilitation Act; (3) California Government Code sections 11135 *et seq.* and 12944 *et seq.*; and (4) the California Unruh Act.  The State Bar is immune under the Eleventh Amendment to claims for money damages under Title II of the ADA—Plaintiff may only attempt to proceed on claims for injunctive relief.  And all of Plaintiff's claims under the other statutes alleged are barred because the State Bar is not subject to those statutes.[5]

        a)     The State Bar is Immune to Plaintiff's Claims for Money Damages Under Title II of the ADA.

The State Bar of California is an arm of the state entitled to Eleventh Amendment immunity.  *See, e.g., Hirsh v. Justices of Supreme Court*, 67 F.3d 708, 712, 715 (9th Cir. 1995); *Lupert v. Cal. State Bar*, 761 F.2d 1325, 1327 (9th Cir. 1985) (affirming dismissal on Eleventh Amendment grounds of suit against State Bar of California), *cert. denied*, 474 U.S. 916 (1985).[6]

---

[5] These arguments are also raised, in greater detail, in Defendants' motion to dismiss Plaintiff's initial complaint and their reply in support thereof.  *See* Dkt. Nos. 22 and 28.

[6] District courts in California hold uniformly that the State Bar enjoys Eleventh Amendment immunity.  *See, e.g., Konig v. State Bar of Cal.*, No. C 04-2210 MJJ, 2004 U.S. Dist. LEXIS 19498, at *7 (N.D. Cal. Sep. 16, 2004) ("The Ninth Circuit and this Court have held that the Eleventh Amendment applies to the State Bar."); *Kay v. State Bar of Cal.*, No. C 09-1135 PJH, 2009 U.S. Dist. LEXIS 43400, at *5 (N.D. Cal. May 21, 2009) ("It is well established that the State Bar and the State Bar's Board of Governors are arms of the State for Eleventh Amendment purposes."); *Albert v. State Bar of Cal.*, No. SA CV 14-1905-DOC (ANx), 2015 U.S. Dist. LEXIS 189124, at *19 (C.D. Cal. Mar. 27, 2015) ("it is abundantly clear that the Eleventh Amendment applies to suits against the State Bar."); *Wu v. State Bar*, 953 F. Supp. 315, 318 (C.D. Cal. 1997) ("The Eleventh Amendment provides the State Bar of California with immunity from suits in federal court for monetary relief."); *Allegrino v. State Bar of Cal.*, Nos. C06-05490 MJJ, C07-00301 MJJ, 2007 U.S. Dist. LEXIS 40155 (N.D. Cal. May 10, 2007) (State Bar of California is an "arm of the state" entitled to Eleventh Amendment immunity); *Tanasescu v. State Bar of Cal.*, No. SACV 11-00700-CJC (MAN), 2012 U.S. Dist. LEXIS 56679 (C.D. Cal. Mar. 26, 2012) (same); *Khanna v. State Bar of Cal.*, 505 F. Supp. 2d 633, 644 (N.D. Cal. 2007)

While Title II of the ADA may, in certain circumstances, abrogate Eleventh Amendment immunity, *see Tennessee v. Lane*, 541 U.S. 509, 530–534 (2004) (Abrogation of Eleventh Amendment immunity under Title II of the ADA is constitutional "as it applies to the class of cases implicating the fundamental right of access to the courts."), Plaintiff's claims for money damages do not fall into the category of claims for which Congress has validly abrogated the state's sovereign immunity.  *See United States v. Georgia*, 546 U.S. 151, 159 (2000) ("[I]nsofar as Title II [of the ADA] creates a private cause of action for damages against the State for conduct that actually violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity.").  Plaintiff has failed to state a Title II claim arising from a violation of his constitutional rights, and therefore his claim does not fall into the category of claims for which Congress validly abrogated the state's Eleventh Amendment immunity.  His claims for money damages under the ADA accordingly fail as a matter of law.

> b)      The State Bar is Not Subject to the Rehabilitation Act Because it is Not a Recipient of Federal Funds.

To be subject to the Rehabilitation Act, 29 U.S.C. § 794, a state government entity must "receive[] Federal financial assistance."  29 U.S.C. § 794(a).  Plaintiff merely alleges in his Amended Complaint that the State Bar "benefit[s] from federal funding" but pleads no facts in support of this allegation. Am. Compl. at 10:11–13.  In fact, the State Bar does not receive any federal funds.  *See* Declaration of John Adams in Support of Motion to Dismiss Complaint [Dkt. No. 22-2].  Plaintiff's claims arising under the Rehabilitation Act are thus subject to dismissal as a matter of law.  *See, e.g., C.G. v. Redding Christian Sch.,* No. 2:19-cv-00348-MCE-DMC, 2020 U.S. Dist. LEXIS 46251 (E.D. Cal. Mar. 16, 2020) (granting motion to dismiss Rehabilitation Act claim where Defendant established that it did not receive federal funds).

---

(same); *Putman v. State Bar of Cal.*, No. SACV 08-625-DSF(CW), 2010 U.S. Dist. LEXIS 80283, at *21 (C.D. Cal. June 25, 2010) (same).

1

        c)      The State Bar is Expressly Exempted from California Government Code Sections 11135 *et seq.* and 12944 *et seq.*

2          Plaintiff's claims arising under the California Government Code are subject to dismissal

3 as a matter of law because the State Bar is expressly exempt from those state statutes.  The State

4 Bar Act (the State Bar's organic statute) expressly exempts the State Bar from Cal. Gov. Code

5 § 11135 et seq. and § 12944 et seq.  *See* California Business and Professions Code section 6001

6 (exempting the State Bar from the requirements of Division 3 of Title 2 of the California

7 Government Code, which includes sections 11135 *et seq.* and 12944 *et seq.*).  Because the

8 Legislature has expressly exempted the State Bar from the provisions of the Government Code

9 invoked by Plaintiff, those state law claims fail as a matter of law.

10

        d)      The State Bar is Not Subject to the Unruh Act, and Regardless, Plaintiff Still Has Not Pleaded Compliance with the Government Claims Act.

11

12          Plaintiff's Amended Complaint also alleges that each identified violation of the ADA is

13 also a violation of the California Unruh Act, Cal. Civ. Code § 51(f).  Am. Compl. at 27:20–28.

14 But Plaintiff also cannot state a claim against Defendants under the Unruh Act on the basis of an

15 alleged Title II violation because the Unruh Act applies, by its terms, to "business

16 establishments."  Cal. Civ. Code § 51(b).  California courts have expressly held that government

17 agencies are not "business establishments" and are not subject to the Unruh Act.  *See, e.g.,*

18 *Harrison v. City of Rancho Mirage*, 243 Cal. App. 4th 162, 176 (2015) (holding that city is not

19 subject to the Unruh Act) (citing *Qualified Patients Ass'n v. City of Anaheim*, 187 Cal. App. 4th

20 734, 764 (2010) (city's enactment of legislation cannot be challenged through the Unruh Act

21 because the city does not act as a "business establishment" when it enacts official policies)).

22          Nor does the Amended Complaint's particular citation to subsection (f) of Cal. Civ. Code

23 § 51 transform Plaintiff's Unruh Act claims into viable claims against Defendants.  While § 51(f)

24 states that a violation of the ADA "shall also constitute a violation of this section," courts have

25 consistently held that such application is limited.  *See, e.g.*, *Bass v. County of Butte*, 458 F.3d

26 978, 982 (9th Cir. 2006) (refusing to read § 51(f) in isolation and finding it is intended to

27 incorporate "only those provisions of the ADA germane to the original scope of" the prior

28 version of the California Unruh Act).  Accordingly, Plaintiff has failed to state a claim against

16

1    Defendants under the Unruh Act.

2        Furthermore, Plaintiff may not proceed on his Unruh Act claims because his Amended

3    Complaint still does not properly plead compliance with the California Government Claims Act.

4    Cal. Gov. Code, §§ 945.4, 950.2, 912.4; *see DiCampli-Mintz v. County of Santa Clara,* 55

5    Cal.4th 983, 989–90 (2012).  While Plaintiff's Amended Complaint alleges that he belatedly

6    presented a government claim—after this lawsuit was already filed—it nowhere alleges that his

7    government claim has been rejected or deemed rejected by the passage of time.

8        **2.      Plaintiff Cannot Show that the Law and Facts Clearly Favor His
               Claims for Mandatory Injunctive Relief Because, at a Minimum,**
9            **Significant Factual Questions Exist Under the ADA as to Whether
               Reasonable Accommodations Were Already Offered.**
10

11       While this Court has jurisdiction to order injunctive relief under Title II of the ADA,

12   Plaintiff has also failed to allege a cognizable ADA claim, much less to show that he is entitled

13   to a mandatory preliminary injunction.[7]  This is true as an initial matter because Plaintiff has

14   failed to offer nearly any proper evidence, *see* Section IV.A.2, *supra*, and remains true even if

15   the Court proceeds to examine Plaintiff's claims further.

16                      a)      The ADA Legal Standard.

17       The State Bar is subject to Title II of the ADA, 42 U.S.C. § 12131(1)(b), which mandates

18   that "no qualified individual with a disability shall, by reason of such disability, be excluded

19   from participation or denied the benefits of the services, program or activities of a public entity,

20   or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

21       The regulations implementing Title II prohibit public entities from denying disabled

22   individuals the opportunity to participate in a public program on an equal basis with those who

23   are not disabled.  28 CFR § 35.130(b)(1)(i), (ii).  Public entities must also provide auxiliary aids,

24   services or program modifications that are effective in allowing qualified individuals with

25   disabilities an "equal opportunity to obtain the same result, to gain the same benefit or reach the

26

27   [7] These arguments are also raised, in greater detail, in Defendants' motion to dismiss Plaintiff's
     initial complaint and their reply in support thereof.  *See* Dkt. Nos. 22 and 28.
28

same level of achievement as provided to others." 28 CFR § 35.130(b)(1)(iii). These standards apply when public agencies administer professional licensing programs. 28 CFR § 35.130(b)(6). However, a public entity is not required "to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens." 28 CFR § 35.164. The legal obligations imposed by Title II and its regulations have been summarized by the Ninth Circuit as follows:

> Title II and its implementing regulations, taken together, require public entities to take steps toward making existing services not just accessible, but *equally* accessible to [qualified individuals with disabilities], but only insofar as doing so does not pose an undue burden or require a fundamental alteration of their programs.

*K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 725 F.3d 1088, 1097 (9th Cir. 2013) (emphasis added).

In order to state a claim for relief under Title II of the ADA, a plaintiff must allege the following elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Weinreich v. Los Angeles County Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997).

Accordingly, in order to show likelihood of success on the merits in this case, Plaintiff here "must show that the accommodation []he seeks is a reasonable accommodation and that the accommodations []he is currently being provided are not." *Sung-Miller v. Regents of the Univ. of Cal.*, No.: CV 20-00768 AB, 2020 WL 3628710, at *3 (C.D. Cal. Mar. 16, 2020). And in order to obtain a mandatory injunction, Plaintiff has the even greater burden here of showing "that the law and facts *clearly favor* [this] position, not simply that []he is likely to succeed." *Garcia*, *supra*, 786 F.3d at 740; *see also Sung-Miller, supra*, 2020 WL 3628710 (denying preliminary injunction regarding academic accommodations under Title II on the basis of "significant factual disputes" as to whether already-provided accommodations, as opposed to the plaintiff's requested accommodations, are "reasonable" under the ADA).

1

           b)      Plaintiff Has Already Been Granted Effective and Reasonable Accommodations Which, at Minimum, Create Significant Factual Issues as to Plaintiff's Title II Claims that Make a Mandatory Preliminary Injunction Inappropriate.

2

3        This is not a case in which reasonable accommodations were requested and wholly

4 denied.  Rather, Plaintiff acknowledges that he has been granted substantial accommodations for

5 the October 2020 Examination, including his requested extra testing time and test-day scheduling

6 modifications, permission to bring any necessary ergonomic equipment, and the ability to use a

7 laptop computer and to bring food and drink into the examination.  See Section II.B.1, *supra*.  He

8 has also been informed that, as a practical COVID-19 safety matter, he will be tested in a private

9 room, where he may leave his ergonomic equipment behind a locked door between examination

10 sessions.  Ex. to Renewed Mot.

11        Nevertheless, and without proper evidentiary support, Plaintiff contends that the

12 difference between his requested accommodations (presumably, those outlined in "Appendix C")

13 and the ones already granted amounts to a Title II violation because the State Bar is required "as

14 a matter of law" to accept the opinions and judgments of his experts "at face value and in the

15 light most favorable to him."  Renewed Mot. at 23:6–11.  In support of this assertion, Plaintiff

16 relies on *Enyart v. National Conference of Bar Examiners*, 823 F.Supp.2d 995, 1001 (N.D. Cal.

17 2011).  But *Enyart* does not support Plaintiff's position. The portion of *Enyart* to which Plaintiff

18 cites merely discusses the standard for admissibility of expert witness testimony under Rule 702

19 of the Federal Rules of Evidence.  *Id.*  In granting a motion for summary judgment for plaintiff

20 Enyart, the court considered the expert testimony proffered by both parties and determined that

21 only Enyart had presented admissible expert testimony relevant to the accommodations at issue

22 in that case.  *Id.* at 1002–09.  Contrary to Plaintiff's assertion in his Motion, *Enyart* nowhere

23 states that a public agency violates Title II if it declines to adopt wholesale the medical

24 recommendation submitted by the disabled individual.  As noted above, a public agency is

25 entitled to review such a request to, among other things, determine whether a recommended

26 accommodation would create an undue burden on the agency or fundamentally alter the

27 examination, *see* 28 CFR § 35.164, and regardless must provide accommodations that create an

28

equal opportunity of participation, and not accommodations that guarantee particular examination results.  *See* 28 CFR § 35.130(b)(1)(iii).[8]

Plaintiff's request for a mandatory preliminary injunction should be denied because Plaintiff has not shown that the law and facts clearly favor his position. Plaintiff cannot meet his burden where there are, at a minimum, "significant factual disputes" as to whether his requested level of accommodations (as opposed to the accommodations already granted) is reasonable. *Sung-Miller*, *supra*, 2020 WL 3628710, at *3.  Here, those issues are further highlighted by the fact that Plaintiff's requested accommodations, at least as stated in "Appendix C," are so expansive and inconsistent that they inherently raise the question of whether they are not "reasonable" because they could fundamentally alter the administration of the California Bar Examination.  *See* 28 CFR § 35.164; *K.M. ex rel. Bright*, *supra*, 725 F.3d at 1097 (Title II requires a public entity to make its facilities equally accessible to people with disabilities "but only insofar as doing so does not pose an undue burden or require a fundamental alteration of their programs."); State Bar Rule 4.82(D)(1) (State Bar definition of "reasonable testing accommodation" includes that it will not "compromise the security or validity of an examination or the integrity or of the examination process.").  For example, "Appendix C" includes requests such as "[p]ermission to use restroom freely and still return to test session in progress" and "[e]xemption from AI or remote proctoring security flags" if taking the Examination remotely, which both clearly and inherently raise issues of examination security and potential cheating. Renewed Mot. at 33:14; 33:25.  Plaintiff offers no attempt to resolve these issues—nor could he—and accordingly he cannot avoid the fact that, at a minimum, his requests for such

---

[8] Furthermore, the claims in Plaintiff's Amended Complaint that relate only to the timing or procedures of Defendants' accommodations petition process, and not the actual accommodations provided to Plaintiff, also fail to state a claim. Neither Title II nor its regulations dictates any particular process for receiving accommodation requests, any precise timeline for deciding on accommodation requests, any particular process for how such decisions should be reached, nor how much explanation must be given about an accommodation decision to a qualified individual with a disability.  *See* Defendants' Motion to Dismiss [Dkt. No. 22] at 16:7–18:14 and Reply in support thereof [Dkt. No. 28] at 8:22–9:23.

accommodations raise significant factual questions that make a mandatory preliminary injunction inappropriate.

In short, Plaintiff has not met his burden of demonstrating that the law and facts clearly favor his position that a mandatory preliminary injunction is appropriate.  Accordingly, his Renewed Motion should be denied.

### C.    Plaintiff Fails to Allege Irreparable Harm Should the Preliminary Injunction be Denied.

Plaintiff's Renewed Motion should also be denied because he has not demonstrated that he would suffer irreparable harm if the Court does not grant an injunction.  A mandatory preliminary injunction should "not [be] granted unless extreme or very serious damage will result and [is] not issued in doubtful cases…" *Marlyn Nutraceuticals, Inc.*, *supra*, 571 F.3d at 879 (citation omitted).

Here, Plaintiff states that the irreparable harm at risk in this case is "sending Mr. Kohn into the exam with inadequate and discriminatory accommodations." Renewed Mot. at 25:3–4. More specifically, he argues that (1) he expects that he will lack sufficient money to take the California Bar Examination again in 2021 if he does not pass this upcoming administration; (2) he will need an extension on his moral character application if he does not pass the examination in October; (3) if he fails to pass the October 2020 Examination he will need to find non-legal employment, which will prevent him from effectively studying for a future examination; (4) he will lose the benefit of his recent exam preparation if he must take a future administration; and (5) he may contract COVID-19 during the Examination. *Id.* at 25:7–26:9.

None of Plaintiff's contentions amounts to the type of extreme or very serious damage that can create a showing of irreparable harm. Notably, Plaintiff's contentions that he would struggle financially and lose the benefit of recent studying if required to take a future examination should he fail in October are insufficient, as these contentions are all inextricably bound to the unsupportable assumption that Plaintiff will definitely pass if a preliminary injunction is issued, and will definitely fail otherwise.  Furthermore, these contentions directly acknowledge the available opportunity of future examinations, which itself indicates that any

harm would not be irreparable. *See Kelly v. West Virginia Bd. of Law Examiners*, No. 2:08-00933, 2008 WL 2891036, at *2 (S.D. W. Va. July 24, 2008) (finding that the provision of time-and-a-half instead of double time on bar examination would not create irreparable harm, despite the fact that it would be "undesirable" to have to retake a future administration of the examination should the plaintiff fail).[9]   And as for Plaintiff's passing assertion that he may contract COVID-19 during the Examination, Plaintiff draws no connection between this speculative risk and his requested accommodations, and regardless appears to be expressing a general concern about safety protocols rather than an issue specific to disability accommodations.

Accordingly, this Court should also find that Plaintiff's request for a mandatory preliminary injunction should be denied on the basis that he has not clearly demonstrated that he faces the risk of irreparable harm.

### D.   Plaintiff Has Still Failed to Exhaust His Available Administrative Remedies Through the California Rules of Court.

Finally, even if this Court declines to deny Plaintiff's Renewed Motion on any other grounds, it should still deny it on the basis of Plaintiff's failure to exhaust his available remedies. In its August 13, 2020 Order denying Plaintiff's initial motion for preliminary injunction as prudentially unripe, this Court noted not only that CBE had at that time yet to make a decision on Plaintiff's appeal, but also that, pursuant to California Rule of Court 9.13(d), Plaintiff would have the ability to petition the California Supreme Court for review of a final CBE decision. *See* Order Denying Motion for Preliminary Injunction [Dkt. No. 26] at 7:22–23.  While Plaintiff now

---

[9] Furthermore, while Defendants maintain that Plaintiff's claims for monetary damages are all barred as a matter of law, Plaintiff's Amended Complaint does continue to seek damages for costs previously expended, lost wages and career development, and lost reputation.  Am. Compl. at 28:23–30:16.  Should the Court find any of these damages claims legally viable, then the availability of such monetary relief would also mean that his alleged harms cannot be irreparable. *See, e.g.*, *Marlyn Nutraceuticals, Inc*., supra, 571 F.3d at 879 (mandatory preliminary injunction should also not be issued "where the injury complained of is capable of compensation in damages").

contends that he lacked sufficient time to file a petition for review pursuant to California Rule of Court 9.13(d), Renewed Mot. at 4:4–29, this contention ignores the fact that he was—and is—free to seek an immediate stay or otherwise seek relief on an emergency or expedited basis, including by writ of mandate.  *See* California Rules of Court 8.485 et seq.  This Court may deny the Renewed Motion on this basis as well.

## V.  CONCLUSION

For all of the reasons stated above, this Court should find that Plaintiff has failed to meet his burden to show that he is entitled to a mandatory preliminary injunction, and should deny Plaintiff's Renewed Motion.

Dated: September 14, 2020                     OFFICE OF GENERAL COUNSEL
                                                          THE STATE BAR OF CALIFORNIA

                                                          By:/s/ KENNETH J. HOLLOWAY
                                                                KENNETH J. HOLLOWAY
                                                                Assistant General Counsel

                                                          Attorneys for Defendants

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF SERVICE**

I, Joan Randolph, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On September 14, 2020, following ordinary business practice, I filed via the United States District Court, Northern District of California electronic case filing system, the following:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California, on September 14, 2020.

/s/Joan Randolph
Joan Randolph