UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KOHN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants. | Case No. 20-cv-04827-PJH<br><br>**ORDER DENYING RENEWED MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 29 |

Before the court is plaintiff Benjamin Kohn's ("plaintiff") renewed motion for preliminary injunction. The matter is fully briefed and suitable for resolution without oral argument. Having read the papers[1] filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court DENIES the motion, for the following reasons.

**BACKGROUND**

On July 18, 2020, plaintiff filed a complaint against defendants the State Bar of California ("State Bar") and the California Committee of Bar Examiners (the "CBE" or "Committee" and, together with the State Bar, "defendants") alleging seven violations of the Americans with Disabilities Act ("ADA") and seven corresponding violations of California's Unruh Act, Cal. Civ. Code § 51(f). Dkt. 1. The same day, plaintiff filed a motion for preliminary injunction, (Dkt. 2), which the court denied on August 13, 2020,

---

[1] Both plaintiff's motion brief and reply brief exceed the applicable page limits—25 pages for a motion and 15 pages for a reply—for such filings. See Civ. L.R. 7-2(b), 7-3(c). The court admonishes plaintiff to adhere to the Civil Local Rules in any future filings or the court will strike such filings.

(Dkt. 26), finding that plaintiff's motion was not ripe for adjudication.  Subsequent to this court's opinion denying the motion for preliminary injunction, plaintiff filed a first amended complaint ("FAC") that brings the same fourteen claims under the ADA and Unruh Act as the original complaint.  Dkt. 32.

Plaintiff is a law school graduate who has registered to take the October 2020 sitting of the California Bar Examination.  FAC ¶ 19.  Plaintiff suffers from and has been diagnosed with several physical and psychological conditions including autism and neurological/attention disorders, digestive system conditions (gastroparesis, postoperative dysphagia, pelvic floor dyssynergia, and irritable bowel syndrome with chronic constipation), and visual impairments (keratoconus, dry eye syndrome, uncorrectable astigmatism, floaters).  Id. ¶¶ 8–14; Mtn. at 5–8.

Plaintiff has previously taken the California Bar Examination in July 2018, February 2019, and February 2020, but did not pass those three administrations.  Mtn. at 5–6.  For each sitting, plaintiff requested a series of accommodations from defendants, who administer the state bar examination and adjudicate requests for accommodation.  For a more complete recitation of the testing accommodations that CBE previously granted and denied to plaintiff, the court refers readers to its prior order.  Dkt. 26 at 2–3.

On March 19, 2020, plaintiff submitted a petition for testing accommodations for the July 2020 exam, which has since been rescheduled to October.  The request sought all previously requested accommodations for plaintiff's past attempts to pass the bar examination.  CBE informed plaintiff that his file would be considered at CBE's August 21, 2020 meeting.

On August 27, 2020, CBE issued a letter to plaintiff notifying him that, in addition to affirming his previously granted requests, the Committee granted his request for double time and one half per section and his request for no more testing time per day than non-disabled students with a corresponding increase in the number of days to take the exam.  Dkt. 29-1.  The Committee denied plaintiff's requests for: administration of the exam over weekend days only, testing in a private room, pre-scheduled breaks to be

taken instead at plaintiff's discretion, Committee to provide a complete ergonomic workstation, committee to provide hotel room for plaintiffs, private room in which plaintiff is allowed to leave all equipment, and assignment to an experienced proctor. See id. The Committee noted that while it had not specifically granted his requested private room, that plaintiff would be assigned to a private room at the in-person test center because of the COVID-19 pandemic in which plaintiff could leave his equipment. Id. The Committee also noted that its proctors were trained and required to perform their service to the best of their abilities. Id.

Despite the accommodations granted by the CBE, plaintiff filed this renewed motion for preliminary injunction seeking additional accommodations. Dkt. 29.

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 65 provides federal courts with the authority to issue preliminary injunctions. Fed. R. Civ. P. 65(a). Generally, the purpose of a prohibitory preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered. See U.S. Philips Corp. v. KBC Bank N.V., 590 F.3d 1091, 1094 (9th Cir. 2010). In contrast to a prohibitory injunction, a "mandatory injunction orders a responsible party to 'take action,'" Meghrig v. KFC W., Inc., 516 U.S. 479, 484 (1996), and "goes well beyond simply maintaining the status quo . . . [and] is particularly disfavored," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 879 (9th Cir. 2009) (second alteration in original) (quoting Anderson v. United States, 612 F.2d 1112, 1114 (9th Cir. 1979)). "In general, mandatory injunctions 'are not granted unless extreme or very serious damage will result and are not issued in doubtful cases or where the injury complained of is capable of compensation in damages.'" Id. (quoting Anderson, 612 F.2d at 1115).

An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren,

553 U.S. 674, 689–90 (2008).  A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam).  "A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, that [2] he is likely to suffer irreparable harm in the absence of preliminary relief, that [3] the balance of equities tips in his favor, and that [4] an injunction is in the public interest."  Winter, 555 U.S. at 20.

Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the Winter test are also met."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Id. at 1135; see also Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 856 (9th Cir. 2017).

**B.   Analysis**

In the court's prior order denying plaintiff's motion for preliminary injunction, the court determined that plaintiff's motion was not ripe because defendants had not issued a final decision regarding plaintiff's testing accommodation petition.  Dkt. 26 at 6.  On August 27, 2020, the CBE issued its final decision that granted some of plaintiff's requested testing accommodations, clarified other testing arrangements, and denied the remainder of his requests.  Mtn. at 4; Dkt. 29-1.  Plaintiff contends that his case is now ripe, (Mtn. at 4),[2] and defendants do not appear to contest this point.  Because the CBE has completed its review of plaintiff's petition, this case is ripe for adjudication.

Plaintiff moves for a preliminary injunction that would order defendants to grant the disability accommodations he has requested in his testing accommodations petition and

---

[2] Pin citations to plaintiff's motion and reply briefs are to the CM/ECF page numbers electronically stamped on his filing.  In any future filings, plaintiff should include page numbers in the footer of his documents, include a table of contents, table of authorities, and proposed orders as required by the Civil Local Rules.

1    appeal to the CBE as well as in his FAC.  Id. at 5.  Rather than listing his requested relief
2    in his motion, plaintiff cross references Appendix C to his motion that purports to
3    summarize his requested relief.³  Plaintiff clarifies that he is no longer requesting testing
4    only on weekend days.  Id.  In turn Appendix C lists six "issues," which have
5    corresponding requests associated with each issue.  Id. at 32–33.  Many of these
6    requests are related to COVID-19 concerns.  For example, plaintiff requests taking the
7    test at home while receiving approved accommodations, instructions to onsite staff not to
8    terminate the exam based on plaintiff's coughing, camera-based supervision of plaintiff
9    during meal breaks, and all proctors and staff wear facial masks and keep appropriate
10   physical distance.  Id. at 32.  As defendants point out, several of these requests are
11   raised for the first time in the current motion and plaintiff did not include them in his initial
12   petition to CBE, his follow up submissions in June and July, (Dkt. 11 at 49–56 (June 4,
13   2020 submission), 102–09 (July 13, 2020 submission), 203–10 (July 14, 2020
14   submission)), or in his prior motion for preliminary injunction, (Dkt. 2 at 2).

In support of his requested relief, plaintiff asserts that he is likely to succeed on the merits of his ADA claim.  Mtn. at 8.  "Title II of the ADA, the title applicable to public services, provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity . . . .'"  K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1096 (9th Cir. 2013).  "To prove a public program or service violates Title II of the ADA, a plaintiff must show: (1) he is a 'qualified individual with a disability'; (2) he was either excluded from

---

³ Defendants take issue with plaintiff's requested relief, contending that plaintiff's motion violates Civil Local Rule 7-2(b)(3) requiring a concise statement of what relief the movant seeks.  Opp. at 8.  Plaintiff responds that Appendix C, attached to his motion, contains the full list of his requested accommodations.  Reply at 5.  The court agrees with defendants that plaintiff's requested relief, even reviewing Appendix C, is confusing and violates the spirit if not the letter of Civil Local Rule 7-2(b)(3).  Because the court can resolve the motion on its merits, the court does not deny the motion on this procedural defect.  For the same reason, the court does not reach the parties' contentions regarding the procedures by which plaintiff purports to submit evidence in support of his motion.

5

participation in or denied the benefits of a public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability." Weinreich v. L.A. Cty. Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997) (citing 42 U.S.C. § 12132; and Does 1–5 v. Chandler, 83 F.3d 1150, 1154–1155 (9th Cir. 1996)).

Plaintiff asserts that he is disabled, (Mtn. at 9–14), and defendants do not challenge the substance of his assertion. Indeed, the CBE has already granted plaintiff testing accommodations in connection with his petition which presupposes the CBE's belief that plaintiff is disabled. Rather, the parties dispute whether the CBE has failed to provide reasonable accommodations. Plaintiff contends that his requests are reasonable on their face since they would allow him to illustrate his intellectual abilities and mastery of the subject. Id. at 14–15. Defendants respond that plaintiff has already been granted substantial accommodations for the October 2020 exam. Opp. at 19. They further argue that significant factual disputes exist as to whether plaintiff's requested accommodations (as opposed to those already granted) are reasonable. Id. at 20. According to defendants, plaintiff's remaining requested accommodations are so expansive and inconsistent that they raise questions concerning whether they are reasonable or whether they fundamentally alter the administration of the Bar Exam.

The court agrees with defendants. As the court observed in its prior order, the CBE's staff routinely handles petitions for testing accommodations and engages expert consultations to evaluate medical claims. Dkt. 26 at 7. Now, plaintiff seeks an end run around the normal State Bar petition and appeal process and further urges this court to essentially overrule the Committee's medical experts by parsing the evidence that he has submitted in support of his prior motion for preliminary injunction. Moreover, he seeks a mandatory injunction on an abbreviated timeline prior to the October Bar Exam. To top it off, plaintiff requests accommodations that he apparently has not submitted to the CBE. All this is not to say that injunctive relief is never warranted in an ADA testing accommodation case, but plaintiff has a high bar to clear given the "heightened scrutiny"

required to grant mandatory relief.  Dahl v. HEM Pharmaceuticals Corp., 7 F.3d 1399, 1403 (9th Cir. 1993); see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) ("When a mandatory preliminary injunction is requested, the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" (quoting Anderson, 612 F.2d at 1114)).

Plaintiff has not met this heightened burden.  Plaintiff's physicians recommend a bevy of potential accommodations including frequent "stop the clock" breaks timed on plaintiff's symptoms, assignment of a proctor familiar with autistic individuals, access to a computer, a private room, provision of nonportable ergonomic equipment, permission to eat and drink food and beverages in the exam room and remain in the exam room subject to proctor supervision, use of a larger external monitor, and no in-person testing due to COVID-19.  See Mtn. 15–18.  Yet, CBE has already granted several accommodations including: double and one-half time for each session, total testing per day not to exceed 6.5 hours, testing in a semi-private room, permission to bring own laptop and backup computer, permission to bring food and drink into the testing room, permission to remain in the examination room during lunch breaks, and permission to bring own ergonomic equipment.  Opp. at 5; Ex. 29-1 at 2.  Further, the CBE also explained that the State Bar's COVID-19 protocols mean that plaintiff will be tested in a private room with a locking door, plaintiff would be free to use additional total testing time to take breaks at his discretion, and all proctors are trained to perform their services to the best of their abilities.  Ex. 29-1 at 2.

Thus, it is not clear based on the present factual record whether the multiple accommodations already granted by the CBE are insufficient to meet the ADA's reasonable accommodation standard.  Given the standard required to enter a mandatory injunction, the facts do not clearly favor plaintiff and he has not established that he is likely to succeed on the merits of his Title II ADA claim.  Because the law and facts do not clearly favor plaintiff, the court must deny the mandatory preliminary injunction.  Anderson, 612 F.2d at 1114.

Because plaintiff has not demonstrated he is likely to succeed on the merits, the court does not reach the remaining factors. See DISH Network Corp. v. F.C.C., 653 F.3d 771, 776–77 (9th Cir. 2011) ("[B]ecause we agree with the district court that [the plaintiff] has failed to satisfy its burden of demonstrating it has met the first element, we need not consider the remaining three.").

## CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's renewed motion for preliminary injunction.

**IT IS SO ORDERED.**

Dated: September 25, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge