Benjamin Kohn
*Pro Se* Plaintiff pending appointment of counsel, Dkts. 64, 72.
1913 Fordham Way,
Mountain View, CA 94040
(650) 919-3584
Benjamin.s.Kohn@gmail.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KOHN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA, CALIFORNIA COMMITTEE OF BAR EXAMINERS, and THEIR AGENTS IN THEIR OFFICIAL CAPACITY,<br><br>Defendants. | Case No.: 4:20-cv-04827-PJH<br><br>**Request to Backdate Filing of Case Management Statement, and Declaration in Support.**<br><br>JUDGE: Hon. Phyllis J. Hamilton<br><br>DATE: November 6, 2025 (CMC)<br>TIME: 10:00 a.m.<br>COURTROOM: Room 3–3rd Floor (Remotely via Zoom). |

**Request to Backdate Plaintiff's Case Management Statement:**

Plaintiff, Benjamin Kohn, respectfully requests that this Court backdate the concurrently-filed Case Management Statement as timely filed on October 30, 2025, or otherwise retroactively extend the deadline for filing his Case Management Statement through today, October 31, 2025. This request is based on his appended declaration, and because he attempted to e-file that document on that date as authorized by this Court's order at Dkt.46, but received the error message "There are no cases in which you are allowed to file"; and as neither the ECF system's refusal at that time to permit the filing, nor the last minute afterhours-on-deadline timing of the attempt had been caused by any negligence on his part.

Dated: October 31, 2025                                         Respectfully Submitted,

                                                                                /s/ Benjamin Kohn

**Declaration of Benjamin Kohn ISO Request to Backdate:**

1. I am Benjamin Kohn, the plaintiff in this action. I am informed, and believe, that when prospective-counsel Kathleen Becket filed a motion for herself and attorney Andrew Rozynski to be appointed as pro bono counsel at Dkt.72, which remains pending, she did not intend to make an appearance, and had not agreed to make any other filings or take any other actions in my behalf unless and until appointed as counsel by the Court. I first reiterated this same understanding to the Court and Defendants' counsel in an email clarifying the scheduling of the Case Management Conference set herein sent on October 27, 2025. The Court's response to me on October 28, 2025, seemed to accept and reflect the same understanding.

2. Nevertheless, that motion erroneously caused the ECF system to register an entry of appearance by Ms. Becket, which caused it to classify me as already a represented party who is not authorized to submit electronic filings in ECF. This was not corrected until I had the opportunity to communicate with Court staff earlier today.

3. As Defendants also represented in their CMS at Dkt.73, I have been proceeding *pro se* during meet-and-confer correspondence with Defendants' Counsel by phone and email from October 24, 2025 to October 30, 2025. I expended many hours over the past week diligently working in good faith to attempt to reach a Joint Case Management Statement by the date set by the Court.

4. I was first informed that the parties would not be able to agree on a joint statement late afternoon yesterday, on the deadline. Acting with diligence and good faith, and at significant personal inconvenience, I raced to revise and restructure my draft into an individual statement that could be timely filed without requiring an extension or continuance, neither of which have I previously received for this conference, or for this statement that required extensive collaboration with Defendants, and was ordered due within less than two weeks of the order requesting it.

5. My disabilities require an intensive medical appointment treatment schedule that averages more than one medical appointment per business day just as the baseline for the chronic conditions. The locations of these appointments are distributed throughout the Bay Area, as appropriate specialists who accept insurance are scarce. The safety and propriety of these treatments are often interdependent on the precise timing relative to each other, and to consistent internal intervals. This regime generates considerable insurance and pharmacy workload, much of which can only be performed during business hours. Accordingly, short and inflexible deadlines and frequent and/or inflexibly timed needs live communication with others, and especially for unscheduled in-person visits to a courthouse that is more than an hour each way travel time from my residence, places extraordinary burdens on me and undermines the accessibility of Court for my disabilities.

6. I attempted to e-file afterhours yesterday, but received an error message in ECF of "there are no cases in which you are allowed to file," which occurred when rechecking earlier this morning. I still delivered notice of this issue, and a copy of my Case Management Statement, to both Court staff and Defendants' counsel before the end of the calendar day last night.

7. I was informed earlier today that the Court will not accept the filing, nor any requests for extension or continuance, through email, even in these circumstances.  After subsequent follow-up, the erroneous premature appearance entry was corrected and my ECF permission restored.

**I, Benjamin Kohn, declare under penalty of perjury that the above is true and correct to the best of my knowledge and belief.**

Dated: October 31, 2025                                            Respectfully Submitted,

                                                                                           /s/ Benjamin Kohn