1 Benjamin Kohn
2 *Pro Se* Plaintiff pending appointment of counsel, Dkts. 64, 72.
3 1913 Fordham Way,
4 Mountain View, CA 94040
5 (650) 919-3584
6 Benjamin.s.Kohn@gmail.com
7
8                         UNITED STATES DISTRICT COURT
9                         NORTHERN DISTRICT OF CALIFORNIA
10

BENJAMIN KOHN, an individual,                    Case No.:  4:20-cv-04827-PJH

              Plaintiff,                          **Reply in Support of Motions for**
                                                  **Appointment of Counsel**
       vs.                                        **(Dkts. 64, 72, 75).**

THE STATE BAR OF CALIFORNIA,
CALIFORNIA COMMITTEE OF BAR                       JUDGE:  HON. PHYLLIS J. HAMILTON
EXAMINERS, and THEIR AGENTS IN                    DATE: November 6, 2025 (CMC)
THEIR OFFICIAL CAPACITY,                          TIME: 10:00 a.m.
                                                  COURTROOM: Room 3–3rd Floor
              Defendants.                         (Remotely via Zoom).

11

12       In their response to the motions, at Dkt.75, Defendants register their non-opposition to

13 the Court appointing Ms. Becket and Mr. Rozynski as pro bono counsel, but reiterate their

14 opposition to the requests concerning the SAC deadline that Kohn and his prospective counsel

15 had requested in their motions and Case Management Statement (CMS)–Dkts. 64, 72, 74–which

16 Defendants had asserted in their own Case Management Statement, Dkt.73. Like Defendants,

17 Kohn reasserts for his reply the position and elaborations on this issue that he'd taken in his

18 CMS at pp.13-16, and verifies by sworn declaration in the appended verification statement.

19 Fundamentally, despite purporting its counter-proposed SAC deadline to "not burden either party

20 during the holidays," Defendants' deadline proposal would render continuing to pursue his rights

21 in this action as likely to cause Kohn irreparable medical harm, and seemingly certain to

22 *maximize* the disruption of doing so to Kohn (and likely his prospective pro bono counsel) over

23 said holidays, which fall earlier in December for Kohn's family and cultural/religious heritage

24 than Defendants assumed (Kohn's family primarily celebrates Thanksgiving, Hannukah–

25 December 15-21, 2025–New Years Eve, and birthdays on December 29 and January 9).

As elaborated below and in his CMS, Dkt.74 at p.15, Kohn anticipates a considerable reduction in health insurance coverage available to him in 2026, and consequently the scope of health care financially accessible to him after 2025. "Kohn's chronic conditions require extensive inelastically scheduled medical treatment currently comprising 8-15+ medical appointments on average per week, with complex pharmacy and insurance overhead tasks and many hours per week of transit time. Kohn's unusually generous health insurance coverage to date and through 2025 was received through a voluntary policy of his father's employer, which was recently acquired by another corporation that offers far less generous health insurance benefits. Kohn will consequently need to transition to a far less expansive plan–which needs to be thoroughly researched and timely selected–and considerable transition of care arrangements need to be researched and accomplished before 2026, or for some providers early in 2026, which may include a completely reshuffled compilation and pursuit of gap exception requests as the networks shift among Kohn's dozens of specialized health care providers." *Id.*

These circumstances severely exacerbate the likely harms of postponing or temporarily throttling Kohn's existing treatment plan for the remainder of 2025–let alone the urgent research and negotiations required in 2025 concerning Kohn's timely 2026 health insurance selection, enrollment, and financing, to mitigate the extent of the inevitable constrictions on health care access in 2026 enough to avoid life-threatening consequences–just to expedite the process of identifying and compiling the relevant facts for the SAC not already in the record and/or not easily discernable and comprehensible as presently presented in the record, let alone distilling the sequencing and presentation of that information enough even to debrief prospective counsel. This is an exceedingly time-consuming and non-delegable outstanding task that only Kohn can do and that he's estimated to require more than 100 additional hours of his time, CMS Dkt.74 at

p.15, within the constraints of disabilities known to slow the pace of work Kohn can turnaround

(and also time diverted to addressing Case Management Statement and motion practice issues),

and which will require review of tens of thousands of pages of documents with meticulous

parsing. CMS, Dkt.74 at pp.14-16. Kohn's completion of that task is a chokepoint to any–and

especially to *new*–counsel's capacity to fully progress on assisting further distillation and

application of those facts in an SAC, a process that also will require continued substantial

supervision from, and collaboration with, Kohn, even assuming Kohn will become represented.

Beyond medical care, the seasonal timing also would *ensure* that a January 5, 2026

deadline–the outer limit proposed by Defendants–*does* cause *maximum* holiday disruption. As

discussed above, the bulk of the antecedent steps in the SAC drafting workflow to be borne by

Kohn personally fall sequentially first, and several of Kohn's annual Thanksgiving and

Hannukah holiday gatherings would likely take place during the impacted period, including late

November to early-to-mid December. Then, for Defendants' proposed deadline, even if Kohn

did the above threshold steps expedited to a pace prejudicial to medical needs, the subsequent

tasks for Kohn's prospective counsel would fall squarely during the late December (Christmas)-

New Years time window, which likely is the worst possible timing for them. To top it off, the

most intensive collaboration involving Kohn's finalized edit requests for counsels' drafts would

then fall squarely on his birthday and New Years gatherings.

Accordingly, even if Kohn does accomplish the factual debriefings to prospective counsel

meaningfully in advance of Defendants' proposed outer deadline of January 5, 2026 (itself

doubtful in these circumstances without causing irreparable harm), the scope and complexity of

any prospective counsel's subsequent task of crafting the SAC from such voluminous materials

and input would force Ms. Becket and Mr. Rozynski to, in order to meet what by then at best

1    would be an *imminent* deadline, turnaround the SAC at an extremely intensive and disruptive

2    pace, and likely do so during the Christmas-New Years' time window. This would be an

3    exceptional and undue burden on them. Ordering them to do so would be an affront to the

4    generosity they've displayed by volunteering to be appointed as pro bono counsel herein. This

5    Court has a practice of providing extra flexibility on deadlines to avoid causing severely

6    burdensome presses of work sometimes expected of retained counsel–and other procedural

7    leniency, expense accounts, services, and incentives–to attorneys who volunteer their time as

8    appointed pro bono counsel. Imposing such a burden on pro bono volunteers in this (or any

9    other) case would instead set a conflicting precedent that risks eliciting apprehensions about the

10   nature of the commitment to the entire pool of volunteer attorneys. This could substantially

11   undermine this Court's overall influence for recruiting appointed pro bono counsel in suitable

12   cases prospectively. In this case alone, doing so could risk jeopardizing Kohn's access to willing

13   counsel, and at bottom would be extremely unfair to Ms. Becket and Mr. Rozynski.

14          Defendants have not articulated any particular prejudice to them from the approximately

15   one month longer deadline Kohn requests compared to their current demand, apart from the

16   universal, cumulative interest in resolving this case without excessive delays. While Kohn

17   recognizes that the recently concluded appeal herein consumed an exceptionally long period of

18   time to resolve, while only marginally narrowing the remaining issues, most of that time period

19   reflected that appeal's unique procedural course and extended adjudication periods on the

20   Court's end necessitated by the complexity of the issues, and also partly from Defendants'

21   uncontested request and receipt of over five months from Kohn's opening brief to file its

22   answering brief. Nowhere in the history of this case has Kohn ever lacked diligence, or exhibited

23   any history of bad faith dilatory tactics. Accordingly, that general interest alone could not

1   possibly justify subjecting Kohn, Ms. Becket, and Mr. Rozynski to the severe hardships and

2   prejudice Defendants' proposed deadline would cause. Moreover, the impact of that disputed

3   month to the timing of a complete resolution to this case is all but certain to be eclipsed by many

4   inescapable processing time variations for future stages of proceedings, by far more time and for

5   far more routine reasons, and so would not likely have a material impact even in a hypothetical

6   where every applicable Court fully accepts Defendants' positions henceforth.

7          And even from the vantage of that interest, Defendants overlook the risks of much longer

8   delays to the overall efficient resolution of the case their approach presents. These risks include

9   forced or pressured rushing of the SAC causing omissions or errors that would require further

10  leave to amend and extraneous motion to dismiss briefing, or even worse, additional rounds of

11  appeal to determine whether Kohn is entitled to make further non-futile amendments, either of

12  which would cause vastly longer delays and impose vastly larger burdens on litigation and

13  judicial economy than would facilitating a deadline that can produce an operative complaint on

14  which the case can meaningfully proceed. Defendants further overlook the potential delay in a

15  scenario where the deadline is so infeasible and/or medically prejudicial that Kohn is unable to

16  timely file an SAC at all, and thus likely would seek an interlocutory appeal from the decision to

17  deny Kohn's requested deadline–and/or would appeal any dismissal for failure to prosecute–on

18  the position that this Court setting such a deadline would have been an abuse of discretion.

19                                          **<u>Conclusion:</u>**

20         The motion to appoint pro bono counsel first made at Dkt.64, and modified/augmented at

21  Dkt.72, should be granted as soon as possible. The practically and ethically abridged availability

22  of counsel during this pre-representation period and its uncertainty continuing into the immediate

23  resumption of proceedings in the interim ordered by the Court has caused both a clerical mess–

24  see CMS Dkt.74, att.1–and has put Kohn in the position of having to participate in extensive

25  meet-and-confer processes and prepare legal documents that could have a material substantive

impact on Kohn's rights and the posture of this case, including Kohn's good faith attempts to proceed with Case Management proceedings in the interim. Upon familiarization with the scope of issues and positions to be resolved and taken at the Case Management stage according to the State Bar's understanding of this Court's standing orders, and upon the Court's position regarding the circumstances addressed at Dkt.74, Att.1, Kohn has reached the conclusion that until this motion can be resolved, he may not be prepared to give a definitive position beyond his CMS on all of the Case Management issues the Court may request one. Without confirmation of appointment, Ms. Becket and Mr. Rozynski have largely not had capacity to meaningfully confer with Kohn about certain of the issues raised by the CMS, and Kohn's position on those issues cannot be finalized without the advice of counsel.

This is particularly applicable to any position or stipulations concerning: (1) the scope and effect of the law-of-the-case doctrine; and (2) the full substantive issues the SAC would present; and (3) whether an FRCP 60 or other motion can or should be made concerning Rehabilitation Act claims; and (4) the exact circumstances under which Kohn would or would not seek to revisit the Ninth Circuit's prior arm-of-the-State holding based on intervening changes in the law; and (5) the extent to which discovery should be conducted, whether pleading stage jurisdictional discovery would be appropriate, and when discovery might be available within the proceedings. Kohn will attend the November 6, 2025, Case Management Conference, but will request to stay the above topics until after he is represented by counsel and has had a meaningful chance to confer with counsel thereupon. Kohn respectfully requests that any oral argument that might benefit or expedite the Court's consideration of the present motion be heard at the November 6 CMC, and further hopes that the initial CMC can be productive for addressing the potential need for a partial stay and bifurcation, case scheduling logistics, the SAC deadline dispute, and the parties' dispute over the requirement for (and timing of) certification to the U.S. Attorney General pursuant to FRCP 5.1 and 28 U.S.C. 2403.

Dated: November 5, 2025

/s/ Benjamin Kohn

**<u>Verification Statement:</u>**

I, Benjamin Kohn, hereby declare under penalty of perjury under the laws of the United States that the assertions of material fact contained in this reply and in the cited portions of my Case Management Statement are true and correct to the best of my knowledge and belief.

<u>/s/ Benjamin Kohn</u>    Dated: November 5, 2025.

**<u>Certificate of Word Count:</u>**

Excluding exempted portions, the text of this reply contains 1,859 words as counted by the Microsoft Word software used to prepare it.

<u>/s/ Benjamin Kohn</u>    Dated: November 5, 2025.

**<u>Certificate of Service:</u>**

I, Benjamin Kohn, hereby certify that I will e-file this Reply with the Clerk of the U.S. District Court for the Northern District of California, and thereby serve Defendants' counsel. Dated: November 5, 2025.

<u>/s/ Benjamin Kohn</u>    Dated: November 5, 2025.