ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 765-1008
Email: Jennifer.Sperling@calbar.ca.gov

BRADY R. DEWAR (252776)
Assistant General Counsel
JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
THE STATE BAR OF CALIFORNIA
OFFICE OF GENERAL COUNSEL
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2309

Attorneys for Defendants
THE STATE BAR OF CALIFORNIA;
CALIFORNIA COMMITTEE OF BAR
EXAMINERS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KOHN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA, CALIFORNIA COMMITTEE OF BAR EXAMINERS, and THEIR AGENTS IN THEIR OFFICIAL CAPACITY,<br><br>Defendants. | Case No.: 4:20-cv-04827-PJH<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE STATE BAR OF CALIFORNIA AND COMMITTEE OF BAR EXAMINERS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>DATE: December 17, 2026<br>TIME: 1:30 p.m.<br>COURTROOM: 3, 3rd Floor<br>JUDGE: Hon. Phyllis J. Hamilton |

**TO PLAINTIFF, IN PRO PER, AND ALL OTHER PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Federal Rule of Evidence 201, defendants State Bar of California and Committee of Bar Examiners (together hereinafter, the "State Bar") hereby requests that this Court take judicial notice of the following documents in connection with the State Bar's Motion to Dismiss Plaintiff Benjamin Kohn's ("Kohn") Third Amended Complaint:

1. Rules of the State Bar of California 4.80–4.92, effective 2008 through December 21, 2025, a true and correct copy of which is attached as Exhibit 1.

2. August 10, 2020 Administrative Order 2020-08-10 by the California Supreme Court issuing instructions for remote administration of the October 2020 bar exam and ordering reduction in passing score, a true and correct copy of which is attached as Exhibit 2.

3. August 14, 2020 letter from Matthew M. Selvagn to the State Bar regarding "Notice of Claims – Benjamin Kohn," presenting claims against the California State Bar and California Board of Bar Examiners by Benjamin Kohn, a true and correct copy of which is attached hereto as Exhibit 3.

4. August 31, 2020 letter from Matthew M. Selvagn to the State Bar regarding "Notice of Claims – Benjamin Kohn," resubmitting the claims against the California State Bar and California Board of Bar Examiners by Benjamin Kohn that were presented in the August 13, 2020 letter, a true and correct copy of which is attached hereto as Exhibit 4.

5. September 28, 2020 response from the State Bar rejecting the claims that were presented to the State Bar on August 14, 2020 and submitted again on August 21, 2020, a true and correct copy of which is attached hereto as Exhibit 5.

6. March 22, 2023 directive from the California Supreme Court to the State Bar requiring the State Bar to propose Rule of Court amendments requiring committees to identify and assess conflicts of interest among candidates for appointment to the State Bar Court and Board of Trustees, a true and correct copy of which is attached as Exhibit 6.

RJN ISO Motion to Dismiss Third Amended Complaint                Case No. 4:20-cv-04827-PJH

7. April 19, 2023 directive from the California Supreme Court to the State Bar requiring the State Bar to draft amendments to the Conflict of Interest Code for the Board of Trustees of the State Bar of California and submit to the Chief Justice for review, a true and correct copy of which is attached hereto as Exhibit 7.

8. State Bar record containing Office of Admissions reporting of total pass rate statistics for the general bar examination for dates of administration between Fall 1951 and July 2024, a true and correct copy of which is attached hereto as Exhibit 8. Exhibit 8 is available to the public on the website maintained by the State Bar at:

https://www.calbar.ca.gov/sites/default/files/portals/0/documents/admissions/Examinations/GBX-Passrate-Summary.pdf

9. State Bar records setting forth the dates of annual bar administration, a true and correct copy of which is attached hereto as Exhibit 9. Exhibit 9 is available to the public on the website maintained by the State Bar at:

https://www.calbar.ca.gov/admissions/examinations/california-bar-examination

\*     \*     \*

Rule 201 of the Federal Rules of Evidence authorizes a court to take judicial notice of a fact that is not subject to reasonable dispute because the fact "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"A trial court may presume that public records are authentic and trustworthy." *Gilbrook v. City of Westminster*, 177 F.3d 839, 858 (9th Cir. 1999). Specifically, courts may take notice of records of state agencies, including regulations. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012) ("[A court] may take judicial notice of records and reports of administrative bodies.") (internal quotation marks omitted); *S. Bay United Pentecostal Church v. Newsom*, 985 F.3d 1128, 1132 n.1 (9th Cir. 2021) (granting judicial notice of "updated county and state regulations and federal FAA regulations"). Documents "made publicly available by government entities," including on their websites, are trustworthy. *Daniels-Hall v.*

*Natl. Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (taking judicial notice of materials available on school district's website); s*ee also, e.g., Gerritsen v. Warner Bros. Ent. Inc.,* 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies."). All of the above records, Exhibits 1–9, are public records subject to judicial notice, and the authenticity of such records cannot reasonably be questioned.

Moreover, "[j]udicial notice is properly taken of orders and decisions made by other courts or administrative agencies." *Papai v. Harbor Tug & Barge Co.*, 67 F.3d 203, 207 (9th Cir. 1995), rev'd, 520 U.S. 548, 117 S. Ct. 1535, 137 L. Ed. 2d 800 (1997); *see also CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1087 (C.D. Cal. 2015) ("court orders and filings are proper subjects of judicial notice."). Thus, the administrative orders and decisions of the California Supreme Court are all proper subjects of judicial notice. *See Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (taking notice of state court filings related to appeal); *see also Giorgis v. Fetter*, No. CV-14-02700-PHX-SRB, 2015 WL 13333688, at *1, n.1 (D. Ariz. Jan. 20, 2015) (taking judicial notice of state court administrative order). Exhibits 2, 6, and 7 are subject to judicial notice for this reason.

Plaintiff's tort claim filed with a state agency and the agency's response are also public records of which courts in the Ninth Circuit have routinely taken notice. *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 812 (N.D. Cal. 2019); *Varo v. Los Angeles Cnty. D.A.'s Off.*, 473 F. Supp. 3d 1066, 1070–71 (C.D. Cal. 2019) (granting judicial notice of plaintiffs' government claims because the "pre-lawsuit claims are matters of public record whose accuracy cannot reasonably be questioned"); *Rogers v. California Hwy. Patrol Officer Macias*, No., 2019 WL 4540119, at *1 n.2 (C.D. Cal. Apr. 25, 2019*)* (granting judicial notice of government claim and denial); *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1042 (E.D. Cal. 2010) (same).

Courts may also take judicial notice of facts "capable of accurate and ready determination by resort or sources whose accuracy cannot be reasonably questioned." Fed. R.

Evid. 201(b). This includes standard bar exam dates and passage statistics that have been published by the State Bar and made available on its website. *United States ex rel. Relator LLC v. Duff*, No. 24-CV-01002-AMO, 2026 WL 730807, at *2 (N.D. Cal. Mar. 16, 2026) (taking judicial notice of court management statistics available on a government website); *United States v. Lopez-Valdez*, No. 3:18-CR-01549-GPC, 2021 WL 2453278, at *1 (S.D. Cal. June 16, 2021) (taking judicial notice of "government statistics and reports" available from reliable internet sources). Accordingly, this Court may take judicial notice of the bar exam dates and exam passage statistics in Exhibits 8 and 9.

Dates of specific acts reflected in sources whose accuracy cannot reasonably be questioned are likewise capable of accurate determination and a proper fact for judicial notice. *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1042 (E.D. Cal. 2010) (taking judicial notice of the dates of correspondence asserting and rejecting a tort claim); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (finding no abuse of discretion in taking judicial notice of the date of a patent application); *Cyntec Co., Ltd. v. Chilisin Elecs. Corp.*, No. 18-CV-00939-TLT, 2026 WL 395709, at *2 (N.D. Cal. Feb. 12, 2026) (granting judicial notice of certain records for the purpose of establishing dates when actions occurred). Thus, this Court may take judicial notice of the dates of the government claim correspondence in Exhibits 3, 4, and 5, and of the California Supreme Court's actions set forth in Exhibits 2, 6, and 7.

Additionally, "[i]n ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court may take judicial notice of matters referred to in the complaint, but not attached, where the document's authenticity is not contested." *Weisberg v. Takeda Pharm. Co. Ltd.*, 2018 WL 6219879, at *1 n. 1 (C.D. Cal. May 7, 2018); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) ("a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned"). Plaintiff refers to the State Bar's exam failure rates in his Third Amended Complaint (TAC ¶63(h)), and the dates on which his government claims were sent and rejected (TAC ¶¶ 216, 274). And given his reliance, he cannot reasonably object to the authenticity of

these documents. The Court may therefore take judicial notice of Exhibits 3, 4, 5, and 8 for this reason as well.

Judicial notice of all of these records is therefore appropriate.


Dated: July 24, 2026                STATE BAR OF CALIFORNIA
                                    OFFICE OF THE GENERAL COUNSEL


By: */s/ JENNIFER SPERLING*
    JENNIFER SPERLING
    Assistant General Counsel

    Attorneys for Defendants
    THE STATE BAR OF CALIFORNIA and
    CALIFORNIA COMMITTEE OF BAR
    EXAMINERS

RJN ISO Motion to Dismiss Third Amended Complaint          Case No. 4:20-cv-04827-PJH

# EXHIBIT 1

(C)     The Committee will notify the applicant within ten days of its determination.

(D)     If the applicant does not request review of the State Bar's Findings and Recommendations within ten days of service, the State Bar's Findings and Recommendations become the decision of the Committee.

*Rule 4.74 adopted effective September 1, 2008; previously amended effective July 22, 2011; amended effective September 1, 2019.*


Chapter 7.  Testing Accommodations

Rule 4.80  Eligibility for testing accommodations

Applicants with disabilities are granted reasonable testing accommodations provided that they are capable of demonstrating that they are otherwise eligible to take an examination and, in accordance with these rules, they

(A)     have submitted an approved Application for Registration;

(B)     submit a petition for testing accommodations on the State Bar's forms with the required documentation;

(C)     establish to the satisfaction of the State Bar the existence of a disability that prevents them from taking an examination under standard testing conditions; that testing accommodations are necessary to address the functional limitations related to their disabilities; and the testing accommodations sought are reasonable and appropriate for their disabilities; and,

(D)     separately apply for the examination for which testing accommodations are requested.

*Rule 4.80 adopted effective September 1, 2008; previously amended effective November 14, 2009; amended effective September 1, 2019.*

Rule 4.81  Testing accommodations in general

(A)     Petitions for testing accommodations are processed on a case-by-case basis.

(B)     The State Bar makes its best effort to process petitions for testing accommodations expeditiously but does not process petitions that are incomplete.

(C)     Time limits in testing accommodations rules are solely to expedite the processing of petitions and are not jurisdictional. The State Bar may extend them for good cause.

(D)     An examination application fee is not refunded if a request for testing accommodations is denied.

Rule 4.82  Definitions

These definitions apply to the rules on and petitions for testing accommodations.

(A)     A "disability" is a physical or mental impairment that limits one or more of an applicant's major life activities, and limits an applicant's ability to demonstrate under standard testing conditions that the applicant possesses the knowledge, skills, and abilities tested on an examination.

(B)     A "physical impairment" is a physiological disorder or condition or an anatomical loss affecting one or more of the body's systems.

(C)     A "mental impairment" is a mental or psychological disorder such as organic brain syndrome, emotional or mental illness, attention deficit/hyperactivity disorder, or a specific learning disability.

(D)     A "reasonable testing accommodation" is an adjustment to or modification of standard testing conditions that addresses the functional limitations related to an applicant's disability by modifications to rules, policies, or practices; removal of architectural, communication, or transportation barriers; or provision of auxiliary aids and services, provided that they do not

    (1)     compromise the security or validity of an examination or the integrity or of the examination process;

    (2)     impose an undue burden on the State Bar; or

    (3)     fundamentally alter the nature of an examination or the Committee's ability to assess through the examination whether the applicant

        (a)     possesses the knowledge, skills, and abilities tested on an examination; and

        (b)     meets the essential eligibility requirements for admission.

*Rule 4.82 adopted effective September 1, 2008; amended effective September 1, 2019.*

Rule 4.83  Guidelines for testing accommodations

(A)     The State Bar publishes guidelines for documenting the need for testing accommodations based on learning disabilities and attention deficit/hyperactivity disorder, including testing required to establish the existence of the disability and the reasonableness of the accommodations requested.

(B)     The State Bar may publish guidelines for other disabilities accommodated on past examinations.

*Rule 4.83 adopted effective September 1, 2008; amended effective September 1, 2019.*

Rule 4.84  When to file a petition for testing accommodations

(A)     A Petition For Testing Accommodations is not an application for a bar examination. Filing one does not constitute filing the other or initiate its processing. An applicant must separately apply for an examination.

(B)     An applicant is encouraged to file a Petition For Testing Accommodations as far in advance as practicable. To allow sufficient processing time, general applicants are encouraged to submit their petitions at least by the beginning of their last year of law study and attorney applicants no later than six months prior to the examination they wish to take. If an applicant waits until the final examination application deadline for a particular examination to petition for testing accommodations, it is possible that processing will not be completed or the applicant will not be able to complete all required or available procedures prior to administration of the examination.

(C)     A Petition For Testing Accommodations must be complete and receipt must be no later than

(1)     January 1 for the February California Bar Examination;

(2)     June 1 for the July California Bar Examination;

(3)     May 15 for the June First-Year Law Students' Examination; or

(4)     September 15 for the October First-Year Law Students' Examination.

If a deadline falls on a non-business day, the deadline will be the next business day. Deadlines are not extended or waived for any reason except as permitted in Rule 4.87.

(D)     Depending on the nature of a disability and the date on which a petition is filed, the State Bar may determine that the changing nature of a disability requires that the applicant file a new petition nearer the examination date or that a decision regarding the petition be deferred.

*Rule 4.84 adopted effective September 1, 2008; amended effective November 14, 2009; previously amended effective July 22, 2011; amended effective September 1, 2019.*

Rule 4.85  Initial Petition For Testing Accommodations

(A)     An applicant with a qualified disability seeking testing accommodations must file a Petition for Testing Accommodations on the State Bar's form.

(B)    In addition to the Petition for Testing Accommodations, a qualified applicant seeking testing accommodations must also provide with the petition the specific specialist verification forms the State Bar determines are appropriate to verify applicants' disabilities.

(C)    If a law school has provided testing accommodations, a qualified applicant must submit the petition with the designated State Bar form, completed by a law school official or legal education supervisor.

(D)    If another state has provided accommodations for its bar examination, a qualified applicant must submit the petition with the designated State Bar form, completed by an official responsible for testing accommodations.

(E)    If another testing agency has provided accommodations for its examination, a qualified applicant may be required to submit the petition with a copy of the accommodations notice.

(F)    A Petition for Testing Accommodations is considered complete only upon receipt of all required forms that have been completed according to instructions. A petition that is incomplete by a final examination application deadline is not processed for that examination.

*Rule 4.85 adopted effective September 1, 2008; previously amended effective July 22, 2011; amended effective September 1, 2019.*

Rule 4.86  Subsequent petitions for testing accommodations

(A)    Testing accommodations are not automatically extended upon failure of an examination but must be requested for a subsequent examination any time before the examination application deadline.

(B)    An applicant who is permanently disabled may petition for the same accommodations rather than submit an entirely new petition. A subsequent petition must be made in accordance with State Bar's requirements.

(C)    An applicant who has a temporary disability or who seeks different accommodations than those previously granted must file a new Petition for Testing Accommodations by the application final filing deadline if filed in connection with a particular administration of an examination.

*Rule 4.86 adopted effective September 1, 2008; previously amended effective November 14, 2009; amended effective September 1, 2019.*

Rule 4.87  Emergency petitions for testing accommodations

An applicant who becomes disabled after a final examination application filing deadline may file a Petition for Testing Accommodations, which must include the forms required

by Rule 4.85, with a request that it be considered as an emergency petition. Documentation explaining the nature, date, and circumstances of the emergency must be filed with the petition. Receipt of the petition and supporting documentation must be at least ten days before the first day of the examination. This rule does not apply to disabilities that existed before the final deadline for an examination application, whether or not they were diagnosed or a visit to a treating professional could be arranged.

*Rule 4.87 adopted effective September 1, 2008.*

Rule 4.88  State Bar response to Petition For Testing Accommodations

(A)     An applicant who has filed a Petition For Testing Accommodations in accordance with these rules is notified in writing within thirty days of receipt when additional information is required, and within sixty days when the petition is granted, granted with modifications, denied, or action is pending.

(B)     If a complete petition is filed at least six months before the examination for which testing accommodations are sought, the applicant may expect a final determination at least a month before the examination.

(C)     With the consent of the petitioner, the State Bar or a consultant may confer with a specialist who has treated the petitioner.

(D)     A notice of denial of a Petition For Testing Accommodations or a modified grant states the reasons for the denial or modifications, and advises the petitioner of any right to appeal. The notice may include an excerpt of a consultant's evaluation.

*Rule 4.88 adopted effective September 1, 2008; previously amended effective July 22, 2011; amended effective September 1, 2019.*

Rule 4.89  Applicant response to proposed modification or request for information

An applicant has thirty days to respond to a request for additional information unless an examination schedule requires a shorter time. If the applicant fails to make a timely response, the request is processed on the basis of information submitted.

*Rule 4.89 adopted effective September 1, 2008.*

Rule 4.90  Committee review of denied or modified petition

(A)     An applicant notified that a Petition For Testing Accommodations has been denied or granted with modifications may request a review by  the Committee. The request must be submitted within ten days of the date of the denial or modified grant or some other reasonable period established by the Committee.

(B)     Requests for review filed in connection with a particular administration of an examination must be filed no later than the first business day of the month in

which the examination is to be administered. Requests received after that date will be considered in connection with future administration of the examination.

(C)     After reviewing the request for review and supporting documentation, the Director of Admissions may withdraw the prior decision and grant the accommodations requested.

(D)     If the Director of Admissions does not grant the request, the Committee must consider it as soon as practicable. The review must be based on the original petition and supporting documentation provided by the applicant and the Director of Admissions. Oral argument is not permitted. The review must be conducted in closed session either at a regular meeting or one specially convened. The Committee delegates decision making authority to the Examinations Subcommittee for all time-sensitive testing accommodation reviews.

*Rule 4.90 adopted effective September 1, 2008; amended effective September 1, 2019.*

Rule 4.91  Confidentiality of Petitions for Testing Accommodations

Petitions for Testing Accommodations, documentation submitted in support and evaluations of requests are confidential.

*Rule 4.91 adopted effective September 1, 2008.*

Rule 4.92  False or misleading information in Petition For Testing Accommodations

False or misleading information in a Petition For Testing Accommodations is considered in determining an applicant's moral character and may result in a negative determination of moral character.

*Rule 4.92 adopted effective September 1, 2008.*

# EXHIBIT 2

SUPREME COURT
# FILED

AUG 1 0 2020

Jorge Navarrete Clerk

Deputy

ADMINISTRATIVE ORDER 2020-08-10

# IN THE SUPREME COURT OF CALIFORNIA

## EN BANC

## ORDER CONCERNING MODIFICATIONS TO THE CALIFORNIA BAR EXAMINATION

The changing circumstances surrounding the ongoing COVID-19 pandemic in California have severely limited the State Bar's ability to administer the General Bar Examination in the traditional mass in-person format. Accordingly, the court hereby approves the modifications to the standard schedule for the General Bar Examination below.

The General Bar Examination will be administered online as a remotely delivered exam over two consecutive days on Monday, October, 5 and Tuesday, October 6, 2020.

The first day of the General Bar Examination will consist of five one-hour essay questions with a one-hour lunch break.

The second day of the General Bar Examination will consist of a morning session during which the Multistate Bar Examination (MBE) will be administered. The MBE will be comprised of 100 multiple-choice questions, split into two 50-question sessions tested over 90 minutes each. After a lunch break, the second day will resume as an afternoon session during which a 90-minute Performance Test question will be administered.

1

The first day of testing and the afternoon session of the second day of testing will also constitute the Attorneys' Examination. Qualified attorney applicants are not required to take the MBE, but may opt to do so by enrolling for and taking the full General Bar Examination.

The answers to the five essays and the Performance Test questions will be graded on the basis of 700 possible raw points — representing up to 100 raw points on each of the five essay questions and up to 200 raw points on the 90-minute Performance Test question.

During the grading process, the written and MBE components will be scaled and weighted equally (50 percent assigned to each). Applicants who take the Attorneys' Examination will have their scores scaled, and the answers to the five essays and the Performance Test questions will be weighted at 100 percent.

Henceforth, the passing score for the General Bar Examination and Attorneys' Examination will be a total scaled score of 1390 or better out of 2000 possible points.

This order supersedes the court's March 16, 2016 order, S232907, and the court will revise or supersede this order, as necessary, for future administrations of the General Bar Examination.

CANTIL-SAKAUYE
_____
*Chief Justice*

# Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

August 10, 2020

**SENT VIA USPS AND EMAIL**

Alan K. Steinbrecher, Chair
State Bar of California, Board of Trustees
180 Howard Street
San Francisco, CA 94105
asteinbrecher@steinbrecherspan.com

**RE: California Bar Exam**

Dear Mr. Steinbrecher,

Since the court's July 16, 2020 announcement of the decision to lower the California Bar Exam passing score from 1440 to 1390, the court has received requests from prior examinees and various stakeholders of the California Bar Examination seeking a retroactive application of the new passing score to prior administrations of the exam. These requests have offered a variety of proposals regarding the extent of any retroactive application, ranging from the February 2020 administration of the exam to the July 2015 administration.

Having considered these requests, the court declines to apply the new passing score of 1390 retroactively to prior administrations of the exam. With one exception, the court is unaware of any jurisdiction in the past decade that has lowered the exam passing score and applied that decision retroactively.

Although the Supreme Court of Montana in 2016 made its decision to lower the passing score retroactive to 2013 examinees, that determination was designed to offset the effect of that court's 2013 decision to increase the passing score. No similar circumstances are present here.

Attached is the court's administrative order concerning the new passing score and the format of the administration of the October 5-6, 2020 exam. This order supersedes the court's prior March 16, 2016 order concerning the upcoming exam. Following the administration of the October exam, the court will issue additional administrative orders addressing future administrations of the exam.

August 10, 2020
2

The court continues to greatly appreciate the State Bar's ongoing efforts concerning these matters.

Sincerely,

JORGE E. NAVARRETE
Clerk and
Executive Officer of the Supreme Court

cc: Donna Hershkowitz

# EXHIBIT 3

Matthew M. Selvagn
123 Bowery, 3rd Fl.
New York, NY 10002


August 14, 2020


California State Bar
180 Howard Street
San Francisco, CA 94105


**Re: Notice of Claims - Benjamin Kohn**


Executive Director and General Counsel:

This letter serves as notice of claims against the California State Bar and California Board of Bar Examiners by Benjamin Kohn, residing at 1913 Fordham Way, Mountain View, CA 94040. Notices should be sent to both the Claimant and his attorney.

Please be advised of the following:

I. The date, place, and circumstances giving rise to the claims:

1. Denial of Americans with Disabilities Act testing accommodations for the upcoming October 5th-6th, 2020 California Bar Exam, with denial pending on 8/21/2020;

2. Denial of ADA testing accommodations for the February 2020 California Bar Exam, administered in Burlingame, CA, with denial having occurred on 2/14/2020;

3. Denial of ADA testing accommodations for the February 2019 California Bar Exam, administered in Burlingame, CA, with denial having occurred on 2/15/19;

4. Discriminatory proctoring of the July 2018 California Bar Exam, administered in Burlingame, CA;

The circumstances giving rise to each claim are very similar. In each of the last three exams, Claimant requested disability testing accommodations to take the California Bar Exam, but was denied some of his rightful accommodations. In addition, the Committee of Bar Examiners violated the Claimant's rights under the ADA by not providing detailed written explanations of their denials and by having an inherently prejudicial petition process for requesting accommodations. Finally, on the July 2018 exam, although Claimant was granted his requested accommodations, the test was improperly proctored.

II. A general description of the injury, damage, or loss for which the claimant seeks payment:

Claimant suffered harm by not being allowed to test on a "level playing field" relative to non-disabled applicants to the bar on any of his previous attempts. Due to this tilted playing field, he failed each exam. This violates his rights under the ADA and California's Unruh Act and is compensable with money damages.

He also suffered compensatory damages in the form of registration fees, bar prep course fees, tutoring costs, transportation costs, and other costs related to each exam. Lastly he has suffered lost wages and opportunities.

III. The name of any public employee causing the loss, if known:

Director of Admission Amy Nunez, regarding the most recent three exams, including the current upcoming exam.

IV. As the claimed amount exceeds $25,000, no detailed calculation need be provided, however it would be considered an unlimited Civil Case. (Cal. Gov. Code 910).

V. Late claims were excusable under Cal Gov. Code 911.6(b)(1):

Lastly, Mr. Kohn hereby requests leave to file late claims for previous exams, namely July 2018 and February 2019. The claimant's failure to timely present a claim was caused by a mistake, inadvertence, surprise, or excusable neglect and caused no prejudice to the Bar. (Cal. Gov. Code 911.6(b)(1)).

Claimant had a reasonable belief that federal ADA claims were not covered by the Notice of Claim requirement under the California Tort Claims Act, due to the Supremacy Clause of the US Constitution. <u>Claimant continues to have this reasonable belief under the law and does not concede that any of his claims are covered by the CTCA.</u> This constitutes excusable neglect, or more probably, simply a correct interpretation of Federal law.

Second, Mr. Kohn had already timely appealed each previous denial of testing accommodations within 10 days of each decision, thus putting the Bar on notice of his arguments and claims. His inadvertent and mistaken failure to send a "Notice of Claim" cannot be said to have prejudiced the Bar in any meaningful fashion given their receipt of his timely appeals from each exam.

Third, he wrote in his February 2019 appeal that he was preserving the right to recover damages. This can be considered a Notice of Claim under the statute.

Fourth, on June 15, 2020 Claimant issued a demand letter for all past exams and has filed a complaint in the Federal District Court for the NDCA, docket number 20-4827. All facts and arguments contained in the Complaint are incorporated here as if fully set forth herein.

Sincerely,

Matthew M. Selvagn
Sbn #314509
904-540-0870
mattselvagn@gmail.com

# EXHIBIT 4

Matthew M. Selvagn
123 Bowery, 3rd Fl.
New York, NY 10002


August 31, 2020


California State Bar
180 Howard Street
San Francisco, CA 94105


**Re: Notice of Claims - Benjamin Kohn**


Executive Director and General Counsel:

This letter serves as notice of claims against the California State Bar and California Board of Bar Examiners by Benjamin Kohn, residing at 1913 Fordham Way, Mountain View, CA 94040. Notices should be sent to both the Claimant and his attorney.

Note that this letter is the same as the one previously sent, but this one is being sent after the Board's recent 8/27/2020 denial of Mr. Kohn's testing accommodations for the upcoming October Bar Exam.

Please be advised of the following:

I. The date, place, and circumstances giving rise to the claims:

 1. Denial of Americans with Disabilities Act testing accommodations for the upcoming October 5th-6th, 2020 California Bar Exam, with denial pending on 8/21/2020;

 2. Denial of ADA testing accommodations for the February 2020 California Bar Exam, administered in Burlingame, CA, with denial having occurred on 2/14/2020;

 3. Denial of ADA testing accommodations for the February 2019 California Bar Exam, administered in Burlingame, CA, with denial having occurred on 2/15/19;

 4. Discriminatory proctoring of the July 2018 California Bar Exam, administered in Burlingame, CA;

 The circumstances giving rise to each claim are very similar. In each of the last three exams, Claimant requested disability testing accommodations to take the California Bar Exam, but was denied some of his rightful accommodations. In addition, the Committee of Bar Examiners violated the Claimant's rights under the ADA by not providing detailed written explanations of their denials and by having an inherently prejudicial petition process for

requesting accommodations. Finally, on the July 2018 exam, although Claimant was granted his requested accommodations, the test was improperly proctored.

II. A general description of the injury, damage, or loss for which the claimant seeks payment:

Claimant suffered harm by not being allowed to test on a "level playing field" relative to non-disabled applicants to the bar on any of his previous attempts. Due to this tilted playing field, he failed each exam. This violates his rights under the ADA and California's Unruh Act and is compensable with money damages.

He also suffered compensatory damages in the form of registration fees, bar prep course fees, tutoring costs, transportation costs, and other costs related to each exam. Lastly he has suffered lost wages and opportunities.

III. The name of any public employee causing the loss, if known:

Director of Admission Amy Nunez, regarding the most recent three exams, including the current upcoming exam.

IV. As the claimed amount exceeds $25,000, no detailed calculation need be provided, however it would be considered an unlimited Civil Case. (Cal. Gov. Code 910).

V. Late claims were excusable under Cal Gov. Code 911.6(b)(1):

Lastly, Mr. Kohn hereby requests leave to file late claims for previous exams, namely July 2018 and February 2019. The claimant's failure to timely present a claim was caused by a mistake, inadvertence, surprise, or excusable neglect and caused no prejudice to the Bar. (Cal. Gov. Code 911.6(b)(1)).

Claimant had a reasonable belief that federal ADA claims were not covered by the Notice of Claim requirement under the California Tort Claims Act, due to the Supremacy Clause of the US Constitution. <u>Claimant continues to have this reasonable belief under the law and does not concede that any of his claims are covered by the CTCA.</u> This constitutes excusable neglect, or more probably, simply a correct interpretation of Federal law.

Second, Mr. Kohn had already timely appealed each previous denial of testing accommodations within 10 days of each decision, thus putting the Bar on notice of his arguments and claims. His inadvertent and mistaken failure to send a "Notice of Claim" cannot be said to have prejudiced the Bar in any meaningful fashion given their receipt of his timely appeals from each exam.

Third, he wrote in his February 2019 appeal that he was preserving the right to recover damages. This can be considered a Notice of Claim under the statute.

Fourth, on June 15, 2020 Claimant issued a demand letter for all past exams and has filed a complaint in the Federal District Court for the NDCA, docket number 20-4827. All facts and arguments contained in the Complaint are incorporated here as if fully set forth herein.

Sincerely,

Matthew M. Selvagn
Sbn #314509
904-540-0870
mattselvagn@gmail.com

# EXHIBIT 5



September 28, 2020

Benjamin Kohn
123 Bowery, 3rd Floor
New York, NY 10002

RE:    Benjamin Kohn

Dear Mr. Kohn:

Notice is hereby given that as of this date, the State Bar of California rejected the claim you presented to the State Bar of California on or about August 14, 2020 and submitted again on August 31, 2020.

**<u>WARNING</u>**

**SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON THIS CLAIM. SEE GOVERNMENT CODE SECTION 945.6.**

You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately.

Sincerely,

Sarah L. Cohen
Claims Officer

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

RINCON FINANCE STATION USPS
SEP 28 2020
SAN FRANCISCO CA

Sent To — Benjamin Kohn
Street & Apt. No., or PO Box No. — 123 Bowery, 3rd Floor
City, State, ZIP+4 — New York, NY 10002

PS Form 3800, July 2014 · See Reverse for Instructions

# EXHIBIT 6



## Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

March 22, 2023

**SENT VIA USPS AND EMAIL**

Leah Wilson, Executive Director
State Bar of California
180 Howard Street
San Francisco, CA  94105
leaht.wilson@calbar.ca.gov

**RE:  Selection of State Bar Court Judges and Board of Trustees**

Dear Ms. Wilson:

At present, California Rules of Court, rules 9.11 and 9.90, establish independent committees that review the qualifications of candidates and present recommendations to the court regarding its appointments to the State Bar Court and State Bar Board of Trustees.  To better achieve the goal of selecting independent and unbiased candidates, the court directs the State Bar to consider and draft amendments to rules 9.11 and 9.90 that would require the committees established by those rules to identify and assess each candidate's actual and potential conflicts of interest.  At a minimum, these amendments should: (1) require candidates to disclose financial and nonfinancial interests that might affect, or might be affected by, the candidate's service in the State Bar office in question; (2) require candidates to provide a list of attorneys whom the candidate would identify as creating a conflict in any future service with the State Bar; and (3) require the committees to review this information and evaluate whether it might disqualify a candidate or reduce a candidate's rating.

The court further requests that these new amendments be put forth on an expedited basis.

Sincerely,

JORGE E. NAVARRETE
Clerk and
Executive Officer of the Supreme Court

cc:  Ruben Duran, Chair, State Bar Board of Trustees
     Brandon Stallings, Vice-Chair State Bar Board of Trustees

# EXHIBIT 7



# Supreme Court of California

JORGE E. NAVARRETE
CLERK AND EXECUTIVE OFFICER
OF THE SUPREME COURT

EARL WARREN BUILDING
350 McALLISTER STREET
SAN FRANCISCO, CA 94102
(415) 865-7000

April 19, 2023

**SENT VIA USPS AND EMAIL**

Leah Wilson, Executive Director
State Bar of California
180 Howard Street
San Francisco, CA 94105
leaht.wilson@calbar.ca.gov

### RE: Conflicts of Interest Policy for the Board of Trustees

Dear Ms. Wilson:

The court understands and appreciates that the State Bar has taken several steps to strengthen its internal reporting requirements and procedures regarding its employees' potential conflicts of interest. The court is also aware that the State Bar has recently recognized the Conflict of Interest Code for the Board of Trustees of the State Bar of California is out of date and should be amended.

To facilitate their prompt review, the Chief Justice, with the support of the other members of the court, directs the State Bar to expedite the drafting of amendments to the Conflict of Interest Code for the Board of Trustees of the State Bar of California and submit these amendments to the Chief Justice for consideration no later than August 1, 2023. (Gov. Code, §§ 87304, and 87306, subd. (b).) In addition, the State Bar is directed to develop policies, consistent with Government Code section 11146.3, concerning when and how often trustees should be trained on ethics and conflicts of interest.

Finally, the court would like to remind the State Bar of its individual and organizational filing obligations related to conflicts of interest. (Gov. Code, §§ 87306, subd. (b), 87500, subd. (k).)

Sincerely,

JORGE E. NAVARRETE
Clerk and
Executive Officer of the Supreme Court

cc: Ruben Duran, Chair, State Bar Board of Trustees
Brandon Stallings, Vice-Chair State Bar Board of Trustees

# EXHIBIT 8



**The Committee of Bar Examiners**
**Of**
**The State Bar of California**

### GENERAL BAR EXAMINATION PASS RATE SUMMARY

| Date of Examination | Total Number Completing Exam* | Total Number Passed | Total % Passed |
|---|---|---|---|
| 2024 July | 8,291 | 4,458 | 53.8 |
| 2024 February | 3,944 | 1,337 | 33.9 |
| 2023 July | 7,555 | 3,888 | 51.5 |
| 2023 February | 3,765 | 1,224 | 32.5 |
| 2022 July | 7,164 | 3,755 | 52.4 |
| 2022 February | 3,113 | 1,056 | 33.9 |
| 2021 July | 7,536 | 3,995 | 53.0 |
| 2021 February | 3,098 | 1,151 | 37.2 |
| 2020 October | 8,723 | 5,296 | 60.7 |
| 2020 February | 4,205 | 1,127 | 26.8 |
| 2019 July | 7,764 | 3,886 | 50.1 |
| 2019 February | 4,640 | 1,458 | 31.4 |
| 2018 July | 8,071 | 3,284 | 40.7 |
| 2018 February | 4,701 | 1,282 | 27.3 |
| 2017 July | 8,546 | 4,236 | 49.6 |
| 2017 February | 4,439 | 1,532 | 34.5 |
| 2016 July | 7,737 | 3,332 | 43.0 |
| 2016 February | 4,758 | 1,700 | 35.7 |
| 2015 July | 8,323 | 3,882 | 46.6 |
| 2015 February | 4,763 | 1,882 | 39.5 |
| 2014 July | 8,504 | 4,135 | 48.6 |
| 2014 February | 4,578 | 2,073 | 45.3 |
| 2013 July | 8,900 | 4,962 | 55.8 |
| 2013 February | 4,419 | 1,810 | 41.0 |
| 2012 July | 8,737 | 4,834 | 55.3 |
| 2012 February | 4,382 | 1,849 | 42.2 |
| 2011 July | 8,456 | 4,635 | 54.8 |
| 2011 February | 4,364 | 1,848 | 42.3 |
| 2010 July | 8,562 | 4,690 | 54.8 |
| 2010 February | 4,226 | 1,569 | 37.1 |
| 2009 July | 8,667 | 4,888 | 56.4 |
| 2009 February | 4,084 | 1,368 | 33.5 |
| 2008 July | 8,637 | 5,330 | 61.7 |
| 2008 February | 4,533 | 1,797 | 39.6 |

| Date of Examination | Total Number Completing Exam* | Total Number Passed | Total % Passed |
| --- | --- | --- | --- |
| 2007 July | 8,151 | 4,571 | 56.1 |
| 2007 February | 5,167 | 1,900 | 36.8 |
| 2006 July | 8,908 | 4,616 | 51.8 |
| 2006 February | 4,798 | 1,872 | 39.0 |
| 2005 July | 8,343 | 4,072 | 48.8 |
| 2005 February | 4,520 | 1,810 | 40.0 |
| 2004 July | 8,062 | 3,887 | 48.2 |
| 2004 February | 4,386 | 1,550 | 35.3 |
| 2003 July | 7,788 | 3,848 | 49.4 |
| 2003 February | 4,192 | 1,564 | 37.3 |
| 2002 July | 7,511 | 3,793 | 50.5 |
| 2002 February | 4,070 | 1,361 | 33.4 |
| 2001 July | 7,618 | 4,338 | 56.9 |
| 2001 February | 4,488 | 1,673 | 37.3 |
| 2000 July | 7,655 | 4,233 | 55.3 |
| 2000 February | 4,476 | 1,790 | 40.0 |
| 1999 July | 7,720 | 3,951 | 51.2 |
| 1999 February | 4,343 | 1,785 | 41.1 |
| 1998 July | 7,587 | 3,980 | 52.5 |
| 1998 February | 3,895 | 1,558 | 40.0 |
| 1997 July | 7,716 | 4,851 | 62.9 |
| 1997 February | 4,150 | 2,026 | 48.8 |
| 1996 July | 7,485 | 4,184 | 55.9 |
| 1996 February | 3,858 | 1,686 | 43.7 |
| 1995 July | 7,138 | 4,239 | 59.4 |
| 1995 February | 3,515 | 1,463 | 41.6 |
| 1994 July | 7,058 | 4,459 | 63.2 |
| 1994 February | 3,671 | 1,589 | 43.3 |
| 1993 July | 7,057 | 4,164 | 59.0 |
| 1993 February | 3,708 | 1,640 | 44.2 |
| 1992 July | 7,130 | 4,234 | 59.4 |
| 1992 February | 3,933 | 2,000 | 50.9 |
| 1991 July | 7,255 | 3,980 | 54.9 |
| 1991 February | 3,701 | 1,869 | 50.5 |
| 1990 July | 6,990 | 4,057 | 58.0 |
| 1990 February | 3,847 | 1,767 | 45.9 |
| 1989 July | 6,997 | 4,164 | 59.5 |
| 1989 February | 4,273 | 2,102 | 49.2 |
| 1988 July | 7,186 | 3,775 | 52.5 |
| 1988 February | 4,555 | 2,076 | 45.6 |
| 1987 Fall | 7,515 | 3,780 | 50.3 |
| 1987 Spring | 4,735 | 2,026 | 42.8 |
| 1986 Fall | 7,809 | 3,466 | 44.4 |
| 1986 Spring | 4,734 | 1,332 | 28.1 |

| Date of Examination | Total Number Completing Exam* | Total Number Passed | Total % Passed |
|---|---|---|---|
| 1985 Fall | 7,668 | 3,484 | 45.4 |
| 1985 Spring | 4,689 | 1,555 | 33.2 |
| 1984 Fall | 7,352 | 3,074 | 41.8 |
| 1984 Spring | 4,072 | 1,202 | 29.5 |
| 1983 Fall | 7,694 | 3,773 | 49.0 |
| 1983 Spring | 4,805 | 1,332 | 27.7 |
| 1982 Fall | 7,623 | 3,624 | 47.5 |
| 1982 Spring | 4,747 | 1,492 | 31.4 |
| 1981 Fall | 7,625 | 3,672 | 48.2 |
| 1981 Spring | 4,453 | 1,440 | 32.3 |
| 1980 Fall | 7,846 | 3,935 | 50.2 |
| 1980 Spring | 4,589 | 1,582 | 34.5 |
| 1979 Fall | 7,812 | 4,099 | 52.5 |
| 1979 Spring | 4,805 | 2,111 | 43.9 |
| 1978 Fall | 7,645 | 3,903 | 51.1 |
| 1978 Spring | 4,222 | 1,622 | 38.4 |
| 1977 Fall | 7,393 | 3,959 | 53.6 |
| 1977 Spring | 3,420 | 1,493 | 43.7 |
| 1976 Fall | 6,769 | 4,002 | 59.1 |
| 1976 Spring | 3,133 | 1,176 | 37.5 |
| 1975 Fall | 5,852 | 3,550 | 60.7 |
| 1975 Spring | 2,647 | 1,136 | 42.9 |
| 1974 Fall | 5,374 | 3,317 | 61.7 |
| 1974 Spring | 2,492 | 1,274 | 51.1 |
| 1973 Fall | 4,607 | 2,519 | 54.7 |
| 1973 Spring | 1,999 | 1,001 | 50.1 |
| 1972 Fall | 3,908 | 2,213 | 56.6 |
| 1972 Spring | 1,738 | 826 | 47.5 |
| 1971 Fall | 3,593 | 2,130 | 59.3 |
| 1971 Spring | 1,734 | 708 | 40.8 |
| 1970 Fall | 3,182 | 1,794 | 56.4 |
| 1970 Spring | 1,713 | 867 | 50.6 |
| 1969 Fall | 3,068 | 1,675 | 54.6 |
| 1969 Spring | 1,515 | 660 | 43.6 |
| 1968 Fall | 2,885 | 1,541 | 53.4 |
| 1968 Spring | 1,407 | 570 | 40.5 |
| 1967 Fall | 2,488 | 1,224 | 49.2 |
| 1967 Spring | 1,225 | 454 | 37.1 |
| 1966 Fall | 2,254 | 1,184 | 52.2 |
| 1966 Spring | 975 | 412 | 42.3 |
| 1965 Fall | 1,850 | 1,103 | 59.6 |
| 1965 Spring | 1,055 | 602 | 57.1 |
| 1964 Fall | 1,757 | 899 | 51.2 |
| 1964 Spring | 881 | 400 | 45.4 |

| Date of Examination | Total Number Completing Exam* | Total Number Passed | Total % Passed |
|---|---|---|---|
| 1963 Fall | 1,535 | 838 | 54.6 |
| 1963 Spring | 774 | 304 | 39.3 |
| 1962 Fall | 1,432 | 908 | 63.4 |
| 1962 Spring | 827 | 451 | 54.5 |
| 1961 Fall | 1,360 | 702 | 51.6 |
| 1961 Spring | 782 | 437 | 55.9 |
| 1960 Fall | 1,375 | 744 | 54.1 |
| 1960 Spring | 863 | 346 | 40.1 |
| 1959 Fall | 1,167 | 643 | 55.1 |
| 1959 Spring | 642 | 281 | 43.8 |
| 1958 Fall | 1,090 | 614 | 56.3 |
| 1958 Spring | 688 | 313 | 45.5 |
| 1957 Fall | 895 | 482 | 53.9 |
| 1957 Spring | 586 | 312 | 53.2 |
| 1956 Fall | 832 | 432 | 51.9 |
| 1956 Spring | 529 | 301 | 56.9 |
| 1955 Fall | 855 | 466 | 54.5 |
| 1955 Spring | 612 | 348 | 56.9 |
| 1954 Fall | 898 | 458 | 51.0 |
| 1954 Spring | 682 | 323 | 47.4 |
| 1953 Fall | 879 | 509 | 57.9 |
| 1953 Spring | 687 | 433 | 63.0 |
| 1952 Fall | 953 | 507 | 53.2 |
| 1952 Spring | 757 | 463 | 61.2 |
| 1951 Fall | 1,041 | 391 | 37.6 |

* Total Number Examined Changed to Total Number Completing Exam 2/17

# EXHIBIT 9

# California Bar Examination

The California Bar Examination is administered twice each year in February and July. The **July 2026 bar exam** will take place over two days, Tuesday, July 28, and Wednesday, July 29, in person at designated test sites across California. For the July 2026 bar exam, the State Bar is contracting with ExamSoft to be the exam delivery vendor for the written sessions of the bar exam; applicants will submit their written responses using their personal laptops. The State Bar will be using the Multistate Bar Examination (MBE), created by the National Conference of Bar Examiners (NCBE), for the 200 multiple-choice questions; applicants will respond to multiple-choice questions on a Scantron sheet by bubbling in responses with a No. 2 pencil.

The February 2027 bar exam will take place on Tuesday, February 23, and Wednesday, February 24. More information about the February 2027 exam will be published at a later date.

**How to Apply:**

1. Log in to the Applicant Portal.

2. From the menu options, click "View Forms."

3. Under the Examinations menu, select the "California Bar Examination Application."

4. To begin the application process, click "Launch Application."

5. Complete all sections of the application before proceeding to the verification screen.

6. Click "Submit" to sign the required declaration form and pay the applicable exam fees.

7. A confirmation email will be sent upon successful submission.

Applicants for the July 2026 bar exam who are still eligible for an exam application fee waiver related to the February 2025 bar exam will not be charged if they submit their application by the final filing deadline. The fee waiver will not be available after the July 2026 exam. If an applicant fails to register for the July 2026 exam, or chooses to withdraw from the exam, they will not receive a waiver in the future.

Applicants whose physical or email address changes after filing their applications are encouraged to notify the Office of Admissions of a change of address as soon as possible to avoid missing any communications from the State Bar. Applicants should update their contact information with the new address by accessing their account through the Applicant Portal.

As a reminder, registering as an applicant is the initial step required for law students and attorney applicants. Additional applications in the Applicant Portal will be accessible only once your applicant registration is approved, including applying to sit for the bar exam, submitting an Application for Determination of Moral Character, and

requesting testing accommodations. **Registering as an applicant is NOT the same as applying to sit for the bar exam. You will NOT be able to sit for the bar exam if you do not submit the California Bar Exam application by the deadline.**

# Requesting testing accommodations

Testing accommodations are provided to ensure that an applicant who has a disability can access the exam and is afforded an equal opportunity to obtain the same result, gain the same benefit, or reach the same level of achievement as that provided to others.

A request for testing accommodations is separate from the application you file to take the bar exam. To apply for testing accommodations, you must submit a request in the Applicant Portal by the filing deadline. Applicants with disabilities are encouraged to file their request for testing accommodations well in advance of an examination they intend to take. Applicants who wait to file their requests near the final filing deadline are generally not able to exhaust all administrative remedies before the exam, such as requesting a review of a denial of some or all of the requested testing accommodations.

# Applicant support programs

As part of the bar exam application, you will be given the opportunity to register for the applicant support program below, which is offered by independent researchers. Participation in this program is voluntary.

**California Bar Exam Strategies and Stories Program:** What is it like to prepare and sit for the bar exam? Learn from people who recently took the California bar exam and share your experience to help others. Recent test takers will describe their experiences and strategies preparing for the bar exam. Their stories will help you anticipate what preparing for and taking the test is like. Then, we will ask you to share your experiences preparing for the exam, so we can share these with future applicants to help them as they approach the bar exam.

**Additional Information and Resources**

- Scope of the California Bar Examination (format and covered topics)

- Past Exam Questions and Answers

- Exam Content Instructions by Questions Type

- Information About Preparing for the MBE

- Information About Exam Grading and Score Scaling

# Release of exam results

Results from the February 2026 bar exam are scheduled to be released on May 1, 2026, through the Applicant Portal no later than 6:00 p.m. The specific time of release will be announced at a later date. The pass list will be posted on the Examination Pass List webpage several days after results are released. The publication date will also be announced at

a later time.

Results from the July 2026 bar exam are scheduled to be released on November 6, 2026, through the Applicant Portal. The specific time of release will be announced at a later date. The pass list will be posted on the Examination Pass List webpage several days after results are released. The publication date will also be announced at a later time.

For more information, view the Exam Results webpage.

# Payment policies

**Credit and Debit Card Payments:** Visa, Mastercard, American Express, and Discover are accepted. A 2.5 percent processing fee applies to all transactions. If a card payment is declined, the application will remain incomplete until a valid payment is submitted. Late fees and application deadlines will be enforced if the payment is not received by the published deadlines.

**ACH (eCheck) Payments:** No processing fee applies. Applicants must provide a bank routing number and bank account number. ACH payments take up to seven days to process. If an ACH payment fails within that period, the application will be considered incomplete until a successful replacement payment, including any applicable service charges, is received. Late fees and application deadlines will be enforced if the successful payment is not received by the published deadlines.

**Failed or Rejected Payments:** An application is incomplete if payment is unsuccessful. An unsuccessful payment is, but not limited to, a returned check, a declined ACH transaction, or a credit card chargeback initiated by the cardholder. All failed or rejected payments will be assessed an administrative fee equal to the fee charged by the State Bar's banking institution or $20, whichever is greater. If full payment is not received within 14 days of the State Bar's notification to the applicant of the failed or rejected payment, the application will be considered abandoned. If the final filing deadline has not passed, the applicant may submit a new application with the required payment, including any applicable late fees.

**Refund Policy:** An applicant who withdraws their application for the bar exam may be eligible for a refund of fees as set forth in the Refund of Fees policy. While every effort will be made to accommodate your preferred testing site, it is not guaranteed, and not receiving your preferred option does not qualify you for a refund.

# Related links

- Visit the Applicant Portal

- Testing accommodations

- Exam results

- Refund policy

- Find a form

- Admissions fees

- <u>Safelisting Tips to Ensure You Receive Important Emails</u>

ON THIS PAGE

<u>Requesting Testing Accommodations</u>

<u>Release of Exam Results</u>

<u>Payment Policies</u>

<u>Related Links</u>

# DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On July 24, 2026, following ordinary business practice, I filed via the United States District Court, Northern District of California electronic case filing system, the following:

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF THE STATE BAR OF CALIFORNIA AND COMMITTEE OF BAR EXAMINERS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

See *the CM/ECF service list.*

I also served a copy on the following parties:

Benjamin Kohn
1913 Fordham Way,
Mountain View, CA 94040
Benjamin.s.Kohn@gmail.com

By the following means:

☒ (***By Email or Electronic Transmission***) By emailing the document(s) to the person(s) at the email address(es) listed above, from e-mail address ryan.sullivan@calbar.ca.gov. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under that the foregoing is true and correct.

Executed at Oakland, California, on July 24, 2026.

*Ryan Sullivan*
—————————————
Ryan Sullivan