ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 765-1008
Email: Jennifer.Sperling@calbar.ca.gov

BRADY R. DEWAR (252776)
JEAN R. KRASILNIKOFF (280450)
Assistant General Counsel
THE STATE BAR OF CALIFORNIA
OFFICE OF GENERAL COUNSEL
180 Howard Street
San Francisco, CA 94105-1639
Telephone: (415) 538-2309

Attorneys for Defendants
THE STATE BAR OF CALIFORNIA;
CALIFORNIA COMMITTEE OF BAR
EXAMINERS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN KOHN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE BAR OF CALIFORNIA, CALIFORNIA COMMITTEE OF BAR EXAMINERS, and THEIR AGENTS IN THEIR OFFICIAL CAPACITY,<br><br>Defendants. | Case No.: 4:20-cv-04827-PJH<br><br>**[PROPOSED] ORDER GRANTING THE STATE BAR OF CALIFORNIA AND COMMITTEE OF BAR EXAMINERS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**<br><br>JUDGE:  HON. PHYLLIS J. HAMILTON<br><br>DATE: December 17, 2026<br>TIME: 1:30 p.m.<br>COURTROOM: 3, 3rd Floor<br>JUDGE: HON. PHYLLIS J. HAMILTON |

The Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC") filed by Defendants the State Bar of California and Committee of Bar Examiners (together, the "State Bar") came on regularly for hearing on December 17, 2026, in the above-titled court. The Honorable Phyllis J. Hamilton presiding.

The Court, having considered the papers filed by the parties, and the cause having been argued and submitted for decision, finds as follows:

(1)    This Court lacks subject matter jurisdiction, and the TAC shall be dismissed without leave to amend pursuant to Federal Rule of Civil Procedure 12(b)(1) for the following reasons:

    a.    The State Bar is an arm of the State of California and therefore entitled to sovereign immunity against Kohn's federal and state-law claims because (i) the mandate rule precludes Kohn's attempt to have this Court revisit the Ninth Circuit's decision in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023), as *Galette v. New Jersey Transit Corp.*, 607 U.S. 509 (2026) did not abrogate that decision, and (ii), in any event, the State Bar remains an arm of the State under *Galette*; and

    b.    Under the three-step test of *United States v. Georgia*, 546 U.S. 151, 159 (2006), Congress has not validly abrogated that sovereign immunity as to Kohn's claim under Title II of the Americans with Disabilities Act because (i) Kohn fails to plausibly allege any violation of Title II, *see, e.g., A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016); *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *Wolf v. City of Millbrae*, 2021 WL 3727072, at *3 (N.D. Cal. Aug. 23, 2021); (ii) even if a Title II violation were plausibly stated, Kohn does not allege conduct violating the Fourteenth Amendment, *see, e.g., Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990); *T.W. v. New York State Bd. of Law Examiners*, 110 F.4th 71, 85 (2d Cir. 2024); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S.

-2-

356, 366 (2001); and (iii) Congress lacks authority to abrogate immunity in this context involving professional licensing, *see, e.g., Allen v. Cooper*, 589 U.S. 248, 260 (2020); *T.W. v. New York State Bd. of Law Examiners*, 110 F.4th 71, 85 (2d Cir. 2024); *Guttman v. Khalsa*, 669 F.3d 1101, 1123 (10th Cir. 2012).

(2) Alternatively, even if the Court had subject matter jurisdiction (and it does not), the TAC shall be dismissed without leave to amend for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

a. Kohn's First Cause of Action for violation of Title II of the Americans with Disabilities Act fails to plausibly allege facts sufficient to state any claim under Title II or any available remedy, *see, e.g., A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1206 (9th Cir. 2016); *Payan v. Los Angeles Cmty. Coll. Dist.*, 11 F.4th 729, 738 (9th Cir. 2021); *Wolf v. City of Millbrae*, 2021 WL 3727072, at *3 (N.D. Cal. Aug. 23, 2021); *Bayer v. Neiman Marcus Grp., Inc.,* 861 F.3d 853, 868 (9th Cir. 2017); *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138–39 (9th Cir. 2001); *Giannini v. Real*, 911 F.2d 354, 358 (9th Cir. 1990), and

b. Kohn's Second Cause of Action for violation of the Unruh Civil Rights Act, Act, Cal. Civ. Code §§ 51–52 claim, fails as a matter of law because Kohn (i) did not comply with the California Government Claims Act, *see Harland v. City of W. Hollywood*, 120 Cal. App. 5th 1166, 2026 WL 1552678, at *3 (Cal. App. 2d Dist. June 2, 2026), (ii) the State Bar is not a business establishment for purposes of the Unruh Act, *see Brennon B. v. Superior Court*, 13 Cal. 5th 662, 682 (2022), and (c) Kohn's Unruh Act claims are derivative of his Title II theories, which themselves fail, *see Montoya v. City of San Diego*, 434 F. Supp. 3d 830, 853 (S.D. Cal. 2020).

//

//

Therefore, IT IS ORDERED THAT the State Bar's Motion to Dismiss the Third Amended Complaint is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: _____, 2026

By: _____
PHYLLIS J. HAMILTON
United States District Judge

[Proposed] Order Granting Motion to Dismiss Third Amended Complaint     Case No. 4:20-cv-04827-PJH

# DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On July 24, 2026, following ordinary business practice, I filed via the United States District Court, Northern District of California electronic case filing system, the following:

**[PROPOSED] ORDER GRANTING THE STATE BAR OF CALIFORNIA AND COMMITTEE OF BAR EXAMINERS' MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

See *the CM/ECF service list.*

I also served a copy on the following parties:

Benjamin Kohn
1913 Fordham Way,
Mountain View, CA 94040
Benjamin.s.Kohn@gmail.com

By the following means:

☒　　**(*By Email or Electronic Transmission*)** By emailing the document(s) to the person(s) at the email address(es) listed above, from e-mail address ryan.sullivan@calbar.ca.gov. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Oakland, on July 24, 2026.

*Ryan Sullivan*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
Ryan Sullivan