ANDREW ROZYNSKI (admitted *pro hac vice*)
EISENBERG & BAUM, LLP
24 Union Square East, Penthouse
New York, New York 10003
Telephone: (212) 353-8700
Email: arozynski@eandblaw.com

MATTHEW D. VALENTI (SBN 253978)
VALENTI LAW APC
10174 Austin Drive #1116
Spring Valley, California 91979
Telephone: (619) 540-2189
Email: mattvalenti@valentilawapc.com

Attorneys for Plaintiff Benjamin Kohn

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BENJAMIN KOHN,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA; CALIFORNIA COMMITTEE OF BAR EXAMINERS; and THEIR AGENTS IN THEIR OFFICIAL CAPACITY,<br><br>Defendants. | Case No. 4:20-cv-04827-PJH<br>Hon. Phyllis J. Hamilton<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITS FOR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br>**(Civil L.R. 7-11)**<br><br>Opposition Due: September 22, 2026<br>MTD Hearing: December 17, 2026, 1:30 p.m.<br>Courtroom 3, 3rd Floor |

## PLAINTIFF'S ADMINISTRATIVE MOTION TO EXCEED PAGE LIMITS

Pursuant to Civil Local Rule 7-11, Plaintiff Benjamin Kohn moves for leave to file an opposition to Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 89) of no more than 45 pages of text, ten pages beyond the 35-page limit set by the Court's order of May 22, 2026 (Dkt. 87). Plaintiff does not oppose a corresponding ten-page enlargement of Defendants' reply. Plaintiff sought a stipulation under Civil Local Rule 7-12; Defendants declined and have not said whether they will oppose this motion. Declaration of Andrew Rozynski ("Rozynski Decl.") ¶¶ 5–8 & Ex. A.

### I. RELIEF REQUESTED

Plaintiff requests an order (1) permitting Plaintiff to file an opposition brief not exceeding 45 pages of text; (2) permitting Defendants to file a reply brief ten pages longer than the limit otherwise applicable; and (3) in the alternative, if the Court denies the request in whole or in part, allowing Plaintiff seven days from the date of the order to file an opposition conforming to the limit the Court sets, if the existing deadline would otherwise fall sooner, with Defendants' reply deadline extended by the same number of days. No other deadline, and not the December 17, 2026 hearing date, would change.

### II. BACKGROUND

The dismissal of the First Amended Complaint on sovereign immunity grounds (Dkt. 41, 42) produced published Ninth Circuit opinions, including the en banc decision in *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023) ("*Kohn I*"), and the panel decision that followed it, 119 F.4th 693 (9th Cir. 2024). Certiorari was denied on October 6, 2025. Dkt. 68.

On remand, the parties stipulated to the filing of the Third Amended Complaint, a briefing schedule, and enlarged page limits, and the Court so ordered on May 22, 2026. Dkt. 86, 87. Under that order the memoranda in support of and in opposition to the motion to dismiss are limited to 35 pages, rather than the 25 pages that Civil Local Rule 7-3(a) would otherwise allow. Defendants filed their motion on July 24, 2026, at the 35-page

limit, together with a Request for Judicial Notice (nine exhibits, 43 pages with the request) and a Notice of Constitutional Question under Federal Rule of Civil Procedure 5.1 and Civil Local Rule 3-8. Dkt. 89; Rozynski Decl. ¶ 3. The opposition is due September 22, 2026, the reply October 20, 2026, and the hearing is set for December 17, 2026. Dkt. 87, 89. Mr. Kohn litigated the case pro se through the filing of the motion; local counsel appeared on September 8, 2026 (Dkt. 90), and the undersigned was admitted pro hac vice on September 10, 2026 (Dkt. 94).

## III. REASONS SUPPORTING THE MOTION

### A. The motion places more before the Court than 35 pages can answer.

The motion challenges the Court's power to hear the case and challenges each claim on the merits, and each of those challenges runs through a multi-step analysis. On sovereign immunity alone, the opposition must address whether Defendants are an arm of the State after *Galette v. New Jersey Transit Corp.*, 607 U.S. 509 (2026), and significant intervening changes in California law, both on the merits and under the law of the case doctrine and its exceptions; whether the Third Amended Complaint states Title II violations, on three distinct theories and across four exam administrations, sufficient to support damages; whether the same conduct violates the Fourteenth Amendment on procedural due process, state-created danger, and equal protection theories; and, if not, whether Congress acted within its constitutional authority in prophylactically abrogating immunity for Title II claims, including the scope of the class of conduct implicated by Plaintiff's claims for purposes of applying the *Boerne* test to Title II, which parts of the *Boerne* test apply to particular classes of conduct after *Lane*, and whether Title II's abrogation of immunity is congruent and proportional as applied to the class of conduct at issue. The motion separately attacks the Unruh Act claim on the merits, on immunity grounds, and under the California Government Claims Act. It is accompanied by a Request for Judicial Notice asking the Court to notice nine exhibits, among them pass-rate statistics, California Supreme Court directives, and Plaintiff's government-claim correspondence,

and to treat the dates and figures in them as established at the pleading stage. Each ground must be answered or risk being treated as conceded, and the opposition must also respond to the Notice of Constitutional Question. Defendants chose the breadth of the motion. Plaintiff must meet it. Several of the legal questions the motion raises are important questions of precedent whose resolution will reach well beyond the parties and claims in this case.

**B. Controlling authority issued after the motion was filed.**

Three weeks after Defendants filed their motion, the Ninth Circuit decided *Nilsen v. University of Washington*, No. 24-7460 (9th Cir. Aug. 13, 2026) (published). *Nilsen* addressed the effect of *Galette* on *Kohn I* and "refined and rebalanced" its three-factor arm-of-the-State test, reformulating the criteria that govern the intent and treasury factors to conform to *Galette* and adopting *Galette*'s guidance on the weight each factor carries. Neither side had *Nilsen* when the motion was drafted. Defendants can address it in reply; Plaintiff has only the opposition. Applying a revised and reweighted test to a record that has already generated an en banc opinion on the same question, while also answering Defendants' arguments under the mandate rule, cannot be compressed into the space left after every other ground for dismissal has been answered.

**C. The motion raises grounds Plaintiff could not anticipate when he agreed to 35 pages.**

Plaintiff agreed to the 35-page limit while pro se and on the understanding, based on the parties' discussions, that Defendants' arguments would largely track the positions they took on appeal. Rozynski Decl. ¶ 5 & Ex. A. As Plaintiff reads the motion, it goes further: it disputes the threshold existence of a protected liberty interest rather than only the sufficiency of the process afforded; it advances a due process theory drawn from *Pell v. Nunez*, 99 F.4th 1128 (9th Cir. 2024), that was not part of the appellate briefing; and it raises California Government Claims Act objections to the Unruh Act claim broader than any Defendants previously asserted. A party who stipulated to a page limit before seeing

the motion should not be held to it when the motion turns out to be larger than the stipulation contemplated.

**D. Defendants' stated objection does not identify prejudice.**

Defendants declined to stipulate because they "framed and edited [their] opening memorandum with the 35-page limit in mind" and believe additional reply pages would not cure the resulting unfairness. Rozynski Decl. Ex. A. That objection treats the two briefs as symmetrical. They are not. The moving party selects the grounds and decides how many to raise; the opposing party must answer all of them, along with the Request for Judicial Notice, the Notice of Constitutional Question, and authority decided after the motion was filed. With the reciprocal enlargement Plaintiff has offered, Defendants will have the last word and more room to use it, and the reply deadline and hearing date are unaffected.

**E. The request is measured.**

Plaintiff's draft opposition has been edited to reduce its length and currently stands at approximately 47 pages of text; the relief requested assumes continued work to streamline it. Rozynski Decl. ¶ 9. Plaintiff asks for ten pages, not an open-ended enlargement, and requests a short period to conform the brief if the Court declines.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court grant leave to file an opposition not exceeding 45 pages of text, permit Defendants a corresponding enlargement of their reply, and, in the alternative, allow seven days from the Court's order to file a conforming opposition if the existing deadline would otherwise fall sooner.

Dated: September 11, 2026

Respectfully submitted,
/s/ Andrew Rozynski
EISENBERG & BAUM, LLP
Andrew Rozynski (admitted *pro hac vice*);
Attorneys for Plaintiff Benjamin Kohn